IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
JAIME RAMIREZ                              )
417 E. Rosedale Street                     )
Presidio, TX 79845                         )
                                           )
        Plaintiff,                         )
                                           )
            v.                             )
                                           )
U.S. CUSTOMS AND BORDER PROTECTION         )   Case No._____
1300 Pennsylvania Ave. NW                  )
Washington, D.C. 20229                     )   COMPLAINT FOR
                                           )   DECLARATORY AND
W. RALPH BASHAM, COMMISSIONER              )   INJUNCTIVE RELIEF
U.S. CUSTOMS AND BORDER PROTECTION         )
1300 Pennsylvania Ave. NW                  )
Washington, D.C. 20229                     )
                                           )
LUIS GARCIA, DIRECTOR, FIELD OPERATIONS,   )
U.S. CUSTOMS AND BORDER PROTECTION         )
9400 Viscount Boulevard, Suite 104         )
El Paso, TX 79925-7040                     )
                                           )
        Defendants.                        )
                                           )
```

## INTRODUCTION

Jaime Ramirez, a Customs and Border Protection Officer working at the Presidio, Texas port of entry for U.S. Customs and Border Protection (CBP), brings this action to challenge CBP's interference with his constitutional right to participate fully in the political processes of the Nation. Since 2004, Ramirez has held an unpaid, elected position on the nonpartisan Presidio City Council. Before running in 2004, Ramirez obtained CBP's formal authorization to serve on the City Council. In a December 22, 2006 memorandum, CBP reversed its position and

ordered Ramirez to resign his Council seat. A subsequent memorandum, dated January 5, 2007, directs Ramirez to advise CBP by January 21, 2007, that he has resigned his City Council seat, or else CBP will initiate disciplinary proceedings against him. These orders impermissibly infringe on Ramirez's First Amendment rights.

Ramirez seeks a declaration that the CBP orders of December 22, 2006, and January 5, 2007, are unlawful and unconstitutional; he further seeks an order directing CBP to rescind those orders.

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702.

## VENUE

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Jaime Ramirez is a CBP Officer assigned to the Presidio, Texas port of entry. He was elected to the Presidio City Council in 2004 and was seated for a second term in 2006.

4. United States Customs and Border Protection is an agency within the Department of Homeland Security and is Ramirez's employer. CBP manages, controls, and protects the international borders at and between official ports of entry.

CBP executes the inspectional and border control functions of three formerly separate agencies: the United States Customs Service, the Immigration and Naturalization Service (including the Border Patrol), and the Animal and Plant Protection Service (APHIS—formerly a component of the U.S. Department of Agriculture).

5. W. Ralph Basham is the Commissioner of CBP. He is sued in his official capacity.

6. Luis Garcia is the CBP Director of Field Operations (DFO) in El Paso, Texas. He signed the December 22, 2006 letter ordering Ramirez to resign his City Council seat and the January 5, 2007 memorandum advising him that he has until January 21, 2007, to do so. DFO Garcia is sued in his official capacity.

### STATEMENT OF CLAIMS

7. Ramirez is employed by CBP as a CBP Officer at grade 11 in Presidio, Texas. His responsibilities include the inspection of vehicles and persons seeking to enter the country at the port of entry in Presidio, to interdict terrorists, illegal immigrants, and others suspected of criminal offenses, and to intercept drugs and other illegally imported goods.

8. In 2004, Ramirez sought authorization from CBP to run in an election for a seat on the Presidio City Council. CBP granted him authorization to run. Ramirez than ran for and was elected to a position on the City Council.

9.  In May 2005, DFO Garcia visited the Presidio port of entry and personally commended Ramirez verbally for his willingness to serve the community in a voluntary capacity on the City Council. He also encouraged other CBP employees to run for nonpartisan office. Ramirez received no complaint or other expression of concern from CBP regarding his service on the Council prior to the orders at issue here.

10. Ramirez ran for reelection to the City Council in 2006. No candidate for City Council was opposed in 2006, so the City Council exercised its authority to spare the city the expense of holding an election. The unopposed candidates were installed for two-year terms on the City Council without an election.

11. The election for City Council is nonpartisan. City Council members are unpaid.

12. Federal employees have a right to hold nonpartisan elected offices under the federal Hatch Act and its implementing regulations. See 5 U.S.C. § 7321; 5 C.F.R. §§ 734.207(b).

