# EXHIBIT B

## LETTER FROM OSC ANNOUNCING PRELIMINARY DETERMINATION (DATED FEB. 22, 2007)



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505

# FACSIMILE COVER SHEET

**TO:**

| Name: Robert Shriver | |
|---|---|
| Organization: NTEU | |
| Office / Location: 1750 H St., NW | |
| Telephone: (202) 572-5553 | Fax: (202) 572-5645 |

**FROM:**

| Name: Martha Sheth | |
|---|---|
| Organization: U.S. Office of Special Counsel | |
| Office / Location: Washington | |
| Telephone: (202) 254-3713 | Fax: (202) 653-0015 |

| Date: February 22, 2007 | Number of pages, including this cover sheet: 3 |
|---|---|

Message: Mr. Shriver:

Please find attached our preliminary determination letter. A hard copy will follow by mail.

M. Sheth

If you did not receive the total number of pages shown, please call (202) 254-3600.

THIS DOCUMENT IS INTENDED FOR THE USE OF THE PARTY TO WHOM IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW. If you are not the addressee, or a person authorized to deliver the document to the addressee, you are hereby notified that any review, disclosure, dissemination, copying or other action based on the content of this communication is not authorized. If you have received this document in error, please immediately notify us by telephone and return to us at the above address by mail.



U.S. OFFICE OF SPECIAL COUNSEL
1730 M Street, N.W., Suite 201
Washington, D.C. 20036-4505
(202) 254-3600

February 22, 2007

Robert Shriver
NTEU
1750 H Street, NW
Washington, D.C. 20006

### Re: OSC File No. MA-07-1137 (Ramirez)

Dear Mr. Shriver:

    This letter is in response to the complaint that you filed with the U.S. Office of Special Counsel (OSC) on behalf of your client Jaime Ramirez. In your complaint you allege that the Department of Homeland Security, Customs and Border Protection (CBP) violated 5 U.S.C. § 2302(b)(12) when that agency ordered Mr. Ramirez to resign his seat on the Presidio, TX City Council. The Complaints Examining Unit has carefully reviewed the information that you have provided. Based on our evaluation of the facts and law applicable to your circumstance, we have made a preliminary determination to close our inquiry into your allegation.

    The OSC is authorized to investigate allegations of activities prohibited by civil service law, rule, or regulation, and prohibited personnel practices. 5 U.S.C. §§ 1214(a)(1)(A), 1216(a) and 2302(b). We have considered your complaint as a possible violation of 5 U.S.C. § 2302(b)(12). Pursuant to this statute, it is prohibited for an official with personnel action authority to take or fail to take any personnel action if taking or failing to take such action violates any law, rule, or regulation that implements, or directly concerns, the merit system principles defined in 5 U.S.C. § 2301. According to the Merit Systems Protection Board, the elements of proof for a section 2302(b)(12) violation are: (1) proof of a personnel action as defined in section 2302(a)(2)(A); and (2) proof of a violation of law, rule, or regulation implementing, or directly concerning, one of the merit system principles set out in section 2301.

    Based on the information included with your complaint, it does not appear that CBP has taken a personnel action against you. Section 2302(b)(12) requires *taking* a personnel action, in violation of a law, rule, or regulation implementing or directly concerning one of the merit system principles; threatened personnel actions are not sufficient to meet the statutory requirements of 5 U.S.C. § 2302(b)(12). Absent a showing that the agency took a covered personnel action, we are unable to find that a violation of 5 U.S.C. § 2302(b)(12) occurred.

    Further, the Presidio, TX City Council is a local government entity. As indicated above, section 2302(b)(12) only applies to personnel actions that might be taken or not taken on positions in the *federal service*. Thus, OSC would have no jurisdiction to

U.S. Office of Special Counsel
Ramirez, Jaime
MA-07-1137
Page 2

investigate any decision by you to vacate your seat on the City Council as a possible violation of section 2302(b)(12) or other prohibited activity. However, should you refuse to obey the order to vacate and a personnel action is taken or not taken against you that you believe is the result of that refusal, you may wish to file another complaint with this Office and a determination will be made on whether further inquiry is warranted.

You also requested that this Office seek a stay of the agency's action from the Merit Systems Protection Board. We do not petition the Merit Systems Protection Board for a stay of every action alleged to be a prohibited personnel practice. A stay is a remedy that can be considered only after we have determined that there are reasonable grounds to believe that a prohibited personnel practice has been or is about to be committed. 5 U.S.C. § 1208. We have reviewed the information that you have submitted but we are unable to find reasonable grounds to believe that the agency has taken any action as a result of a prohibited personnel practice. Thus, we have decided not to petition the Board for a stay at this time.

As indicated above, we have made a preliminary determination to close our inquiry into your complaint based on the reasons we cited for the allegations you have made. However, before we close the file, we will give you an opportunity to submit any comments you may wish to make concerning our determination. Your response must be *in writing* and should address each of the reasons we cited in reaching our preliminary determination to close your complaint. You have *thirteen days* from the date of this letter to submit your written response. If we do not receive any written comments by the end of the thirteen-day period, we anticipate closing the file. We will then send you a letter terminating the investigation and advising you of any additional rights you may have.

Sincerely,

Martha V. Sheth
Attorney
Complaints Examining Unit