# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAIME RAMIREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07-65 (GK) |
| | ) | |
| UNITED STATES CUSTOMS | ) | |
| AND BORDER PROTECTION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER

Defendants, United States Customs and Border Protection ("CBP"), et al., answer plaintiff's complaint as follows:

### FIRST DEFENSE

This Court lacks subject matter jurisdiction over plaintiff's claims.

### SECOND DEFENSE

The Complaint fails to state a claim for which relief could be granted.

### THIRD DEFENSE

Defendants respond to the paragraphs of plaintiff's Complaint as follows:

The first two, unnumbered paragraphs of the Complaint contain plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed necessary, deny.

1.      This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed necessary, deny.

2.      This paragraph contains conclusions of law to which no response is required. To

the extent a response is deemed necessary, admit.

3.    Admit.

4.    Deny the first sentence, except to admit that CBP is a component of the U.S. Department of Homeland Security and is Ramirez's employer.  Admit the second sentence.

5.    Admit.

6.    Admit the first sentence.  Deny the second sentence, and aver that while DFO Garcia signed a January 5, 2007 letter to plaintiff, the December 22, 2006 letter was signed by permission in DFO Garcia's name by a subordinate official.  Admit the third sentence.

7.    Admit.

8.    Admit.

9.    Admit the first sentence.  As to the second sentence, upon information and belief, deny except to admit that DFO Garcia encouraged CBP employees to participate in community service.  Deny the third sentence, and aver that plaintiff's only request for authorization to serve on the Presidio City Council, *i.e.*, his request to serve for a two-year term beginning in 2004, was initially denied based on a finding that such service would violate the Standards of Ethical Conduct for Government Employees, 5 C.F.R. Part 2635.

10.    Admit the first sentence.  Deny knowledge or information sufficient to admit or deny the allegations of the balance of this paragraph.

11.    The first sentence of this paragraph contains a conclusion of law to which no response is required.  Admit the second sentence.

12.    This paragraph contains conclusions of law to which no response is required.  To the extent a response is deemed necessary, deny.

13.    Upon information and belief, deny the allegations of the first sentence of this paragraph, except to admit that the five Presidio City Council members and the Mayor of Presidio comprise the elected members of the Presidio municipal government and to aver that, according to data available at www.census.gov, the U.S. Census Bureau estimates that the 2005 population of the City of Presidio was 4,775.  Deny knowledge or information sufficient to admit or deny the balance of this paragraph.

14.    Admit, upon information and belief.

15.    Deny.

16.    Deny.

17.    Deny the first sentence.  As to the second sentence, deny except to admit that an email to CBP Directors of Field Operations included the quoted language, and respectfully refer the Court to the entire email for a full and accurate statement of its contents.

18.    Deny, except to admit that the cited memorandum is accurately quoted and to respectfully refer the Court to the memorandum itself, filed with plaintiff's Complaint, for a full and accurate statement of its contents.

19.    Admit the existence of the memorandum characterized by this paragraph, to which the Court is referred for a full and accurate statement of its contents.

20.    Admit that the cited memorandum is accurately quoted and respectfully refer the Court to the memorandum itself for a full and accurate statement of its contents.

21.    Admit the first sentence.  As to the second sentence, admit the existence of the cited memorandum, which was filed as Attachment #4 to Docket Entry #4 in this action, and to which the Court is respectfully referred for a full and accurate statement of its contents.

22.     This paragraph contains conclusions of law to which no response is required.  To the extent a response is deemed necessary, deny.

23.     This paragraph contains conclusions of law to which no response is required.  To the extent a response is deemed necessary, deny.

24.     This paragraph contains conclusions of law to which no response is required.  To the extent a response is deemed necessary, deny.

25.     Defendants incorporate paragraphs 1-24, <u>supra</u>, as if fully set forth herein.

26.     This paragraph contains conclusions of law to which no response is required.  To the extent a response is deemed necessary, deny.

27.     This paragraph contains conclusions of law to which no response is required.  To the extent a response is deemed necessary, deny.

The remainder of plaintiff's Complaint constitutes plaintiff's request for relief, to which no response is required; to the extent a response is required, denied.  Defendants specifically deny all allegations in plaintiff's Complaint not otherwise answered or qualified herein.  In addition, defendants deny that plaintiff is entitled to the relief requested in the request for relief, or to any relief whatsoever.

WHEREFORE, defendants respectfully request that the Court enter judgment in their

favor, dismiss plaintiff's Complaint with prejudice, and award defendants their costs, expenses,

and such additional relief as the Court may deem appropriate.

Dated: April 12, 2007                                    Respectfully submitted,

                                                        PETER D. KEISLER
                                                        Assistant Attorney General

                                                        JEFFREY A. TAYLOR
                                                        United States Attorney

                                                        SUSAN K. RUDY D.C. Bar # 369112
                                                        Assistant Branch Director

                                                        _____/s/ Steven Y. Bressler_____
                                                        STEVEN Y. BRESSLER D.C. Bar #482492
                                                        Trial Attorney, U.S. Department of Justice
JOHN P. HELM                                            Civil Division, Federal Programs Branch
Associate Chief Counsel                                 Post Office Box 883
LINDSAY B. KAY                                          Washington, DC  20044
Attorney                                                Tel. No.:  (202) 514-4781
Office of the Chief Counsel                             Fax No.: (202) 318-7609
U.S. Customs and Border Protection                     Email:  Steven.Bressler@USDOJ.gov

*Of Counsel*                                            *Counsel for Defendants*