IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAIME RAMIREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-65 (GK) |
| | ) | |
| U.S. CUSTOMS AND BORDER PROTECTION, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

JOINT REPORT SUBMITTED PURSUANT TO LCvR 16.3(D)

The parties, through their counsel, hereby submit this report jointly as contemplated by LCvR 16.3(d). Defendants join in this report even though their position is that this case is exempt from the meet and confer and reporting requirements of LCvR 16.3, because, they assert, this is solely an action for review on an administrative record under the Administrative Procedure Act (APA), 5 U.S.C. § 702. See LCvR 16.3(b)(1). The defendants' agreement to file this report jointly should not be construed as a waiver of their argument that no such report is required in this case.

Ramirez's position is that this case is subject to the requirements of LCvR 16.3. He asserts that his complaint is fairly read as alleging a cause of action under both the First Amendment and the APA. See Compl. at ¶¶ 26-27. Regardless of the scope of discovery available under the APA, Ramirez asserts that he is entitled to the full range of discovery in connection with his First Amendment claim. In any event, to the extent the Court is uncertain whether both causes of action are sufficiently alleged in Ramirez's complaint, Ramirez asserts that he would seek leave to amend the complaint. Ramirez asserts that the amendment would be in the nature of a technical clarification, and that the government would not be prejudiced by the amendment.

A.     Notwithstanding their disagreement about whether the requirements of LCvR 16.3 apply to this case, counsel for the parties have specifically discussed the topics outlined in that Local Rule as they pertain to this case. Defendants intend to file a dispositive motion (likely a motion for judgment on the pleadings and, in the alternative, for summary judgment) by June 22, 2007. Defendants also intend to file the administrative record with the Court no later than the date they file their dispositive motion.

As mentioned, the defendants' position is that discovery is inappropriate in this case. Defendants also believe discovery will be unnecessary in any event. To the extent plaintiff seeks and the Court permits discovery, defendants propose that discovery should not begin until defendants have filed their dispositive motion and the administrative record, and the Court has ruled on the motion.

Ramirez's position is that he is entitled to engage in discovery in this case. He consents to staying discovery only on the condition that he have the option of conducting discovery prior to responding to the government's dispositive motion. Ramirez proposes to consult with counsel for defendants and report to the Court within 30 days after the date defendants file their dispositive motion and the administrative record (whichever is later) concerning whether plaintiff will seek discovery and an appropriate schedule for plaintiff's opposition and anticipated cross-motion.

B.     The parties' positions on the specific items identified in LCvR 16.3(c) are as follows:

1.     The case is likely to be disposed of through the filing of dispositive motions. The parties' positions regarding discovery are discussed above.

2.     Any other parties shall be joined, and any pleadings amended, only upon obtaining leave of the Court. The parties propose that they will identify the date on which any discovery will

close, as necessary, following the defendants' filing of their dispositive motion. The parties anticipate that they will be able to narrow the factual and legal issues by proceeding in this fashion.

3. The case should not be assigned to a magistrate judge for any purpose.

4. While the parties do not wish to rule out the potential for settlement, they do not foresee it as a realistic possibility at this time.

5. At this time, the parties do not believe the case would benefit from the Court's alternative dispute resolution procedures.

6. The case will likely be resolved by a motion to dismiss and/or cross-motions for summary judgment. Defendants propose a deadline of June 22, 2007, for them to file a dispositive motion. Plaintiff consents to this deadline. The parties propose deferring setting deadlines for subsequent briefs until 30 days after the government files its dispositive motion and administrative record, whichever is later.

7. The parties agree to dispense with the initial disclosures required by F.R. Civ. P. 26(a)(1).

8. The parties' positions regarding discovery are as described above.

9. The parties do not anticipate presentation of any expert witness testimony.

10. This case is not a class action.

11. The parties do not anticipate that a trial will be necessary. If a trial is necessary, the parties do not believe it should be bifurcated or handled in phases.

12. The parties propose that the Court defer setting a date for a pretrial conference until the dispositive motions are resolved.

13. The parties propose that the Court defer setting a firm trial date until the dispositive motions are resolved.

14. The parties are not aware of any other matters appropriate for inclusion in a scheduling order.

          Respectfully submitted,

          /s/ Gregory O'Duden
          GREGORY O'DUDEN
          General Counsel
          D.C. Bar No. 254862

          /s/ Elaine Kaplan
          ELAINE KAPLAN
          Senior Deputy General Counsel
          D.C. Bar No. 292441

          /s/ Barbara A. Atkin
          BARBARA A. ATKIN
          Deputy General Counsel
          D.C. Bar No. 225797

          /s/ Robert H. Shriver, III
          ROBERT H. SHRIVER, III
          Assistant Counsel
          D.C. Bar No. 456858

          NATIONAL TREASURY EMPLOYEES UNION
          1750 H Street, NW
          Washington, DC 20006
          (202) 572-5500

          Attorneys for Plaintiff


          PETER D. KEISLER
          Assistant Attorney General

          JEFFREY A. TAYLOR
          United States Attorney

          SUSAN K. RUDY D.C. Bar # 369112
          Assistant Branch Director

          /s/ Steven Y. Bressler
          STEVEN Y. BRESSLER D.C. Bar #482492
          Trial Attorney, U.S. Department of Justice

Civil Division, Federal Programs Branch
Post Office Box 883
Washington, DC  20044
Tel. No.:  (202) 514-4781
Fax No.: (202) 318-7609
Email:  Steven.Bressler@USDOJ.gov

Counsel for Defendants

5