```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF COLUMBIA
```

| | |
|---|---|
| JAIME RAMIREZ, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   No. 07-cv-65 (GK) |
| | ) |
| U.S. CUSTOMS AND BORDER PROTECTION, | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO AMEND**
**COMPLAINT AND TO SET ANSWER DEADLINE**

Plaintiff Jaime Ramirez initiated this action by filing a complaint on January 12, 2007. He challenges the legality of an order from his employer, U.S. Customs and Border Protection (CBP), that he resign his seat on the non-partisan volunteer City Council of Presidio, Texas.

On February 14, 2007, Ramirez filed a motion for a preliminary injunction to block the CBP order. This Court granted his motion in a decision dated March 12, 2007. The defendants filed their answer in the case on April 12, 2007. They intend to file a dispositive motion and the administrative record with the Court by June 22, 2007.

Ramirez now seeks leave of the Court to submit the attached Amended Complaint. Ramirez has not previously sought to amend his complaint. The attached Amended Complaint makes two clarifications to the original complaint. First, it clarifies

the allegation in paragraph 16 regarding other Port of Presidio federal employees who have served in the Presidio City government.  The Amended Complaint thus states that employees of CBP <u>and/or its predecessor agencies</u> have previously occupied positions in the city government.

Second, the Amended Complaint clarifies that Ramirez is bringing a claim both directly under the First Amendment and pursuant to the Administrative Procedure Act, 5 U.S.C. § 704.  These claims were combined in a single cause of action in the original complaint.  In the Amended Complaint, they appear as two separate causes of action.

These amendments are technical in nature, will not prejudice the defendants, and should not necessitate any extension of the defendants' June 22 deadline for filing a dispositive motion.  Indeed, to the extent there was previously any question about whether Ramirez's complaint encompasses two causes of action, that question was answered in the meet and confer statement submitted jointly by the parties under local rule 16.3(d) on April 16, 2007.

Plaintiff's counsel has consulted with defendants' counsel, who consents to the relief requested in this motion.  Because defendants' current dispositive motion deadline was previously set by the Court's Order, as part of a briefing schedule, counsel for the parties have also agreed to request an

2

adjustment to the deadline for the defendants' response to the Amended Complaint.  Accordingly, plaintiff also moves that defendants' response to the Amended Complaint be due on June 22, 2007, or 10 days after the Amended Complaint is filed with leave of Court, whichever is later.

                              Respectfully submitted,

/s/ Gregory O'Duden
GREGORY O'DUDEN
General Counsel
D.C. Bar No. 254862

/s/ Elaine Kaplan
ELAINE KAPLAN
Senior Deputy General Counsel
D.C. Bar No. 292441

/s/ Barbara A. Atkin
BARBARA A. ATKIN
Deputy General Counsel
D.C. Bar No. 225797

/s/ Robert H. Shriver, III
ROBERT H. SHRIVER, III
Assistant Counsel
D.C. Bar No. 456858

NATIONAL TREASURY EMPLOYEES UNION
1750 H Street, NW
Washington, DC 20006
(202) 572-5500

May 23, 2007                <u>Attorneys for Plaintiff</u>

```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

────────────────────────────────────
JAIME RAMIREZ                              )
417 E. Rosedale Street                     )
Presidio, TX 79845                         )
                                           )
     Plaintiff,                            )
                                           )
          v.                               )
                                           )
U.S. CUSTOMS AND BORDER PROTECTION         )     No. 07-cv-65 (GK)
1300 Pennsylvania Ave. NW                  )
Washington, D.C. 20229                     )     AMENDED COMPLAINT
                                           )     FOR DECLARATORY AND
W. RALPH BASHAM, COMMISSIONER              )     INJUNCTIVE RELIEF
U.S. CUSTOMS AND BORDER PROTECTION         )
1300 Pennsylvania Ave. NW                  )
Washington, D.C. 20229                     )
                                           )
LUIS GARCIA, DIRECTOR, FIELD OPERATIONS,   )
U.S. CUSTOMS AND BORDER PROTECTION         )
9400 Viscount Boulevard, Suite 104         )
El Paso, TX 79925-7040                     )
                                           )
     Defendants.                           )
                                           )
────────────────────────────────────
```

## INTRODUCTION

Jaime Ramirez, a Customs and Border Protection Officer working at the Presidio, Texas port of entry for U.S. Customs and Border Protection (CBP), brings this action to challenge CBP's interference with his constitutional right to participate fully in the political processes of the Nation.  Since 2004, Ramirez has held an unpaid, elected position on the nonpartisan Presidio City Council.  Before running in 2004, Ramirez obtained CBP's formal authorization to serve on the City Council.  In a December 22, 2006 memorandum, CBP reversed its position and

ordered Ramirez to resign his Council seat.  A subsequent memorandum, dated January 5, 2007, directs Ramirez to advise CBP by January 21, 2007, that he has resigned his City Council seat, or else CBP will initiate disciplinary proceedings against him. These orders impermissibly infringe on Ramirez's First Amendment rights.

