IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
JAIME RAMIREZ,                     )
                                   )
          Plaintiff,               )
                                   )
              v.                   )   No. 07-cv-65 (GK)
                                   )
U.S. CUSTOMS AND BORDER PROTECTION,)   (Defendants' Response
et al.,                            )    to Scheduling Praecipe
                                   )    due July 19, 2007)
          Defendants.              )
                                   )
_____
```

**PLAINTIFF'S MOTION FOR A CONTINUANCE OF THE DEADLINE TO RESPOND TO DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT, TO PERMIT DISCOVERY PURSUANT TO RULE 56(F)**

Plaintiff Jaime Ramirez initiated this action by filing a complaint on January 12, 2007. He challenges the legality of an order from his employer, U.S. Customs and Border Protection (CBP), that he resign his seat on the non-partisan volunteer City Council of Presidio, Texas. The original complaint alleged in a single count that the order was invalid under the Administrative Procedure Act (APA), 5 U.S.C. § 702, and violated the Constitution. In order to clarify that he is pursuing claims both under the APA and directly under the Constitution, Ramirez filed an amended complaint on May 29, 2007, splitting the claims into two separate counts.

On March 12, 2007, the Court granted plaintiff's request for a preliminary injunction to stay the CBP order until the merits of Ramirez's claims could be considered. Pursuant to the

Court's April 18, 2007 scheduling order, the government filed a motion to dismiss or, alternatively, for summary judgment, along with the administrative record, on June 22, 2007.  It supported its motion with declarations executed by CBP's Director of Field Operations Luis Garcia and CBP's Executive Director of the Office of Field Operations Patricia Duffy.

Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, Ramirez now seeks a continuance of the government's motion to permit him to engage in limited discovery.[1]  This is the first continuance Ramirez has sought.  As the attached scheduling praecipe contemplates, Ramirez believes he could complete discovery within 60 days (absent discovery disputes requiring intervention by the Court).  Plaintiff's counsel has conferred with defendants' counsel, who opposes this motion.

### ARGUMENT

Summary judgment "ordinarily 'is proper only after the plaintiff has been given adequate time for discovery.'" Americable Int'l, Inc. v. Department of Navy, 129 F.3d 1271, 1274 (D.C. Cir. 1998) (quoting First Chicago Int'l v. United

---

[1] Because Ramirez has brought a claim directly under the Constitution--in addition to a claim under the APA--he is not limited to the administrative record in challenging the agency's order that Ramirez resign his City Council seat.  The government tacitly acknowledges that the parties are not limited to the administrative record, as it has supported its motion with declarations that were not a part of the administrative record and go beyond merely explaining matters left unclear in the record.

Exch. Co., 836 F.2d 1375, 1380 (D.C. Cir. 1988)); Thorne v. District of Columbia, 2006 U.S. Dist. LEXIS 91438, *18 (D.D.C.). When a party files a motion for summary judgment before the other party has engaged in discovery, Rule 56(f) provides that the Court may "order a continuance" of its consideration of the motion "to permit affidavits to be obtained or depositions to be taken or discovery to be had" if it "appear[s] from the affidavits of a party opposing the motion that the party cannot, for reasons stated, present by affidavit facts essential to justify the party's opposition." Fed. R. Civ. Proc. 56(f).

Rule 56(f) motions should be granted "almost as a matter of course unless the non-moving party has not been diligent in pursuing discovery." See Berkeley v. Home Ins. Co., 68 F.3d 1409 (D.C. Cir. 1995), cert. denied, 517 U.S. 1208 (1996) (quoting Wichita Falls Office Assocs. v. Banc One Corp., 978 F.2d 915, 919 n.4 (5th Cir. 1992) (citations omitted), cert. denied, 113 S. Ct. 2340 (1993)). Here, Ramirez has deferred discovery not due to a lack of diligence, but rather in a conscientious effort to conserve resources of both parties and this Court (see, infra, at 9-11). As set forth in the attached declaration, discovery is necessary because Ramirez has no personal knowledge of many of the facts asserted by the government in support of its motion and of the existence of

other potentially material facts, which can only be obtained through discovery.

