# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAIME RAMIREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07-65 (GK) |
| | ) | |
| UNITED STATES CUSTOMS | ) | |
| AND BORDER PROTECTION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S SCHEDULING PRAECIPE

On June 22, 2007, defendants filed their Motion to Dismiss Plaintiff's Amended Complaint for Lack of Subject Matter Jurisdiction or, in the Alternative, for Summary Judgment. Docket Entry No. 23. On July 9, plaintiff (ignoring defendants' jurisdictional arguments) filed a motion for continuance to permit discovery pursuant to Federal Rule of Civil Procedure 56(f) concerning his Administrative Procedure Act and First Amendment claims. Docket Entry No. 24. Much of plaintiff's proposed schedule set forth in his accompanying praecipe flows from plaintiff's proposed discovery into matters beyond the scope of the administrative record in this action (Docket Entry No. 22), such as the nationwide practices of defendant U.S. Customs and Border Protection. As defendants will explain on July 30 in their response to plaintiff's Rule 56(f) motion, plaintiff's proposed discovery is neither justified nor appropriate. Accordingly, defendants respectfully suggest that the Court should order plaintiff to respond to defendants' dispositive motion, permit defendants to file a reply memorandum, and then rule upon that motion. Defendants do not object to plaintiff's suggestion that he be permitted 45 days following

this Court's denial of his Rule 56(f) motion to file a brief in opposition, and that defendants'

reply brief be due no more than 30 days thereafter.[1]

Dated: July 19, 2007                        Respectfully submitted,

                                            PETER D. KEISLER
                                            Assistant Attorney General

                                            JEFFREY A. TAYLOR
                                            United States Attorney

                                            SUSAN K. RUDY D.C. Bar # 369112
                                            Assistant Branch Director

                                            ____/s/ Steven Y. Bressler_____
                                            STEVEN Y. BRESSLER D.C. Bar #482492
                                            Trial Attorney, U.S. Department of Justice
                                            Civil Division, Federal Programs Branch
                                            Post Office Box 883
                                            Washington, DC  20044
                                            Tel. No.:  (202) 514-4781
                                            Fax No.: (202) 318-7609
                                            Email:  Steven.Bressler@USDOJ.gov

                                            Counsel for Defendants

---

[1]    Even if the Court finds merit in plaintiff's suggestion that he be permitted to take discovery beyond the scope of the administrative record in this action, no such discovery should take place regardless until the Court has ruled upon defendants' jurisdictional challenge to the Amended Complaint under Federal Rule of Civil Procedure 12(b)(1). Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998) ("the requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'") (quoting Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884)); cf. United Transport Serv. Employees of America, CIO v. Nat'l Mediation Bd., 179 F.2d 446, 453-54 (D.C. Cir. 1949) ("Where a complaint fails to state a claim upon which relief can be granted, a motion to dismiss it on such ground should be acted upon and granted.  A defendant should not be put to the trouble and expense of any further proceeding, and the time of the court should not be occupied with any further proceeding, under such a complaint.").  In the event that the Court determines it has jurisdiction over plaintiff's claims and permits Rule 56(f) discovery, defendants do not object at this time to the discovery schedule set forth in plaintiff's praecipe.