UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAIME RAMIREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07-65 (GK) |
| | ) | |
| UNITED STATES CUSTOMS | ) | |
| AND BORDER PROTECTION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S RULE 56(F) MOTION FOR CONTINUANCE**

**INTRODUCTION**

In its April 18 Scheduling Order, the Court reasonably rejected plaintiff's position that he be "entitled to conduct discovery" without regard to the strictures of Rule 56 after defendants U.S. Customs and Border Protection ("CBP"), *et al.*, filed a Motion for Summary Judgment. Rather, the Court told plaintiff that he would have to justify any discovery pursuant to Rule 56(f). See Docket Entry No. 19 at 2 ¶ 1.

Plaintiff now seeks to avoid responding to any portion of defendants' pending Motion to Dismiss and, in the Alternative, for Summary Judgment by asking this Court to allow him to commence discovery. Plaintiff's Motion for a Continuance of the Deadline to Respond to Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, to Permit Discovery Pursuant to Rule 56(f) ("Rule 56(f) Motion") has no relevance to, and therefore does not justify any continuance of, the Rule 12 portions of defendants' pending dispositive motion. Indeed, plaintiff's motion ignores his burden to establish subject matter jurisdiction and plaintiff

has articulated no reason whatsoever that he should not be required to answer that first and fundamental question before proceeding to discovery.

Nor has plaintiff justified a continuance or discovery into any matter before he should be required to respond to the Rule 56 portions of defendants' pending motion. Plaintiff is not entitled to discovery on his claim under the Administrative Procedure Act ("APA") under Rule 56(f) or otherwise because this Court's review of that claim is limited to the administrative record and explanatory material provided by the agency. Plaintiff also has not met his Rule 56(f) burden to justify a continuance and discovery on his First Amendment claim. While he seeks discovery into CBP's nationwide practices and treatment of *other* employees, that information is not material to this plaintiff's constitutional claim. Even if it could be, plaintiff has provided nothing but speculation as to what the discovery he seeks might uncover. Plaintiff's speculative and conclusory statements, however, are not sufficient to invoke Rule 56(f) and delay consideration of defendants' pending motion. Similarly, plaintiff has provided only speculation to justify his request that he be permitted discovery to test the contents of the Declaration of Luis Garcia, the CBP official who made the agency decision which plaintiff now challenges. For that matter, plaintiff's mere desire to test Mr. Garcia's sworn testimony does not justify Rule 56(f) discovery in any event.

The Court should, accordingly, deny plaintiff's Rule 56(f) Motion and order plaintiff to promptly respond to defendants' pending dispositive motion.

**ARGUMENT**

I.    **Plaintiff's Rule 56(f) Motion Does Not Apply To, Or Justify Any Delay In The Court Considering, Defendants' Pending Rule 12(b)(1) Motion To Dismiss For Lack Of Subject Matter Jurisdiction.**

Although plaintiff's Rule 56(f) Motion wholly ignores his burden to establish jurisdiction in this Court, defendants' dispositive motion seeks dismissal under Rule 12 for lack of subject matter jurisdiction as well as the alternative relief of summary judgment under Rule 56. It is well established that "the requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998) (quoting Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884)). Thus, the "first and fundamental" question for this Court is that of jurisdiction. Id. at 94 (quoting Great S. Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 453 (1900)). "'Without jurisdiction the court cannot proceed at all in any cause,'" other than to "'announc[e] the fact and dismiss[]" the case. Id. (quoting Ex parte McCardle, 74 U.S. 506, 514 (1968)).

Pursuant to this Court's Order of April 18, 2007, on June 22, 2007, defendants filed a motion to, inter alia, dismiss plaintiff's Amended Complaint for lack of subject matter jurisdiction. Docket Entry No. 23. "There is a presumption against federal court jurisdiction and the burden is on . . . the plaintiff . . . to establish that the Court has subject matter jurisdiction over the action." Anderson v. Wiggins, 460 F. Supp. 2d 1, 6 (D.D.C. 2006) (internal quotation omitted)). Unless and until plaintiff makes that threshold showing, and, therefore, until the Court rules on defendants' pending motion to dismiss for lack of subject matter jurisdiction, the "defendant[s] should not be put to the trouble and expense of any further proceeding, and the time of court should not be occupied with any further proceeding.," United Transport Serv.

