IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAIME RAMIREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-cv-65 (GK) |
| ) | |
| U.S. CUSTOMS AND BORDER PROTECTION,) | (No court deadline |
| et al., ) | pending) |
| ) | |
| Defendants. ) | |
| ) | |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR A CONTINUANCE OF THE DEADLINE TO RESPOND TO DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT, TO PERMIT DISCOVERY PURSUANT TO RULE 56(f)**

The government opposes plaintiff Jaime Ramirez's request to engage in very limited discovery before responding to its motion seeking dismissal or summary judgment. It has made no effort to show that it would be prejudiced in any significant way if Ramirez's motion were granted. Instead, the government argues that Ramirez has not established jurisdiction in this Court, is limited to the administrative record with respect to one of his claims, and has not satisfied the standard for a continuance under Rule 56(f). These arguments have no merit.

**A.**   The government first insists that discovery is inappropriate because Ramirez's Rule 56(f) motion "ignored" its jurisdictional argument. See Gov't Opp'n at 3-4.[1] Ramirez did

---

[1] "Gov't Opp'n" refers to the Def. Mem. of Law in Opp'n to Pl. R. 56(f) Mot. for Continuance, filed July 30, 2007.

not address the government's jurisdictional argument in his motion because the Court had previously rejected that argument, when it granted Ramirez's request for a preliminary injunction.

In opposing Ramirez's request for a preliminary injunction, the government argued that this Court lacks subject matter jurisdiction over Ramirez's claims because, it contended, Ramirez had failed to exhaust administrative remedies purportedly available to him. See Def. Mem. in Opp'n to Pl. Mot. for Prelim. Inj., at 10-18 (filed Feb. 14, 2007) (hereafter "Def. PI Mem."). The government argued at length that Ramirez could have challenged the order that he resign from the Presidio City Council by filing either a complaint with the Office of Special Counsel (OSC) or a grievance under the collective bargaining agreement between his previous union and an agency that was a predecessor to Customs and Border Protection (CBP). Id.

Ramirez did not believe that those avenues were available for challenging the order.[2] Nonetheless, as the government suggested, he filed a timely complaint with OSC. OSC promptly denied the complaint for lack of jurisdiction. That decision became final on March 9, 2007 (see attached letter).

---

[2] He also showed that, even if administrative remedies were available, he was under no obligation to pursue them before seeking intervention by this Court to prevent irreparable harm to his Constitutional freedoms. See Reply Mem. in Supp. of Pl. App. for Prelim. Inj., at 2-7 (filed Feb. 22, 2007).

2

In granting Ramirez's request for a preliminary injunction, the Court addressed the government's jurisdictional argument at the outset. It observed that the government's argument had become "moot by virtue of the fact that since filing this lawsuit, Plaintiff filed a formal Complaint with [OSC] and the Complaint has been dismissed." See Ramirez v. CBP, No. 07-65 (GK), slip op. at 6 (Mar. 12, 2007). Concluding that it had jurisdiction, the Court stated that Ramirez had followed "the very procedure mandated in the CSRA, . . . there has been a definitive ruling by the appropriate executive branch official, [and] administrative remedies have been exhausted." Id. at 6-7. There was nothing conditional or tentative about the Court's jurisdictional ruling. Compare slip op. at 7 (cautioning parties that Court's analysis of the merits was subject to change upon full briefing).

Nonetheless, the government now attempts to resurrect its discredited jurisdictional argument by emphasizing the alleged existence of a remedy under the grievance procedure negotiated between Ramirez's previous union and one of CBP's predecessor agencies. See Mem. in Support of Def's Mot. To Dismiss Pl's Compl. for Lack of Subj. Matter Juris. or, in the Alternative, for Summ. Jdgmt., at 8-14 (filed June 22, 2007) ("Def. SJ Mem."). As we showed at the preliminary injunction stage, the government's grievance argument is fatally flawed for several

3

reasons. See Reply Mem. in Supp. of Pl's App. for a Prelim. Inj., at 2-11 (filed Feb. 22, 2007) ("PI Reply Mem."). The short answer is that the grievance process is not available to challenge a denial of approval to engage in outside employment/activity, such as the order at issue here.[3] The grievance remedy, therefore, is just as "nonexistent [a] path for relief" as is filing a complaint with OSC. See Def. SJ Mem., at 12 n.3. The government has never challenged this principle.