13. The five City Council members and the Mayor comprise the municipal government of the City of Presidio, which has a population of 5000-6000 people. The City Council meets on the second Thursday of every month and when special meetings are called. The meetings typically occur in the evenings. Ramirez

participates in the work of the Council during his nonwork-time only.

14. The City Council has the authority to enact local ordinances, regulations, and resolutions; it also hires the City Administrator. Its jurisdiction includes such matters as zoning issues, street repair, sanitation, and emergency services.

15. Issues relating to the federal government rarely come before the City Council. Since Ramirez began serving on the City Council in 2004, only one issue related to CBP has arisen (see, infra, ¶ 19), and Ramirez recused himself from considering that issue. Ramirez has agreed to recuse himself from consideration of any issues that may arise in the future involving CBP and any other issues for which his position as a CBP Officer causes there to be an actual conflict of interest or an impermissible appearance of a conflict of interest.

16. Other individuals have previously served on the City Council while also working as CBP employees (including CBP Officers) assigned to the Presidio port of entry. At least one individual has served as the mayor of the city while also working as a CBP employee assigned to the Presidio port of entry.

17. Pursuant to a December 1, 2006 directive, all CBP decisions regarding approval for CBP employees to hold public office are now made at the headquarters level, in Washington,

DC. That directive, sent to all of CBP's Directors of Field Operations (including DFO Garcia), states that "DFOs no longer have the authority to approve requests for outside employment that involve public office."

18. Following issuance of that directive, Ramirez received a memorandum from DFO Garcia, dated December 22, 2006, directing him to resign his position as a member of the Presidio City Council. The memorandum (attached) acknowledges that the City Council is nonpartisan and applauds Ramirez's "desire to serve [his] community . . . ." Nonetheless, it orders Ramirez to resign his position, citing an alleged appearance of a conflict of interest.

19. In support of its contention that there is an appearance of a conflict of interest, the memorandum states that CBP has entered into negotiations with the Drug Enforcement Agency (DEA) concerning the disposition of seized property in Presidio. The City and County of Presidio, the memorandum states, are negotiating with CBP and DEA to acquire the same property, with the objective of working out leasing arrangements for the property with CBP. The memorandum notes that Ramirez recused himself from a Council vote regarding the seized property. It nonetheless states that "the appearance of a conflict exists and will continue to exist for the foreseeable future regarding this issue in particular."

6

20.  The memorandum also cited, in support, "the ongoing relationship between CBP and the city and county over normal business issues, i.e. housing, zoning, municipal services, port operations, etc.," which, it declared, presents "the appearance of a conflict which could compromise not only your effectiveness as a CBP Officer but also as a member of the city council."

21.  Ramirez verbally requested permission from CBP to have until February 8, 2007, to decide how to respond to the December 22, 2006 memorandum.  In a memorandum dated January 5, 2007, which Ramirez received on January 8, 2007, DFO Garcia ordered Ramirez to advise him by January 21, 2007, that he had either resigned his seat on the City Council or had resigned from his position as a CBP Officer.  The memorandum advises Ramirez that "failure to do so will result in further action by this agency, up to and including removal from your position."

22.  Ramirez has a First Amendment right to participate in the political processes of the Nation, including holding non-partisan elected office.

23.  CBP has identified no actual conflicts of interest or situations that would create an impermissible appearance of a conflict of interest under 5 C.F.R. §§ 2635.801 and 2635.802.  It has identified no circumstances that would require the disqualification of Ramirez from matters so central or critical to the performance of his official duties as a CBP Officer that his

7

ability to perform the duties of that position would be materially impaired.

24.  If Ramirez does not obtain injunctive relief, he has no choice but to resign his unpaid City Council seat to preserve his salaried position as a CBP Officer.

## CAUSE OF ACTION

25.  Plaintiff reasserts and realleges the allegations contained in paragraphs 1 through 24 of this complaint as though contained herein.

26.  CBP'S orders that Ramirez resign his position on the City Council interfere with his First Amendment right to engage in political speech and to speak publicly on these and other matters of public concern, and with his First Amendment freedom of association.

27.  Ramirez's interest in engaging in this protected First Amendment activity outweighs any government interest in efficiency of operations that might flow from prohibiting this activity.  Accordingly, the orders are arbitrary, capricious, an abuse of discretion, not in accordance with law, and contrary to a constitutional right, power, privilege or immunity.  5 U.S.C. § 706(2)(A)-(B).