    Ramirez seeks a declaration that the CBP orders of December 22, 2006, and January 5, 2007, are unlawful and unconstitutional; he further seeks an order directing CBP to rescind those orders.

### JURISDICTION

**1.**   This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702.

### VENUE

**2.**   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e).

### PARTIES

**3.**   Jaime Ramirez is a CBP Officer assigned to the Presidio, Texas port of entry.  He was elected to the Presidio City Council in 2004 and was seated for a second term in 2006.

**4.**   United States Customs and Border Protection is an agency within the Department of Homeland Security and is Ramirez's employer.  CBP manages, controls, and protects the international borders at and between official ports of entry.

CBP executes the inspectional and border control functions of three formerly separate agencies: the United States Customs Service, the Immigration and Naturalization Service (including the Border Patrol), and the Animal and Plant Protection Service (APHIS—formerly a component of the U.S. Department of Agriculture).

5.   W. Ralph Basham is the Commissioner of CBP. He is sued in his official capacity.

6.   Luis Garcia is the CBP Director of Field Operations (DFO) in El Paso, Texas. He signed the December 22, 2006 letter ordering Ramirez to resign his City Council seat and the January 5, 2007 memorandum advising him that he has until January 21, 2007, to do so. DFO Garcia is sued in his official capacity.

**STATEMENT OF CLAIMS**

7.   Ramirez is employed by CBP as a CBP Officer at grade 11 in Presidio, Texas. His responsibilities include the inspection of vehicles and persons seeking to enter the country at the port of entry in Presidio, to interdict terrorists, illegal immigrants, and others suspected of criminal offenses, and to intercept drugs and other illegally imported goods.

8.   In 2004, Ramirez sought authorization from CBP to run in an election for a seat on the Presidio City Council. CBP granted him authorization to run. Ramirez than ran for and was elected to a position on the City Council.

9. In May 2005, DFO Garcia visited the Presidio port of entry and personally commended Ramirez verbally for his willingness to serve the community in a voluntary capacity on the City Council. He also encouraged other CBP employees to run for nonpartisan office. Ramirez received no complaint or other expression of concern from CBP regarding his service on the Council prior to the orders at issue here.

10. Ramirez ran for reelection to the City Council in 2006. No candidate for City Council was opposed in 2006, so the City Council exercised its authority to spare the city the expense of holding an election. The unopposed candidates were installed for two-year terms on the City Council without an election.

11. The election for City Council is nonpartisan. City Council members are unpaid.

12. Federal employees have a right to hold nonpartisan elected offices under the federal Hatch Act and its implementing regulations. See 5 U.S.C. § 7321; 5 C.F.R. §§ 734.207(b).

13. The five City Council members and the Mayor comprise the municipal government of the City of Presidio, which has a population of 5000-6000 people. The City Council meets on the second Thursday of every month and when special meetings are called. The meetings typically occur in the evenings. Ramirez

participates in the work of the Council during his nonwork-time only.

14.   The City Council has the authority to enact local ordinances, regulations, and resolutions; it also hires the City Administrator.  Its jurisdiction includes such matters as zoning issues, street repair, sanitation, and emergency services.

15.   Issues relating to the federal government rarely come before the City Council.  Since Ramirez began serving on the City Council in 2004, only one issue related to CBP has arisen (see, infra, ¶ 19), and Ramirez recused himself from considering that issue.  Ramirez has agreed to recuse himself from consideration of any issues that may arise in the future involving CBP and any other issues for which his position as a CBP Officer causes there to be an actual conflict of interest or an impermissible appearance of a conflict of interest.

16.   Other individuals assigned to the Presidio port of entry have previously served on the City Council while also working as employees (including as Officers) of CBP and/or its predecessor agencies (see, supra, at ¶ 4).  At least one individual has served as the mayor of the city while also working as an employee of CBP and/or one of its predecessor agencies at the Presidio port of entry.

17.   Pursuant to a December 1, 2006 directive, all CBP decisions regarding approval for CBP employees to hold public

office are now made at the headquarters level, in Washington, DC.  That directive, sent to all of CBP's Directors of Field Operations (including DFO Garcia), states that "DFOs no longer have the authority to approve requests for outside employment that involve public office."

**18.**  Following issuance of that directive, Ramirez received a memorandum from DFO Garcia, dated December 22, 2006, directing him to resign his position as a member of the Presidio City Council.  The memorandum (attached) acknowledges that the City Council is nonpartisan and applauds Ramirez's "desire to serve [his] community . . . ."  Nonetheless, it orders Ramirez to resign his position, citing an alleged appearance of a conflict of interest.