**I.  Ramirez Lacks Personal Knowledge of CBP's Response to Requests for Authorization by Other Employees of CBP or Its Predecessor Agencies To Serve in Non-Partisan Elected Positions**

If permitted to engage in discovery, Ramirez would seek, through interrogatories and document requests, information about the standards that the defendant agency--U.S. Customs and Border Protection (CBP)--has applied in considering requests from other employees nationwide to serve in non-partisan governing bodies. Ramirez would also seek, through interrogatories and document requests, information about previous employees of CBP and its predecessor agencies who have served on non-partisan governing bodies for the City of Presidio.

Information about treatment of similarly situated employees is relevant to Ramirez's response to the facts asserted by CBP in support of its purported governmental interest.  It is also relevant to establishing the scope of the impact of the position the government has taken in this case on the First Amendment rights of its employees nationwide, an issue in which this Court has already expressed an interest.[2]  If, for example, Ramirez can

---

[2] See Ramirez v. CBP, No. 07-cv-65, slip op. at 12 (Mar. 12, 2007) ("Finally, while this issue was by no means adequately fleshed out in either the briefing or the oral argument (undoubtedly due to the press of time), the Agency's decision could have far-reaching implications for the First Amendment

establish that CBP employees in other parts of the country are currently holding elected positions similar to the one Ramirez holds, or if he can establish that employees of CBP or its predecessor agencies previously held similar positions in the Presidio City government without objection from the agency, that would undermine the legitimacy of the governmental interest that CBP is asserting in its summary judgment motion. See Breen v. Dep't of Transp., 282 F.3d 839, 842 (D.C. Cir. 2002) (noting, in reversing summary judgment, that plaintiff was entitled to discovery under Rule 56(f) to determine whether a material fact was in dispute, i.e., whether other employees worked an alternative work schedule similar to the one requested by the employee as an accommodation, which the employer had rejected on the ground that the employee was needed in the office every day); Paquin v. Fannie Mae, 119 F.3d 23, 28 (D.C. Cir. 1997) (reversing district court's denial of discovery under Rule 56(f) to age discrimination plaintiff; plaintiff entitled to discover performance appraisals of similarly situated employees to determine whether proffered reason for termination was pretextual).

Ramirez is not in possession of any facts concerning CBP's nationwide practices with respect to similarly situated

---

freedoms of government employees throughout the country to participate in a wide range of local, non-partisan community activities.")

employees.  See Ramirez Decl. at ¶ 11.  He also has limited

information concerning the positions taken by CBP or its

predecessor agencies on the service of similarly situated

employees in the Presidio City government.  See id.  Because he

cannot establish any such facts through affidavit, and because

such facts are potentially material to the Court's consideration

of the government's motion for summary judgment, discovery is

necessary and appropriate under Rule 56(f).

**II.  Ramirez Lacks Personal Knowledge of the Factual
     Underpinnings of DFO Garcia's Conflicting Decisions
     Regarding His Request for Authorization To Serve on the
     City Council**

     The government has submitted a declaration from CBP

Director of Field Operations Luis Garcia that attempts to

explain, for the first time, the basis for Garcia's initial

denial of Ramirez's request for authorization to serve on the

City Council in 2004, his subsequent reversal of that denial,

and his December 2006 order directing Ramirez to resign his City

Council seat.  See Decl. of Luis Garcia at ¶¶ 12-22.  This

declaration is the sole support for the factual allegations

contained in paragraphs 4-9 of the Defendants' Statement of

Facts As To Which There Is No Genuine Issue, submitted with its

motion.  Those paragraphs include, among other things,

assertions about several "determinations" allegedly made by

Garcia in connection with (1) Ramirez's 2004 request for

authorization to serve on the City Council, and (2) Ramirez's
continued service on the City Council after he was seated
(without an election) for a second two-year term in 2006.