Employees of America, CIO v. Nat'l Mediation Bd., 179 F.2d 446, 454 (D.C. Cir. 1949). Accord Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of the case").

Notwithstanding the inflexible principle that plaintiff must establish this Court's jurisdiction over his claims before proceeding at all, let alone to discovery, plaintiff's Rule 56(f) Motion and accompanying scheduling praecipe ignores defendants' pending jurisdictional arguments. Because that portion of defendants' dispositive motion is brought under Rule 12, however, plaintiff's "request for Rule 56(f) discovery is inapplicable" to, and cannot justify a continuance of, that motion to dismiss. See Holy Land Foundation for Relief and Development v. Ashcroft, 219 F. Supp. 2d 57, 66 n.10 (D.D.C. 2002). Moreover, as explained below, plaintiff also has not met his burden to justify a Rule 56(f) continuance as to defendants Rule 56 motion.

**II.    Plaintiff Is Not Entitled To Discovery On His Administrative Procedure Act Claim Under Rule 56(f) Or Otherwise.**

"[P]laintiff's principal claim is an APA challenge to the [agency's] decision. As such, that challenge is limited to a review of the administrative record." Islamic American Relief Agency v. Unidentified FBI Agents, 394 F. Supp. 2d 34, 43 n.9 (D.D.C. 2005), citing Camp v. Pitts, 411 U.S. 138, 142 (1973) (under the APA, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."). It is well-established that the Court's review of agency action under the APA must focus on the record before the agency.[1] Citizens to Preserve Overton Park, Inc., v. Volpe, 401

---

[1]    The APA provides that agency action may be set aside only if it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2). In determining whether an agency decision was arbitrary and capricious, the reviewing court "must consider whether the decision was based on a consideration of the relevant factors and whether

U.S. 402, 420 (1971); Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-744 (1985); Camp, 411 U.S. at 142.  See also 5 U.S.C. § 706(2).

Even where the record may fail to explain the basis of an agency's action, a de novo evidentiary hearing is still not the appropriate remedy.  Camp, 411 U.S. at 142-43.  Rather, where the record is unclear or inadequate, the Court should obtain from the agency an additional explanation of the reasons for its action.  Id. at 143.  That is what defendants have properly provided in the Declaration of Luis Garcia, the relevant agency decisionmaker in this case.  See Defendants' Memorandum in Support of Their Motion to Dismiss or, in the Alternative, for Summary Judgment at 23-24 n.13.[2]  Defendants have made no allegations of bad faith on the part of the agency at all, let alone any credible allegation, that could conceivably justify plaintiff's request that this Court look beyond the administrative record as properly supplemented by the

---

there has been a clear error of judgment."  Overton Park, 401 U.S. at 416.

[2]    The filing of Mr. Garcia's declaration is not, as plaintiff argues in a footnote, a "tacit" acknowledgment that plaintiff may engage in discovery.  Contra Pl. Mem. 2 n.1.  Indeed, courts regularly accept after-the-fact explanations offered by agency decisionmakers in the context of APA review without discovery.  This is true even when the explanation is offered during litigation.  See Lewis v. Babbitt, 998 F.2d 880, 882 (10th Cir. 1993) (court can consider agency affidavits that "provide additional explanations of the reasons for its decision"); Population Inst. v. McPherson, 797 F.2d 1062, 1072 (D.C. Cir. 1986) (upholding agency action based on agency explanation made after agency decision); Local 814, Int'l Bhd. of Teamsters v. NLRB, 546 F.2d 989, 992 (D.C. Cir. 1976) (accepting subsequent agency explanation and affirming agency decision based on the explanation because the "policy of the post hoc rationalization rule does not prohibit [an agency] from submitting an amplified articulation" of its decision).  Cf. Alpharma, Inc. v. Leavitt, 460 F.3d 1, 6 (D.C. Cir. 2006) ("Needless to say, if it is appropriate for a court to remand for further explanation, it is incumbent upon the court to consider that explanation when it arrives."); General Services Admin. v. Federal Labor Relations Authority, 86 F.3d 1185, 1188 (D.C. Cir. 1996) (noting "[w]e have even deferred to 'agency counsel's litigative positions' where we were certain that they did not differ from the agency's." (following and quoting Women Involved in Farm Economics ("WIFE") v. USDA, 876 F. 2d 994 (D.C. Cir. 1989)); Public Service Co. of Ind., Inc. v. ICC., 749 F.2d 753, 759 (D.C. Cir. 1984) (reviewing courts may consider "authorized explanations considered, adopted, and issued by" the decisionmaker).