Because the Court determined that it had jurisdiction over this case in ruling on Ramirez's request for a preliminary injunction, and because nothing has changed since then that would support reversal of that ruling, the government's argument for dismissal remains meritless. Accordingly, it would be unjust to stay discovery pending briefing and a decision on the rejected jurisdictional argument.[4] Rather, as contemplated by

---

[3] See Int'l Fed'n of Prof'l and Tech. Engineers and SSA, 57 F.L.R.A. 915 (2002) (grievance challenging agency's denial of outside employment request dismissed as non-arbitrable); see also Office of Government Ethics, 99 X 5, Memorandum Regarding OGE Regulations and an Agency's Duty To Engage in Collective Bargaining (dated Apr. 12, 1999), at 2 (agency decisions on requests for approval to engage in outside employment not subject to collective bargaining process) (cited in PI Reply Mem. at 10-11).

[4] Even if there were any merit to the government's jurisdictional argument, a pending motion to dismiss "is not ordinarily a situation that in and [of] itself would warrant a stay of discovery." Twin City Fire Ins. Co. v. Employers Ins. of

his proposed scheduling praecipe, Ramirez should be permitted to address the government's jurisdictional argument following the limited discovery he seeks, as part of a single brief responding to the government's motion for dismissal or summary judgment.

**B.** The government's argument that Ramirez is limited to the administrative record--and therefore not entitled to engage in discovery--is premised on the assumption that his claim is brought exclusively under the Administrative Procedure Act (APA). Ramirez's discovery, however, is not focused on his APA claim. Rather, he seeks discovery in connection with his claim for relief directly under the Constitution.

Ramirez has contended from the outset of the litigation that the CBP order violates the First Amendment, and his amended complaint makes clear that he is pursuing relief directly under the Constitution, in addition to under the APA. The discovery he seeks is pertinent to his First Amendment claim, the type of claim for which discovery is routine. See, e.g., Initiative and Referendum Inst. v. U.S. Postal Serv., 417 F.3d 1299, 1304, reh'g denied, 2005 U.S. App. LEXIS 22085 (D.C. Cir.) (noting that discovery took place in connection with First Amendment

---

Wausau, 124 F.R.D. 652 (D. Nev. 1989), quoted in People with AIDS Health Group v. Burroughs Wellcome Co., 1991 U.S. Dist. LEXIS 14389 (D.D.C.). Indeed, the government's insistence that its jurisdictional argument be considered separately from any consideration of the merits of the case is puzzling in light of its strategy of filing a single motion simultaneously seeking dismissal or summary judgment.

5

challenge to postal regulation prohibiting solicitation of signatures outside postal service buildings); Kimberlin v. Quinlan, 199 F.3d 496, 499, 502-04 (1999), reh'g and reh'g en banc denied, 207 F.3d 667 (D.C. Cir.), cert. denied, 531 U.S. 871 (2000) (noting that discovery occurred in connection with First Amendment claim against federal government officials and instructing court on remand to consider whether discovery revealed any disputed issues of material fact).  The government's attempt to limit him to the administrative record, therefore, is based on a misapprehension of the nature of Ramirez's claim and has no legal basis.

    **C.**   The government seeks refuge in the Rule 56(f) standards in opposing Ramirez's request for discovery on his First Amendment claim.  It never comes to grips, though, with the established principle that Rule 56(f) motions should be granted "almost as a matter of course unless the non-moving party has not been diligent in pursuing discovery."  See Berkeley v. Home Ins. Co., 68 F.3d 1409 (D.C. Cir. 1995), cert. denied, 517 U.S. 1208 (1996) (quoting Wichita Falls Office Assocs. v. Banc One Corp., 978 F.2d 915, 919 n.4 (1992), reh'g denied, 1993 U.S. App. LEXIS 1287 (5th Cir.), cert. denied, 508 U.S. 910 (1993)).  Nor does it address at all the binding precedent from this Court and its reviewing circuit cited in Ramirez's Rule 56(f) motion (at 2-8).

Instead, the government relies on boilerplate language from several cases that, for various reasons, are inapposite.  Thus, it relies on cases where (a) the party seeking discovery admitted that discovery was not likely to turn up any new evidence;[5] (b) the discovery sought concerned facts that had already been established or were entirely immaterial;[6] (c) there was a presumption against discovery because of the type of claim brought;[7] or (d) the party seeking discovery offered only

---

[5] Messina v. Krakower, 439 F.3d 755, 762, reh'g and reh'g en banc denied, 2006 U.S. App. LEXIS 11219, 11224 (D.C. Cir.) (counsel conceded at argument that he had no reason to believe discovery would turn up the facts he was hoping to uncover); White v. Fraternal Order of Police, 909 F.2d 512, 517 (D.C. Cir. 1990) (party seeking discovery admitted that there was already enough evidence in the record to create a dispute as to the factual issue into which he sought discovery); Richardson v. Nat'l Rifle Ass'n, 871 F. Supp. 499, 502 (1994). reconsid. denied, 879 F. Supp. 1 (D.D.C. 1995) (prior to oral argument, plaintiff did not file Rule 56(f) motion and "both parties seemed content to await a decision on the motion before commencing discovery").