## REQUEST FOR RELIEF

WHEREFORE, based on the foregoing, plaintiff Ramirez requests judgment against the defendants:

A.  Declaring CBP's December 22, 2006 and January 5, 2007 orders that Ramirez resign his position on the City Council to be unconstitutional;

B.  Issuing a permanent injunction ordering CBP to rescind its December 22, 2006 and January 5, 2007 orders that Ramirez resign his position on the City Council;

C.  Awarding attorney fees and costs; and

D.  Ordering such further relief as the Court may deem just and appropriate.

Respectfully submitted,

GREGORY O'DUDEN  (RHS)
General Counsel
D.C. Bar No. 254862

ELAINE KAPLAN
Senior Deputy General Counsel
D.C. Bar No. 292441

BARBARA A. ATKIN
Deputy General Counsel
D.C. Bar No. 225797

ROBERT H. SHRIVER, III
Assistant Counsel
D.C. Bar No. 456858

NATIONAL TREASURY EMPLOYEES UNION
1750 H Street, NW
Washington, DC 20006
(202) 572-5500

Date: 1/12/07

Attorneys for Plaintiff

2006/DEC/29/FRI 10:55    PRESIDO POE    FAX No. 432 229 4595    P. 001

9400 Viscount Blvd., Suite 104
El Paso, TX 79925-7040



U.S. Customs and
Border Protection

December 22, 2006

EPFO-PER-2

MEMORANDUM FOR:     CBPO JAIME RAMIREZ, PRESIDIO, TEXAS

FROM:               LUIS GARCIA
                    DIRECTOR, FIELD OPERATIONS

SUBJECT:            OUTSIDE EMPLOYMENT

In May 2004 you requested approval to run in a non-partisan election for a position as a member of the City Council of Presidio, Texas. That request was approved at that time for that term of office. You were subsequently elected and have served out that term. In May 2006 you ran for re-election to the Presidio City Council and, as a result, have been re-elected to another two-year term. Though you believed that the original 2004 approval would extend to your re-election, your belief was in error.

In addition to the requirement to request outside employment, any employee participating in political activities, including those that are, on their face, nonpartisan, must avoid creating a conflict of interest or the appearance of a conflict of interest. In evaluating whether a conflict of interest or the appearance thereof exists, one must look at all relevant circumstances and information available and view those facts and circumstances from the stance of a reasonable person with knowledge of the relevant facts.

Since your first election, CBP has entered into negotiations with the Drug Enforcement Agency (DEA) concerning the disposition of seized property in Presidio. Concurrently, the city of Presidio and Presidio County are negotiating with both CBP and DEA to acquire the same property and subsequently negotiate with CBP on leasing arrangements involving the Port of Presidio. Though you have recused yourself from one vote on the Council regarding the seized property, the appearance of a conflict exists and will continue for the foreseeable future regarding this issue in particular.

In addition, the ongoing relationship between CBP and the city and county over normal business issues, i.e. housing, zoning, municipal services, port operations, etc., present the appearance of a conflict which could compromise not only your effectiveness as a CBP Officer but also as a member of the city council.

DEC-22-2006 FRI 02:56 PM    FAX NO.    ++++++++++++++++++++++    P. 02/03

Consequently, based upon a review of the circumstances and applicable law, I cannot approve your continuing to serve as a member of the Presidio City Council. Though your desire to serve your community is to be applauded, I cannot allow our effectiveness as an agency to be abridged. Therefore I am requiring you to resign from your position as a member of the Presidio City Council.

LUIS GARCIA
DIRECTOR, FIELD OPERATIONS

Cc: John Prewit, Port Director, Presidio
Patricia Duffy, Executive Director, Res. Mgt, CBP-OFO

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Jaime Ramirez

## DEFENDANTS
U.S. Customs and Border Protection (CBP)
W. Ralph Basham, CBP Commissioner
Luis Garcia, CBP Director of Field Operations

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

National Treasury Employees Union
1750 H Street, NW
Washington, DC 20006
(202) 572-5500

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

● **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

|   G. *Habeas Corpus/ 2255*  |   H. *Employment Discrimination*  |   I. *FOIA/PRIVACY ACT*  |   J. *Student Loan*  |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|   K. *Labor/ERISA (non-employment)*  |   L. *Other Civil Rights (non-employment)*  |   M. *Contract*  |   N. *Three-Judge Court*  |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 U.S.C. § 702. Orders directing Ramirez to resign his City Council seat violated his constitutional rights.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 1/12/07   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.