**19.**  In support of its contention that there is an appearance of a conflict of interest, the memorandum states that CBP has entered into negotiations with the Drug Enforcement Agency (DEA) concerning the disposition of seized property in Presidio.  The City and County of Presidio, the memorandum states, are negotiating with CBP and DEA to acquire the same property, with the objective of working out leasing arrangements for the property with CBP.  The memorandum notes that Ramirez recused himself from a Council vote regarding the seized property.  It nonetheless states that "the appearance of a

conflict exists and will continue to exist for the foreseeable future regarding this issue in particular."

20. The memorandum also cited, in support, "the ongoing relationship between CBP and the city and county over normal business issues, i.e. housing, zoning, municipal services, port operations, etc.," which, it declared, presents "the appearance of a conflict which could compromise not only your effectiveness as a CBP Officer but also as a member of the city council."

21. Ramirez verbally requested permission from CBP to have until February 8, 2007, to decide how to respond to the December 22, 2006 memorandum. In a memorandum dated January 5, 2007, which Ramirez received on January 8, 2007, DFO Garcia ordered Ramirez to advise him by January 21, 2007, that he had either resigned his seat on the City Council or had resigned from his position as a CBP Officer. The memorandum advises Ramirez that "failure to do so will result in further action by this agency, up to and including removal from your position."

22. Ramirez has a First Amendment right to participate in the political processes of the Nation, including holding non-partisan elected office.

23. CBP has identified no actual conflicts of interest or situations that would create an impermissible appearance of a conflict of interest under 5 C.F.R. §§ 2635.801 and 2635.802. It has identified no circumstances that would require the

disqualification of Ramirez from matters so central or critical to the performance of his official duties as a CBP Officer that his ability to perform the duties of that position would be materially impaired.

**24.** If Ramirez does not obtain injunctive relief, he has no choice but to resign his unpaid City Council seat to preserve his salaried position as a CBP Officer.

## CAUSES OF ACTION

### I. First Amendment Claim

**25.** Plaintiff reasserts and realleges the allegations contained in paragraphs 1 through 24 of this complaint as though contained herein.

**26.** CBP'S orders that Ramirez resign his position on the City Council interfere with his First Amendment right to engage in political speech and to speak publicly on these and other matters of public concern, and with his First Amendment freedom of association.  Ramirez's interest in engaging in this protected First Amendment activity outweighs any government interest in efficiency of operations that might flow from prohibiting this activity.  The orders, therefore, are unconstitutional as they violate Ramirez's First Amendment freedoms.

**II. APA Claim**

27.  Plaintiff reasserts and realleges the allegations contained in paragraphs 1 through 24 of this complaint as though contained herein.

28.  CBP'S orders that Ramirez resign his position on the City Council constitute final agency action for which there is no other adequate remedy at law.  The orders violate the First Amendment and, consequently, are invalid under the Administrative Procedure Act because they are arbitrary, capricious, an abuse of discretion, not in accordance with law, and contrary to a constitutional right, power, privilege or immunity.  5 U.S.C. § 706(2)(A)-(B).

### REQUEST FOR RELIEF

WHEREFORE, based on the foregoing, plaintiff Ramirez requests judgment against the defendants:

**A.**  Declaring CBP's December 22, 2006 and January 5, 2007 orders that Ramirez resign his position on the City Council to be unconstitutional;

**B.**  Issuing a permanent injunction ordering CBP to rescind its December 22, 2006 and January 5, 2007 orders that Ramirez resign his position on the City Council;

**C.**  Awarding attorney fees and costs; and

**D.**  Ordering such further relief as the Court may deem just and appropriate.

>Respectfully submitted,
>
>/s/ Gregory O'Duden
>GREGORY O'DUDEN
>General Counsel
>D.C. Bar No. 254862
>
>/s/ Elaine Kaplan
>ELAINE KAPLAN
>Senior Deputy General Counsel
>D.C. Bar No. 292441
>
>/s/ Barbara A. Atkin
>BARBARA A. ATKIN
>Deputy General Counsel
>D.C. Bar No. 225797
>
>/s/ Robert H. Shriver, III
>ROBERT H. SHRIVER, III
>Assistant Counsel
>D.C. Bar No. 456858
>
>NATIONAL TREASURY EMPLOYEES UNION
>1750 H Street, NW
>Washington, DC 20006
>(202) 572-5500

Date:  May 23, 2007        <u>Attorneys for Plaintiff</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAIME RAMIREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07-cv-65 (GK) |
| | ) |
| U.S. CUSTOMS AND BORDER PROTECTION, et al., | ) |
| | ) |
| Defendants. | ) |

### [PROPOSED] ORDER

For the reasons set forth in Plaintiff's Unopposed Motion for Leave to Amend Complaint and To Set Answer Deadline, it is hereby

ORDERED that said motion is granted, and the clerk is directed to docket plaintiff's Amended Complaint. It is further

ORDERED that the defendants' response to the Amended Complaint shall be due by June 22, 2007, or 10 days after the date the Amended Complaint is filed with leave of the Court, whichever is later.

_____          _____
Date                            Judge Gladys Kessler
                                U.S. District Court for the
                                District of Columbia