Ramirez has no personal knowledge about the basis for
Garcia's decisions that would permit him to contest or concede
the government's asserted facts.  See Ramirez Decl. at ¶ 3-11.
His dealings with Garcia have, in fact, been very limited.  See
Ramirez Decl. at ¶¶ 3-9.  The unstated factual underpinnings of
Garcia's determinations are potentially material to this case,
as they go to the validity and strength of the governmental
interest upon which CBP has relied to justify the restriction on
Ramirez's constitutional rights.  See Banks v. Veneman, 402 F.
Supp. 2d 43, 48 (D.D.C.) (rejecting government's contention in
age discrimination case that its affidavits adequately address
all material facts and allowing Rule 56(f) discovery because
"[t]he circumstances surrounding the application process for the
position, including the decision to exempt the position from the
federal government's competitive service requirements, are
material to Plaintiff's claims") (emphasis added).  For example,
if Ramirez can establish that the justifications offered by
Garcia in ordering him to resign his City Council seat are not
based in fact, are unreasonable, and/or are not credible, that
would undermine the legitimacy of the governmental interest upon
which CBP has relied in denying Ramirez authorization to

continue serving on the City Council.  See Avocados Plus Inc. v. Johanns, 421 F. Supp. 2d 45, 57 (D.D.C.) (permitting discovery under Rule 56(f) to allow defendant to test the validity of a survey relied upon by the plaintiffs to support their claim).  Moreover, there may be additional facts relevant to Garcia's decisions that are not stated in his declaration but could prove to be material.  For example, CBP may have other protections in place that adequately address the concerns Garcia has raised without the need to restrict Ramirez's constitutional rights.

Because Ramirez has no personal knowledge about these factual issues, he cannot respond with an affidavit.  Discovery is therefore necessary and appropriate under Rule 56(f), as it would permit Ramirez to determine whether any of the facts asserted by the government are in dispute and whether there are additional facts material to the Court's consideration of the government's motion that have not been asserted by the government.  See Wiggins v. Powell, 2005 U.S. Dist. LEXIS 3984, *76-*77 (D.D.C.) (allowing discovery under Rule 56(f), in part, because "it also appears that some of the facts that Defendants claim are uncontroverted actually have not been conceded").

**III. Ramirez Should Not Be Penalized for Pursuing an Efficient Approach to Discovery and the Litigation of This Case**

Ramirez's approach to discovery in this case has been motivated by his desire to conserve the resources of the parties and this Court and to minimize discovery disputes.  Prior to the April 18, 2007 scheduling conference set by the Court after entry of a preliminary injunction, Ramirez's counsel conferred with government counsel pursuant to Local Rule 16.3.  In connection with his consideration of the discovery issues to be addressed in the Rule 16.3 conference, Ramirez's counsel asked government counsel to produce the administrative record so Ramirez could determine whether additional discovery would be necessary.  Government counsel was unable to produce the administrative record at that time.

Ramirez could have taken the position that discovery should have begun then.  Had he initiated discovery at that point, he would have had to undertake a much broader discovery approach than the approach he now proposes, as he would not have been in possession of the administrative record or the declarations that have been produced by the government.  There is a strong likelihood that discovery disputes would have developed between the parties, at least some of which would likely have required the Court's involvement.

Rather than launching into discovery immediately, Ramirez agreed to defer discovery until such time as the government produced the administrative record.  At that point, Ramirez expected to be able to assess the administrative record and to determine precisely what, if any, discovery would be necessary for him to respond to the government's motion.  The government reserved the right to object to any proposed discovery by Ramirez.  This approach is reflected in the Rule 16.3(d) report jointly submitted by the parties on April 16, 2007.