agency. See FTC v. Invention Submission Corp., 965 F.2d 1086, 1091 (D.C. Cir. 1992) ("As we have so often said, 'agencies are entitled to a presumption of administrative regularity and good faith.'" (citations omitted)), cert. denied, 507 U.S. 910 (1993); cf. TOMAC v. Norton, 193 F. Supp. 2d 182, 195 (D.D.C. 2002) ("Plaintiff's assertions of bad faith in the initial decisionmaking process and the conduct of litigation do not constitute a 'strong showing' sufficient to overcome the presumption of administrative regularity and good faith and to justify extra-record review and discovery."). Moreover, it is well-established that an agency's action must be upheld under the APA, if at all, on the basis articulated by the agency itself. American Textile Manufacturers Inst. v. Donovan, 452 U.S. 490, 539 (1981); Holy Land Foundation, 219 F. Supp. 2d at 67 ("[U]nder arbitrary and capricious review, the Court does not undertake its own fact-finding. Instead, the Court must review the administrative record assembled by the agency to determine whether its decision was supported by a rational basis."). Accordingly, plaintiff is not entitled to discovery on his APA claim under Rule 56(f) or otherwise.

### III.   Plaintiff's Speculative And Conclusory Statements Do Not Justify A Delay In Adjudicating Defendants' Pending Summary Judgment Motion.

Under Rule 56(f), a court may "order a continuance to permit discovery if the party opposing the [summary judgment] motion adequately explains why, at that timepoint, it cannot present by affidavit facts needed to defeat the motion." Strang v. United States Arms Control & Disarmament Agency, 864 F.2d 859, 861 (D.C. Cir. 1989) (R.B. Ginsburg, J.). Rule 56(f) is not a license for discovery into any matter that fits within the broad definition of relevance, but a tool to enable specific discovery requests in limited circumstances. Thus, the "party seeking . . . discovery bears the burden of identifying the facts to be discovered that would create a triable issue and the reasons why the party cannot produce those facts in opposition to the motion." Globalaw Ltd. v. Carmon & Carmon Law Office, 452 F. Supp.2d 1, 23 (D.D.C. 2006), citing

Byrd v. EPA, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999), cert. denied, 529 U.S. 1018 (2000). "It must also show a reasonable basis to suggest that discovery might reveal triable issues of fact." Id., citing Carpenter v. Fed. Nat'l Mortgage Ass'n, 174 F.3d 231, 237 (D.C. Cir. 1999). These standards are "designed to prevent fishing expeditions[.]" Hotel & Restaurant Employees Union, Local 25 v. Attorney General, 804 F.2d 1256, 1269 (D.C. Cir. 1986). See also Economou v. Butz, 466 F. Supp. 1351, 1357 (S.D.N.Y. 1979) ("a vague hope that contradictory evidence will subsequently be discovered is insufficient to defeat a motion for summary judgment") (quotation marks omitted). Plaintiff has fallen far short of his burden to justify Rule 56(f) discovery or a delay in resolution of defendants' dispositive motion.