[6] Bastin v. Federal Nat'l Mortgage Ass'n, 104 F.3d 1392, 1396 (D.C. Cir. 1997) (discovery sought information about immaterial facts); Carpenter v. Federal Nat'l Mortgage Ass'n, 174 F.3d 231, 237-38 (D.C. Cir.), cert. denied, 528 U.S. 876 (1999) (rejecting request for discovery concerning facts not in dispute); Exxon Corp. v. FTC, 663 F.2d 120, 128 (D.C. Cir. 1980) (denying request for discovery about a letter whose connection to the legal issues was too attenuated to be material).

[7] Broaddrick v. Executive Office of the Pres., 139 F. Supp. 2d 55, 63 (D.D.C. 2001), aff'd, 38 Fed. Appx. 20 (D.C. Cir. 2002) ("discovery is not typically a part of FOIA and Privacy Act cases"); see also The Founding Church of Scientology o Washington, DC, Inc. v. National Security Agency, 610 F.2d 824 (D.C. Cir. 1979) (FOIA case in which Rule 56(f) was not even at issue).

conclusory assertions in support of its request.[8]  At bottom, the government dismisses Ramirez's proposed discovery as a "fishing expedition," and argues that Ramirez has not adequately explained what would be gained from the discovery he seeks.[9]  It is incorrect.

    Ramirez's Rule 56(f) motion specifically identifies three issues about which he seeks discovery, notes the manner of discovery he intends to use to obtain facts concerning those issues, explains why the facts he intends to obtain through discovery are material, and establishes that those facts cannot

---

[8] Strang v. U.S. Arms Control and Disarmament Agency, 864 F.2d 859, 861 (D.C. Cir. 1989) (plaintiff stated only that "discovery would be invaluable" and allow her "to test and elaborate the affidavit testimony"); Byrd v. EPA, 174 F.3d 239, 248 (D.C. Cir. 1999), cert. denied, 529 U.S. 1018 (2000) (plaintiff merely alleged that "there may well be knowledge on the part of EPA employees or undisclosed documents identifying additional contacts between EPA and the peer panel members"); Price v. Greenspan, 374 F. Supp. 2d 177, 183 (D.D.C. 2005), aff'd in part, 2006 U.S. App. LEXIS 6166 (D.C. Cir.) (conclusory statements about demonstrating pretext represented nothing more than "a figment of the attorney's imagination").

[9] The government lifts from one decision language stating that Rule 56(f) is designed "to prevent fishing expeditions." Hotel & Restaurant Employees Union, Local 25 v. Attorney General, 804 F.2d 1256, 1269 (D.C. Cir. 1986).  That decision was vacated (see 808 F.2d 847 (D.C. Cir. 1987)) and, in any event, supports Ramirez.  The rest of the sentence explains that Rule 56(f) prevents fishing expeditions "by narrowing the scope of discovery and affording the trial court the showing necessary to assess the merits of a party's opposition."  Ramirez's proposed discovery is consistent with that purpose, as it has been narrowly tailored to address material facts that go to the legitimacy of the government's stated interest, an issue at the core of this case.

be asserted through a declaration because Ramirez lacks personal knowledge about them.

   **1.**   Ramirez intends to submit an interrogatory and accompanying document request concerning Customs and Border Protection (CBP) Officers stationed at other ports around the country serving on elected, nonpartisan governing bodies. Based on information available to his counsel, Ramirez believes there are similarly situated employees who have continued serving on elected bodies without objection from CBP. Discovery is necessary on this issue, however, because Ramirez has no personal knowledge about similarly situated officers and cannot, therefore, swear to facts about them in a declaration. See Ramirez Decl. at ¶ 11 (dated July 5, 2007).