Ramirez's counsel has now reviewed the administrative record and the new declarations submitted by the government, which are not contained in the administrative record.  Because Ramirez lacks personal knowledge to respond to these documents by declaration (see Ramirez Decl. at ¶¶ 4-11), limited discovery is necessary to permit him to respond to the government's motion.  Nonetheless, by deferring discovery until this point in the litigation, Ramirez has been able to narrow substantially the scope of discovery he will seek.  Ramirez should not be penalized for undertaking efforts to streamline the discovery process by being denied discovery now.

Moreover, Ramirez continues to strive to litigate this case in an efficient manner.  As reflected in the attached scheduling praecipe, Ramirez would respond to the government's motion by filing a cross-motion for summary judgment.  He would file a

single brief in support of that motion and in opposition to the government's motion to dismiss or, alternatively, for summary judgment.

For this approach to be feasible, though, Ramirez must have the opportunity to engage in the limited discovery he describes above. If the Court were to deny Ramirez's request for a continuance of the government's motion while he engages in limited discovery, he would be unable to file a cross-motion for summary judgment. Rather, briefing would continue on the government's motion and the Court would have to rule on that motion alone. If the Court were to deny the government's motion, Ramirez would then file his own motion for summary judgment, after completing discovery, which would then have to be fully briefed and separately ruled upon by the Court.

Under the government's approach, then, a total of six briefs would potentially have to be filed, and two separate rulings would potentially have to be issued by the Court (one on the government's motion and, if denied, another on Ramirez's yet-to-be-filed cross-motion). Ramirez's proposed approach would be more efficient because it would result in only four briefs being filed, and the Court would have to issue just a single ruling that either disposes of the case entirely, as both parties expect it would (see Rule 16.3(d) report, at 2)), or sets the case for trial.

## CONCLUSION

For these reasons, a continuance of the Court's consideration of the government's motion for summary judgment is warranted under Rule 56(f) to permit Ramirez to engage in discovery to respond to the motion, and to permit Ramirez to develop material facts to support the cross-motion for summary judgment that he intends to file.

Respectfully submitted,

/s/ Gregory O'Duden
GREGORY O'DUDEN
General Counsel
D.C. Bar No. 254862

/s/ Elaine Kaplan
ELAINE KAPLAN
Senior Deputy General Counsel
D.C. Bar No. 292441

/s/ Barbara A. Atkin
BARBARA A. ATKIN
Deputy General Counsel
D.C. Bar No. 225797

/s/ Robert H. Shriver, III
ROBERT H. SHRIVER, III
Assistant Counsel
D.C. Bar No. 456858

NATIONAL TREASURY EMPLOYEES UNION
1750 H Street, NW
Washington, DC 20006
Telephone:  (202) 572-5500
Facsimile:  (202) 572-5645

July 9, 2007                    Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAIME RAMIREZ,<br><br>  Plaintiff,<br><br>   v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION,<br>et al.,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 07-0065
Judge Gladys Kessler

## DECLARATION OF JAIME RAMIREZ

I, Jaime Ramirez, hereby declare and affirm as follows:

1.    I am the plaintiff in this action.  I am employed as
an officer by United States Customs and Border Protection (CBP),
an agency within the Department of Homeland Security.  I am also
a member of the City Council of Presidio, Texas.

2.    I submitted a memorandum dated February 27, 2004, and
a Customs Form 3031 "Request to Engage in Outside Employment or
Business Activity" to the Acting Assistant Port Director Charlie
Wright asking authorization to serve as a member of the non-
partisan Presidio City Council.  These documents are not
contained in the administrative record (AR) produced by the
government on June 22, 2007.

3.    I received a written memorandum from Director of Field
Operations (DFO) Luis Garcia dated May 14, 2004, denying my
request.  See AR 000038.  I received no additional information

from Mr. Garcia, and had no other communications with him,
concerning my 2004 request.