A party seeking to invoke Rule 56(f) cannot rely only on "speculative issues of fact," but must show that the necessary facts exist. Exxon Corp v. FTC, 663 F.2d 120, 128 (D.C. Cir. 1980). Thus, "a plainly conclusory assertion without any supporting facts" does not justify a request under Rule 56(f). Byrd, 174 F.3d at 248 n.8. Plaintiff, however, seeks to justify discovery here merely because he "lacks personal knowledge" of various matters. Pl. Mem. 6; see also generally id.; July 5, 2007 Ramirez Decl. That plaintiff may lack personal knowledge of certain matters (including those that are now established by the administrative record and sworn declaration of the agency decisionmaker) does not meet his burden under Rule 56(f) to indicate "what facts []he intended to discover that would create a triable issue." Carpenter, 174 F.3d at 237. See also, e.g.,White v. Fraternal Order of Police, 909 F.2d 512, 517 (D.C. Cir. 1990) (upholding denial of Rule 56(f) motion where, as here, an order had been entered staying any discovery); Broaddrick v. Executive Office of President, 139 F. Supp. 2d 55, 63 (D.D.C. 2001) ("[M]erely stating that 'discovery has yet to commence' is insufficient to respond to a properly-supported motion for summary judgement."). For example, plaintiff notes he "is not in

possession of any facts concerning CBP's nationwide practices with respect to similarly situated employees" and has only "limited information concerning the positions taken by CBP or its predecessor agencies on the service of similarly situated employees in the Presidio City government."[3] Pl. Mem. 5-6, citing July 5, 2007 Ramirez Decl. ¶ 7. He argues such facts are "*potentially* material," Pl. Mem. 6 (emphasis added), to this case because it would be relevant "*if* he can establish" that similarly situated individuals were treated differently. Id. 5 (emphasis added).

A request by a non-movant to see "*if* he can establish" that something "*potentially* material" occurred is insufficient to invoke Rule 56(f). See Messina v. Krakower, 439 F.3d 755, 762-63 (D.C. Cir. 2006) (upholding denial of Rule 56(f) request where "the requesting party has offered only a 'conclusory assertion without any supporting facts' to justify the proposition that the discovery sought will produce the evidence required" (quoting Byrd, 174 F.3d at 248 n. 8), and where the party's brief and Rule 56(f) affidavit "contain[ed] no support for the proposition that discovery would have produced the evidence she anticipated"); Exxon Corp., 663 F.2d at 128; Richardson v. Nat'l Rifle Ass'n, 871 F. Supp. 499, 502 (D.D.C. 1994) (it is not sufficient to "simply assert that 'certain information' and 'other evidence' may exist and may be obtained through discovery." (citation omitted)).

Moreover, plaintiff's proposed line of inquiry cannot justify a continuance of defendants' dispositive motion because the discovery sought is irrelevant to plaintiff's constitutional claim. The question of whether CBP's order that plaintiff choose between his civil service law enforcement job and his local elected office is justified or, instead, violates plaintiff's First

---

[3] Plaintiff filed a declaration with his Motion for Preliminary Injunction asserting facts concerning other federal employees in Presidio who served in elective office. See Declaration of Alcee Tavarez, Exhibit B to Plaintiff's Motion for Preliminary Injunction.

Amendment rights concerns and is concerned only with plaintiff, the facts of *his* jobs, and the facts of *his* community. Plaintiff's proposed inquiry into CBP's consideration of "other employees nationwide" and about "previous employees of CBP and its predecessor agencies" has no bearing. See Pl. Mem. 4. If CBP treated other employees differently, and even if their situation presented identical facts, it would not undermine the government's "legitimate interest in maintaining the public's confidence in the integrity of the federal service." Crandon v. U.S., 494 U.S. 152, 164-65 (1990). (At most, such facts would indicate whether that interest was protected in those other cases.) For example, if CBP evaluated requests for outside employment by "similarly situated"[4] employees (assuming such employees exist) in a manner widely different from the way it evaluated plaintiff's outside activity, that may cast the agency in an unfavorable light and it might help plaintiff's counsel locate potential new clients, but it would not indicate that the agency's decision in *this* case inflicted a constitutionally cognizable wrong on plaintiff. Accordingly, because such evidence would not be material to plaintiff's constitutional claim, he cannot justify discovery under that claim.[5] See Fed. R. Civ. P. 56(f); Carpenter, 174 F.3d at 237. Indeed, plaintiff's counsel admitted much at the February 27, 2007 preliminary injunction hearing when he stated that plaintiff would "agree to submit the matter for final judgment" consolidated with the Court's ruling on the motion for emergency relief, and without any