   Facts concerning CBP's treatment of similarly situated employees are material.[10] Indeed, in granting Ramirez's request for a preliminary injunction, this Court noted that the CBP

---

[10] See Pl. Rule 56(f) Mot. at 5 (citing Breen v. Dep't of Transp., 282 F.3d 839, 842 (D.C. Cir. 2002) (noting, in reversing summary judgment, that plaintiff was entitled to discovery under Rule 56(f) to determine whether a material fact was in dispute, i.e., whether other employees worked an alternative work schedule similar to the one requested by the employee as an accommodation, which the employer had rejected on the ground that the employee was needed in the office every day); Paquin v. Fannie Mae, 119 F.3d 23, 28 (D.C. Cir. 1997) (reversing district court's denial of discovery under Rule 56(f) to age discrimination plaintiff; plaintiff entitled to discover performance appraisals of similarly situated employees to determine whether proffered reason for termination was pretextual)).

order that Ramirez resign "could have far-reaching implications for the First Amendment freedoms of government employees throughout the country to participate in a wide range of local, non-partisan community activities." See slip op. at 12. These facts, therefore, concern both the scope of the restriction on the First Amendment freedoms of CBP employees and the legitimacy of the government's stated interest. The Court noted that the issue had not been "adequately fleshed out" at the preliminary injunction stage. Id. Ramirez now seeks limited discovery on this issue to flesh it out at the summary judgment stage.

2.   Ramirez intends to submit a second interrogatory and accompanying document request concerning employees of CBP or its predecessor agencies who worked at the Port of Presidio while also serving in elected positions in the Presidio City government. Ramirez has personal knowledge that some officers working in the Port of Presidio have previously served on the Presidio City Council and as mayor. Discovery is necessary, however, because there may be other employees of whom he is not aware who served in the Presidio City government. The declaration of Luis Garcia, submitted in support of the government's summary judgment motion, notes (at ¶ 22) that four employees of the former U.S. Customs Service--a predecessor agency to CBP--served in the Presidio government with the agency's permission. Those employees are not identified by

name, and Ramirez requires discovery to determine whether these employees are the same ones about which he has personal knowledge.

In addition, Ramirez lacks personal knowledge about the circumstances of or conditions imposed on those employees' previous service in the Presidio government. The circumstances under which Port of Presidio employees previously served are material, as the government's December 2006 order that Ramirez resign his City Council seat represents a reversal of a long-standing policy permitting such service. The Court identified this unexplained reversal of position as an important factor in its decision to grant Ramirez's request for a preliminary injunction. See slip op. at 10-11.

Moreover, Ramirez's discovery will reveal whether the government conditioned its approval on the four employees' agreement to recuse themselves from considering issues affecting their agency when acting in their capacity as Presidio City government officials. This is material as it goes to the legitimacy of the government's concern that the City Council affairs are intertwined with CBP affairs, a key aspect of the government's case. Discovery will also reveal which government officials considered and approved the employees' requests for approval to serve in the City government and with whom they consulted in doing so. These facts are material to whether the

government's reversal of position is simply due to a change in the "situs of decision making."  See slip op. at 10.

   **3.**  Ramirez intends to depose Luis Garcia concerning the facts allegedly supporting his conclusion that Ramirez's continued service on the City Council raises an impermissible actual or apparent conflict of interest.[11]  Garcia's declaration is a carefully crafted, post hoc litigation document obviously prepared with legal assistance.  It contains omissions and careful circumlocutions.  For example, the declaration does not identify when Garcia learned that Ramirez had been seated for a second term on the City Council in May 2006, whether Garcia took any immediate action upon learning that fact, and what happened between his learning that Ramirez was serving a second term and his December 2006 order that Ramirez resign his seat.  These facts go to the legitimacy of the government's stated interest.

   The declaration also fails to explain why Ramirez is apparently allowed to run for nonpartisan public office but may not serve, a distinction emphasized by the government in its brief in support of summary judgment (Def. SJ Mem., at 20 n.11).

---

[11] See Banks v. Veneman, 402 F. Supp. 2d 43, 48 (D.D.C. 2005) (rejecting government's contention in age discrimination case that its affidavits adequately address all material facts and allowing Rule 56(f) discovery because "[t]he circumstances surrounding the application process for the position, including the decision to exempt the position from the federal government's competitive service requirements, are material to Plaintiff's claims").