4.    Subsequently, someone in the Presidio Port management,
either Port Director John T. Prewitt or Charles Wright, advised
me that my request had been reconsidered and would be granted on
the condition that I agree to recuse myself from any issues
considered by the City Council that could affect CBP.  I orally
agreed to that condition.  I do not recall being asked to sign
the pledge included in the administrative record (AR 000040) or
any other pledge; I did not draft any such pledge.  I am unaware
of the basis for the inclusion of a pledge in the administrative
record or the basis for Mr. Garcia's statement in his
declaration that I "agreed to make such a pledge."

5.    In his declaration, Mr. Garcia states that his
approval of my service on the City Council was for one two-year
term only.  I am unaware of the basis for that assertion.  At no
time did Mr. Garcia or anyone else state to me that his approval
was for just one term.

6.    In his declaration, Mr. Garcia expresses concern that
the "indefinite continuation" of my service "presents an
unacceptable appearance of a conflict of interest."  I am
unaware of the basis for Mr. Garcia's conclusion.  He has never
expressed any such concern to me.  My only communication with
DFO Garcia concerning my service on the Presidio City Council,

2

other than the May 14, 2004 and December 22, 2006 memoranda, occurred when he praised me for my willingness to volunteer my time to the Council during a visit he made to our port. I believe this visit occurred before I was seated for a second term in May 2006. I have had no other communications with DFO Garcia over my service on the City Council, over any alleged conflicts of interest issue that my service on the City Council might raise, or over any other concerns about my service on the City Council.

7.   I have no personal knowledge of the factual basis for DFO Garcia's decisions to deny my initial request in 2004 and to grant it, then to order me to resign in December 2006. I have no personal knowledge whether the considerations deemed relevant in 2004 when he ultimately granted my request were the same as those in 2006 when he ordered me to resign. The only knowledge I have about these issues is that which I obtained from reading the two memoranda DFO Garcia sent me, referenced above.

8.   I have no personal knowledge of any communications between Mr. Garcia and other individuals employed by CBP with whom he may have consulted in considering my service on the City Council in 2004 and 2006. I do not know their identities or whether he followed or disregarded their views.

9.   I have no personal knowledge of the discussions between Mr. Garcia and Presidio County Judge Jerry Agan and Presidio

County Attorney Theresa Todd in May 2004 that allegedly led Mr. Garcia to reconsider his disapproval of my 2004 request.

10. Many of the concerns being offered in the context of this lawsuit to justify CBP's order that I resign from City Council were never before mentioned to me. I have no personal knowledge of what facts, if any, were available to Mr. Garcia in 2004, 2006, or now that allegedly form the basis for these new concerns.

11. I have no personal knowledge of whether CBP is allowing CBP Officers in other parts of the country to serve on similar non-partisan governing bodies. I do have personal knowledge that, in the past, individuals employed in the Immigration and Naturalization Service and the U.S. Customs Services, agencies that were subsumed by CBP when it was created, simultaneously served on the Presidio City Council and the nonpartisan elected school board. I am also personally aware of one individual who served as mayor of Presidio while working for U.S. Customs. I have no personal knowledge of the circumstances of their service, whether they sought approval, any conditions that may have been placed on their service, or any position taken by their respective employing agencies with respect to their service.

I declare under penalty of perjury that the foregoing is true
and correct.  Executed this __5__ day of July, 2007, in
Presidio, Texas.


_____
Jaime Ramirez

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAIME RAMIREZ, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
|         v. | )  No. 07-cv-65 (GK) |
| | ) |
| U.S. CUSTOMS AND BORDER PROTECTION, | )  (Defendants' Response |
| et al., | )   to Scheduling Praecipe |
| | )   due July 19, 2007) |
|         Defendants. | ) |
| | ) |

**PLAINTIFF'S SCHEDULING PRAECIPE**

Pursuant to the Court's April 18, 2007 order, plaintiff
Jaime Ramirez proposes the following deadlines for completing
discovery and briefing in this matter.  Plaintiff's counsel has
consulted with defendants' counsel, who takes no position with
respect to this proposed schedule.