---

[4] Since plaintiff requests license to conduct discovery into the decisions of local CBP officials such as Mr. Garcia nationwide as they evaluate requests to engage in political activity in widely disparate communities, it is not at all apparent who plaintiff would consider "similarly situated" to himself.

[5] To the extent such allegedly disparate treatment would be relevant to plaintiff's APA (as opposed to First Amendment) claim for arbitrary and capricious agency action, review of that claim must be based on the record, not de novo review with discovery in this Court. See supra.

discovery, because "we are focused on legal issues." Transcript of February 27, 2007 motions hearing at 48-9.

Plaintiff also seeks discovery specifically to probe the declaration testimony of Mr. Garcia. Pl. Mem. 6-8. Plaintiff's attempt to justify such discovery, however, falls far short: his declaration and his counsel's speculation amount to no more than a "bare hope of falling upon something that might impugn" Mr. Garcia's declaration. Founding Church of Scientology v. NSA, 610 F.2d 824, 836-37 n.101 (D.C. Cir. 1979). Plaintiff again provides no explanation as to what evidence such discovery would uncover, what evidence supports the likelihood of the discovery uncovering that evidence, or how it would create a triable issue of fact. Rather, he argues "there *may* be additional facts relevant to Garcia's declarations that are not stated in his declaration but *could* prove to be material." Pl. Mem. 8 (emphasis added).[6] As an initial matter, the mere "desire to 'test' affiants' testimony does not justify Rule 56(f) discovery." Carpenter, 174 F.3d at 237 (in a parenthetical, quoting and construing Strang, 864 F.2d at 861). That rule applies with particular force where, as here, the declarant is a government official acting in his official capacity and thus entitled to a presumption of regularity. See Invention Submission Corp., 965 F.2d at 1091. Plaintiff's proposed probing of the Garcia Declaration, however, is supported by nothing more than plaintiff's "desire to 'test'" Mr. Garcia's sworn testimony, and plaintiff's "rank speculation" does not establish that a deposition of Mr. Garcia or other discovery concerning the contents of his declaration would be anything other than the sort of

---

[6] It bears noting that none of plaintiff's speculation as to what may be uncovered by the discovery he seeks is even contained in his declaration; rather, it is all in his counsel's brief. Plaintiff's purported Rule 56(f) Declaration merely informs the Court of various matters as to which he has no personal knowledge. See generally July 5, 2007 Ramirez Decl. Thus, plaintiff has failed to meet the requirement of Rule 56(f) to show by affidavit the necessity of discovery. See Fed. R. Civ. P. 56(f).

"fishing expedition" that should be denied under Rule 56(f). Bastin v. Federal Nat'l Mortgage Assoc., 104 F.3d 1392, 1396 (D.C. Cir. 1997); see also Hotel & Restaurant Employees Union, Local 25, 804 F.2d at 1269; Globalaw Ltd., 452 F. Supp. 2d at 23. Plaintiff's request to test the declaration of Mr. Garcia thus falls short of his burden to justify a Rule 56(f) continuance. See Price v. Greenspan, 374 F. Supp. 2d 177, 183 (D.D.C. 2005) (denying Rule 56(f) request where "plaintiff has offered the court no reason to question the veracity of defendant's affiants" (internal quotation, bracketing omitted)).