Nor does Garcia state why he believes that a CBP Officer might attempt to use his position to curry favor with potential voters and local businesses and whether he is aware of any CBP Officer anywhere in the country who has engaged in corruption of this sort.  Garcia's declaration also states that Ramirez has access to electronic investigative systems that may contain information about his constituents, potential voters, and fellow City Council members.  Garcia Decl. at ¶ 20.  Garcia does not name the database, describe the nature of the information it contains, or explain why he would believe access for that purpose is possible or likely.  Consequently, discovery is necessary to obtain these and other facts.[12]

The factual basis for Garcia's decision is central to the Court's overall assessment of the Pickering balancing test. Pickering v. Board of Educ., 391 U.S. 563, 574 (1968).  Garcia's declaration goes beyond the administrative record to elaborate

---

[12] The main purpose of the deposition, therefore, would not be to "'impugn' Mr. Garcia's declaration" (Gov't Opp'n at 10), but to discover facts material to the Court's assessment of the legitimacy of the government's argument.  In any event, cross-examination of the government's witness to test his recollection of material facts and his credibility is a legitimate purpose of a deposition in a First Amendment case.  There is no support for the government's position that Ramirez must take Garcia's carefully crafted post hoc litigation declaration at face value due to a "presumption of regularity" afforded governmental officials.  See Gov't Opp'n at 10.  Government officials make mistakes, even in sworn statements, as illustrated in this very case.  See Second Duffy Decl. at ¶ 8 (acknowledging misstatement in prior declaration concerning whether Ramirez leases or owns his home).

on the original reasons for his decision and to provide additional reasons never before articulated. In the process, it leaves unanswered many questions about facts material to the Court's analysis of the legal issue in this case. Accordingly, discovery is appropriate under the Rule 56(f) standards.[13]

  **D.** Lastly, the burden on the government in responding to Ramirez's planned discovery would be quite minimal. Ramirez seeks to take a single deposition (which he anticipates will last less than one day) and to serve a very limited set of interrogatories (likely consisting of two questions) and an accompanying document request concerning the subjects of the interrogatories. Absent further discovery disputes, Ramirez anticipates that discovery could be completed within 60 days. The government makes no argument that it would be prejudiced in any way by proceeding with the limited scope of discovery Ramirez intends to pursue. Absent a showing of prejudice, and

---

[13] The government incorrectly places weight on plaintiff counsel's agreement during the preliminary injunction hearing to submit the case for final judgment. See Gov't Opp'n at 9-10. Circumstances have changed: the Court has stated an interest in further development of the nation-wide impact of the CBP order; the Court has identified the government's reversal of position as a key issue in the case; and the government has submitted new post hoc litigation declarations that are not a part of the administrative record and that, in a transparent effort to respond to the issues raised by the Court at the preliminary injunction stage, attempt to articulate new reasons for the order being challenged. Ramirez's request for discovery is focused on these post-hearing developments.

14

for all the reasons stated above, granting Ramirez's motion would serve the interests of justice.

## CONCLUSION

For the reasons stated herein and in plaintiff's Rule 56(f) motion, a continuance of the Court's consideration of the government's motion for dismissal or summary judgment is warranted under Rule 56(f) to permit Ramirez to engage in the limited discovery he has proposed.

Respectfully submitted,

/s/ Gregory O'Duden
GREGORY O'DUDEN
General Counsel
D.C. Bar No. 254862

/s/ Elaine Kaplan
ELAINE KAPLAN
Senior Deputy General Counsel
D.C. Bar No. 292441

/s/ Barbara A. Atkin
BARBARA A. ATKIN
Deputy General Counsel
D.C. Bar No. 225797

/s/ Robert H. Shriver, III
ROBERT H. SHRIVER, III
Assistant Counsel
D.C. Bar No. 456858

NATIONAL TREASURY EMPLOYEES UNION
1750 H Street, NW
Washington, DC 20006
Telephone:  (202) 572-5500
Facsimile:  (202) 572-5645

August 8, 2007                    Attorneys for Plaintiff



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 201
Washington, D.C. 20036-4505
(202) 254-3600

RECEIVED MAR 1 2 2007  #12

March 9, 2007

Robert Shriver
NTEU
1750 H Street, NW
Washington, D.C. 20006

Re: OSC File No. MA-07-1137 (Ramirez)

Dear Mr. Shriver:

By letter dated February 22, 2007, we informed you of our preliminary determination not to take action on the complaint you filed on behalf of Jaime Ramirez. As a basis for our preliminary determination, we informed you that based on the information provided, OSC cannot find that the Department of Homeland Security has taken a personnel action against Mr. Ramirez, and therefore cannot conclude that the agency violated 5 U.S.C. § 2302(b)(12). We were also unable to find that the Department of Homeland Security committed any other violation over which we exercise jurisdiction. You also requested that OSC seek a stay of the agency's proposed action. Our letter informed you that we would not seek a stay.

Our February 22, 2007, letter informed you that you had thirteen days to respond to the reasons identified for our preliminary determination. We have not received a response. Accordingly, we have closed our file in this matter.

Sincerely,

Martha V. Sheth
Attorney
Complaints Examining Unit