| | |
|---|---|
| **Defendants' Response to Plaintiff's Rule 56(f) Motion** | July 23, 2007 |
| **Plaintiff's Reply in Support of Rule 56(f) Motion** | August 2, 2007 |
| **Plaintiff Completes Any Authorized Discovery (assuming a timely response by the government and that no disputes requiring Court intervention arise)** | 60 days from the date the Court enters an order authorizing Plaintiff to engage in discovery |
| **Plaintiff's Response To Defendants' Motion To Dismiss or, Alternatively, for Summary Judgment and Plaintiff's Cross-Motion** | 30 days from Plaintiff's deadline to complete any authorized discovery<br><br>OR |

**for Summary Judgment**

|  |  |
|---|---|
|  | If the Court denies Plaintiff's motion to engage in discovery under Rule 56(f), 45 days from the date of any such order |
| **Defendants' Motion To Engage in Discovery Under Rule 56(f) (optional)** | 15 days from Plaintiff's deadline for filing cross-motion for summary judgment |
| **Plaintiff's Response to Defendants' Motion To Engage in Discovery under Rule 56(f) (optional)** | 14 days from Defendants' deadline for filing Rule 56(f) Motion |
| **Defendants' Reply in Support of Rule 56(f) Motion (optional)** | 8 days from Plaintiff's deadline for responding to Rule 56(f) Motion |
| **Defendants Complete Any Authorized Discovery (assuming a timely response by the plaintiff and that no disputes requiring Court intervention arise)** | 60 days from the date the Court enters an order authorizing Defendants to engage in discovery |
| **Defendants' Reply in Support of Motion To Dismiss or, Alternatively, for Summary Judgment and Response to Plaintiff's Cross-Motion for Summary Judgment** | If no discovery is sought by defendants, 30 days from the Defendants' deadline for filing a motion to engage in discovery under Rule 56(f) |
|  | OR |
|  | If the Court denies a motion by Defendants to engage in discovery under Rule 56(f), 30 days from the date of any such order |
|  | OR |
|  | If discovery is sought and authorized, 30 days from the |

|  | Defendants' deadline to complete any authorized discovery |
|---|---|
| **Plaintiff's Reply in Support of His Cross-Motion for Summary Judgment** | 20 days from Defendants' deadline for submitting a response to Plaintiff's Cross-Motion for Summary Judgment |

Respectfully submitted,

/s/ Gregory O'Duden
GREGORY O'DUDEN
General Counsel
D.C. Bar No. 254862

/s/ Elaine Kaplan
ELAINE KAPLAN
Senior Deputy General Counsel
D.C. Bar No. 292441

/s/ Barbara A. Atkin
BARBARA A. ATKIN
Deputy General Counsel
D.C. Bar No. 225797

/s/ Robert H. Shriver, III
ROBERT H. SHRIVER, III
Assistant Counsel
D.C. Bar No. 456858

NATIONAL TREASURY EMPLOYEES UNION
1750 H Street, NW
Washington, DC 20006
Telephone:  (202) 572-5500
Facsimile:  (202) 572-5645

July 9, 2007                    <u>Attorneys for Plaintiff</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
JAIME RAMIREZ,                  )
                                )
          Plaintiff,            )
                                )
            v.                  )   No. 07-cv-65 (GK)
                                )
U.S. CUSTOMS AND BORDER PROTECTION,)
et al.,                         )
                                )
          Defendants.           )
_____)
```

**[PROPOSED] ORDER**

For the reasons stated in Plaintiff's Motion for a
Continuance of the Deadline To Respond to Defendants' Motion To
Dismiss or, Alternatively, for Summary Judgment, To Permit
Discovery Pursuant to Rule 56(f), it is hereby

ORDERED that said motion is GRANTED.  It is further ordered
that the following schedule for discovery and briefing is
entered:

_____                    _____
Date                               Judge Gladys Kessler
                                   U.S. District Court for
                                   the District of Columbia