IV.   **Plaintiff Is Not Entitled To Any Discovery At This Time.**

In its Scheduling Order, the Court ordered, inter alia, that:

> Discovery is stayed pending resolution of Defendants' dispositive motion. If Plaintiff wishes to seek discovery of matters beyond the administrative record, Plaintiff shall proceed as appropriate pursuant to Federal Rule of Civil Procedure 56(f)

Scheduling Order of April 18, 2007, Docket Entry No. 19, at 2 ¶ 1.[7] As discussed above, however, plaintiff has not justified any delay in his response to, or the Court's consideration of, defendants' pending Motion to Dismiss and, in the Alternative, for Summary Judgment.

---

[7] Nor, given the Court's Scheduling Order staying discovery, could plaintiff have initiated discovery in April as he now argues. See Pl. Mem. 9. Moreover, at that time plaintiff had not yet even filed the Amended Complaint on which he now seeks discovery. See Amen. Compl., filed May 25, 2007. Defendants' pending dispositive motion was filed on June 22 in lieu of an answer to that Amended Complaint. Plaintiff's original Complaint stated only a claim under the APA and, thus, did not entitle plaintiff to discovery beyond the administrative record in any event. See Compl.; see also Transcript of February 27, 2007 Motions Hearing at 48 (plaintiff's counsel stating in reference to plaintiff's first Complaint that plaintiff "brought an APA action here. It is an APA action alleging that the order that Ramirez resign his city council seat violates law, the Constitution. That is our claim."); contra Pl. Mem. 1 (asserting that the original complaint raised both an APA cause of action and a cause of action directly under the constitution in the same count, but stating plaintiff amended his complaint to "clarify that he is pursuing claims both under the APA and directly under the Constitution" by "splitting the claims into two separate counts.").

Plaintiff's attempt to justify a continuance for discovery at this time by reference to judicial economy also fails. See Pl. Mem. 9-11.

Neither common sense nor the law would have the parties move to discovery before plaintiff establishes subject matter jurisdiction in this Court. Again, "'[w]ithout jurisdiction the court cannot proceed at all in any cause,'" other than to "'announc[e] the fact and dismiss[]'" the case. Steel Co., 523 U.S. at 94 (citation omitted).

By the same token, the possibility of a cross-motion for summary judgment by plaintiff does not justify Rule 56(f) discovery at this time. Under Rule 56(f), the Court "may order a continuance to permit . . . discovery to be had" when the non-moving party shows he cannot justify his opposition. Fed. R. Civ. P. 56(f). The non-movant's desire to support his own possible cross-motion by expanding the record is irrelevant. For that matter, any party opposing a properly supported Rule 56 motion could seek to obtain discovery and delay adjudication by claiming, as plaintiff does here, that *if* the Court were to deny summary judgment, further proceedings would occur anyway, so discovery may as well be had now. See Pl. Mem. 11. That, again, is not the way that Rule 56(f) works: plaintiff must justify his request for discovery by reference to facts that are necessary to his opposition and that he has a reason beyond mere hope and speculation to expect will be found via discovery. Plaintiff has not met that burden.

## CONCLUSION

Accordingly, for all the foregoing reasons the Court should deny plaintiff's Rule 56(f) Motion and order plaintiff to promptly respond to defendants' pending Motion to Dismiss or, in the Alternative, for Summary Judgment.

Dated:  July 30, 2007                                      Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

SUSAN K. RUDY D.C. Bar # 369112
Assistant Branch Director

         /s/ Steven Y. Bressler
STEVEN Y. BRESSLER D.C. Bar #482492
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
Post Office Box 883
Washington, DC  20044
Tel. No.:  (202) 514-4781
Fax No.: (202) 318-7609
Email:  Steven.Bressler@USDOJ.gov

Counsel for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAIME RAMIREZ, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:07-65 (GK) |
| UNITED STATES CUSTOMS AND BORDER PROTECTION, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**[PROPOSED] ORDER**

AND NOW, on this ____ day of _____, 2007, it is hereby **ordered** that plaintiff's Motion for a Continuance of the Deadline to Respond to Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, to Permit Discovery Pursuant to Rule 56(f) (Docket Entry No. 24) is **denied**. Plaintiff shall respond to defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Docket Entry No. 23) on or before _____, 2007.

_____
Hon. GLADYS KESSLER
Senior U.S. District Judge