IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

JAIME RAMIREZ,                              )
                                           )
          Plaintiff,                       )
                                           )
              v.                           ) Civil Action No. 07-65 (GK)
                                           )
U.S. CUSTOMS AND BORDER PROTECTION,)
et al.,                                    )
                                           )
          Defendants.                      )
                                           )

---

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE
## TO FILE A SECOND AMENDED COMPLAINT

Plaintiff Jaime Ramirez hereby seeks leave of the Court to file the attached Second Amended Complaint in order to include allegations concerning recent developments relevant to his legal claims.  In support of his motion, he states as follows:

**1.**    Plaintiff Jaime Ramirez initiated this action by filing a complaint on January 12, 2007.  He challenges the legality of an order from his employer, U.S. Customs and Border Protection (CBP), that he resign his seat on the non-partisan volunteer City Council of Presidio, Texas.

**2.**    On February 14, 2007, Ramirez filed a motion for a preliminary injunction to block the CBP order.  This Court granted his motion in a decision dated March 12, 2007.

**3.**    The government filed its answer in the case on April 12, 2007.  It then filed a dispositive motion to dismiss or, alternatively, for summary judgment on June 22, 2007.

**4.**    On July 9, 2007, Ramirez filed a motion to stay consideration of the government's dispositive motion in order to permit discovery under Federal Rule 56(f).  The government opposed that motion, and the issue was fully briefed.  On January 14, 2008, the Court granted Ramirez's motion and set a schedule for completion of discovery and briefing on the government's dispositive motion and on a cross-motion to be filed by Ramirez.

**5.**    Ramirez'S current term on the Presidio City Council expires in May 2008.  On January 4, 2008, Ramirez submitted a Request To Engage in Outside Employment or Business Activities to CBP in which he requested CBP's approval to serve a new two-year term on the Presidio City Council.  In a March 6, 2008 memorandum from Eugenio Garza, Jr., Acting Director of Field Operations, El Paso Field Office FO Garza, CBP denied Ramirez's request for authorization to serve a new term on the City Council.  The Memorandum (attached to Second Amended Complaint) noted the existence of the preliminary injunction entered in this matter, though, and thus states that CBP will take no action against Ramirez if he were to be elected for and serve a new term on the City Council.  Rather, CBP will "review the issue and consider its options upon issuance of, and in accord with, the District Court's opinion in the pending civil action."

**6.**    Ramirez seeks leave to amend his complaint to include CBP's decision to deny him approval to serve a new two-year term on the Presidio City Council and to replace as a defendant in this action Luis Garcia, who has since retired from federal employment, with his successor, Eugenio Garza, Jr.

**7.**    It is in the interests of justice to permit Ramirez to amend his complaint because the same legal issues are implicated by the recent denial of Ramirez's request for authorization to serve a new term on the City Council as were implicated by the previous CBP orders directing Ramirez to resign his seat on the Council, orders which have been preliminarily enjoined in this action.  Moreover, CBP has agreed that in recognition of the preliminary injunction previously issued in this case, it will not take action against Ramirez based on his continued service on the City Council.  Rather, it will await a final judgment from this Court and act in accordance with that decision.  It follows that the government would not be prejudiced by permitting Ramirez to amend his complaint.  Indeed, by permitting Ramirez to amend his complaint, the Court would ensure that its decision would resolve all legal issues between the parties on this matter, which is in the interests of the parties and the Court.

**8.** Ramirez's counsel has consulted with government counsel Steven Bressler, who represented that the government does not oppose this motion.

**CONCLUSION**

For the reasons stated herein, plaintiff Ramirez respectfully requests that the Court grant him leave to file the attached Second Amended Complaint.

Respectfully submitted,

/s/ Gregory O'Duden
GREGORY O'DUDEN
General Counsel
D.C. Bar No. 254862

/s/ Elaine Kaplan
ELAINE KAPLAN
Senior Deputy General Counsel
D.C. Bar No. 292441

/s/ Barbara A. Atkin
BARBARA A. ATKIN
Deputy General Counsel
D.C. Bar No. 225797

/s/ Robert H. Shriver, III
ROBERT H. SHRIVER, III
Assistant Counsel
D.C. Bar No. 456858

NATIONAL TREASURY EMPLOYEES UNION
1750 H Street, NW
Washington, DC 20006
(202) 572-5500

March 31, 2008                    Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAIME RAMIREZ<br>417 E. Rosedale Street<br>Presidio, TX 79845 | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| U.S. CUSTOMS AND BORDER PROTECTION<br>1300 Pennsylvania Ave. NW<br>Washington, D.C. 20229 | ) ) ) | No. 07-cv-65 (GK)<br><br>SECOND AMENDED |
| W. RALPH BASHAM, COMMISSIONER<br>U.S. CUSTOMS AND BORDER PROTECTION<br>1300 Pennsylvania Ave. NW<br>Washington, D.C. 20229 | ) ) ) ) ) | COMPLAINT FOR<br>DECLARATORY AND<br>INJUNCTIVE RELIEF |
| EUGENIO GARZA, JR.<br>ACTING DIRECTOR, FIELD OPERATIONS,<br>EL PASO FIELD OFFICE<br>U.S. CUSTOMS AND BORDER PROTECTION<br>9400 Viscount Boulevard, Suite 104<br>El Paso, TX 79925-7040 | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## INTRODUCTION

Jaime Ramirez, a Customs and Border Protection Officer working at the Presidio, Texas port of entry for U.S. Customs and Border Protection (CBP), brings this action to challenge CBP's interference with his constitutional right to participate fully in the political processes of the Nation. Since 2004, Ramirez has held an unpaid, elected position on the nonpartisan Presidio City Council. Before running in 2004, Ramirez obtained CBP's formal authorization to serve on the City Council. In a

December 22, 2006 memorandum, CBP reversed its position and ordered Ramirez to resign his Council seat.  Ramirez subsequently obtained a preliminary junction from this Court blocking CBP from enforcing its order that he resign either from CBP or from the Presidio City Council.

Ramirez's current term on the Presidio City Council expires in May 2008.  He has requested approval from CBP to serve a new two-year term on the City Council.  CBP has denied his request. Accordingly, Ramirez is submitting this amended complaint to allege that CBP violated his rights under the Constitution both by directing him to resign his current seat on the Presidio City Council and by refusing to grant his request for authorization to serve a new two-year term on the Presidio City Council to commence in May 2008.

## JURISDICTION

1.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702.

## VENUE

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.    Jaime Ramirez is a CBP Officer assigned to the Presidio, Texas port of entry.  He was elected to the Presidio City Council in 2004 and was seated for a second term in 2006,

which expires in May 2008.  Mr. Ramirez is running for a third term, which would commence in May 2008 and run through May 2010.

4.    United States Customs and Border Protection is an agency within the Department of Homeland Security and is Ramirez's employer.  CBP manages, controls, and protects the international borders at and between official ports of entry. CBP executes the inspectional and border control functions of three formerly separate agencies:  the United States Customs Service, the Immigration and Naturalization Service (including the Border Patrol), and the Animal and Plant Protection Service (APHIS—formerly a component of the U.S. Department of Agriculture).

5.    W. Ralph Basham is the Commissioner of CBP.  He is sued in his official capacity.

6.    Eugenio Garza, Jr., is CBP's Acting Director of Field Operations (DFO) in El Paso, Texas.  He is the successor to Luis Garcia, who was the DFO for El Paso at the time and was originally sued in his official capacity.  Garcia has since retired from CBP and is not named as a defendant in this amended complaint.  His successor Garza is now being sued in his official capacity.  In a Memorandum dated March 6, 2008, Garza advised Ramirez that CBP had denied Ramirez's request for approval to serve a new term on the Presidio City Council.

**STATEMENT OF CLAIMS**

**7.**    Ramirez is employed by CBP as a CBP Officer at grade 11 in Presidio, Texas.  His responsibilities include the inspection of vehicles and persons seeking to enter the country at the port of entry in Presidio, to interdict terrorists, illegal immigrants, and others suspected of criminal offenses, and to intercept drugs and other illegally imported goods.

**8.**    In 2004, Ramirez sought authorization from CBP to run in an election for a seat on the Presidio City Council.  CBP granted him authorization to run.  Ramirez than ran for and was elected to a position on the City Council.

**9.**    In May 2005, Luis Garcia, the previous DFO in El Paso, visited the Presidio port of entry and personally commended Ramirez verbally for his willingness to serve the community in a voluntary capacity on the City Council.  He also encouraged other CBP employees to run for nonpartisan office.  Ramirez received no complaint or other expression of concern from CBP regarding his service on the Council prior to the orders at issue here.

**10.**    Ramirez ran for reelection to the City Council in 2006.  No candidate for City Council was opposed in 2006, so the City Council exercised its authority to spare the city the expense of holding an election.  The unopposed candidates were

installed for two-year terms on the City Council without an election.

11.   Ramirez is currently running for election to a third term on the Presidio City Council, which would commence in May 2008 and end in May 2010.  There are six candidates running for three open spots on the City Council.

12.   The election for City Council is nonpartisan.  City Council members are unpaid.

12.   Federal employees are authorized to hold nonpartisan elected offices under the federal Hatch Act and its implementing regulations.  See 5 U.S.C. § 7321; 5 C.F.R. §§ 734.207(b).

13.   The five City Council members and the Mayor comprise the municipal government of the City of Presidio, which has a population of 5000-6000 people.  The City Council meets on the second Thursday of every month and when special meetings are called.  The meetings typically occur in the evenings.  Ramirez participates in the work of the Council during his nonwork-time only.

14.   The City Council has the authority to enact local ordinances, regulations, and resolutions; it also hires the City Administrator.  Its jurisdiction includes such matters as zoning issues, street repair, sanitation, and emergency services.

15.   Issues relating to the federal government rarely come before the City Council.  Since Ramirez began serving on the

City Council in 2004, only one issue related to CBP has arisen. It concerned efforts by the City of Presidio to obtain land seized by the U.S. Drug Enforcement Agency, and then lease that land back to the federal government. Ramirez recused himself from considering that issue. The City Council has not taken up any issues related to CBP since then. Ramirez has agreed to recuse himself from consideration of any issues that may arise in the future involving CBP and any other issues for which his position as a CBP Officer causes there to be an actual conflict of interest or an impermissible appearance of a conflict of interest.

16.    Other individuals assigned to the Presidio port of entry have previously served on the City Council while also working as employees (including as CBP Officers) of CBP and/or its predecessor agencies (see, supra, at ¶ 4). At least one individual has served as the mayor of the city while also working as an employee of CBP and/or one of its predecessor agencies at the Presidio port of entry.

17.    In addition, CBP has approved requests of other CBP Officers stationed at other ports to serve on nonpartisan, elected governing bodies.

18.    CBP is currently in the process of reinstating a CBP Officer who had been removed because he refused to relinquish his position as an elected, nonpartisan Commissioner for the

city of Brownsville, Texas.  The CBP Officer challenged his
removal at arbitration and prevailed.  The government has chosen
not to seek review of the arbitrator's decision.

**19.**  Pursuant to a December 1, 2006 directive, all CBP
decisions regarding approval for CBP employees to hold public
office were, at least for some period of time, made at the
headquarters level, in Washington, DC.  That directive, sent to
all of CBP's Directors of Field Operations (including former DFO
Garcia), stated that "DFOs no longer have the authority to
approve requests for outside employment that involve public
office."

**20.**  Following issuance of that directive, Ramirez received
a memorandum from former DFO Garcia, dated December 22, 2006,
directing him to resign his position as a member of the Presidio
City Council.  The memorandum acknowledged that the City Council
is nonpartisan and applauded Ramirez's "desire to serve [his]
community . . . ."  Nonetheless, it ordered Ramirez to resign
his position, citing an alleged appearance of a conflict of
interest.

**21.**  On March 12, 2007, this Court granted Ramirez's motion
for a preliminary injunction to block CBP from enforcing its
order that Ramirez resign either his position with CBP or his
seat on the Presidio City Council.  The preliminary injunction
remains in effect.

22.  On January 4, 2008, Ramirez submitted a Request To Engage in Outside Employment or Business Activities to CBP in which he requested CBP's approval to serve a new two-year term on the Presidio City Council.

23.  In a memorandum from Acting DFO Garza, dated March 6, 2008 (attached), CBP denied Ramirez's request for authorization to serve a new term on the City Council.  CBP noted the existence of the preliminary injunction entered in this matter and stated that it would take no action against Ramirez if he were to be elected for and serve a new term on the City Council.  Rather, CBP will "review the issue and consider its options upon issuance of, and in accord with, the District Court's opinion in the pending civil action."

24.  As did the Memorandum from former DFO Garcia issued to Ramirez on December 22, 2006, the Memorandum from Acting DFO Garza asserts that Ramirez's continued service on the Presidio City Council would "create at least the appearance of a conflict of interest," in violation of 5 C.F.R. § 2635.801(c).

25.  Ramirez has a First Amendment right to participate in the political processes of the Nation, including holding non-partisan elected office.

26.  CBP has identified no actual conflicts of interest or situations that would create an impermissible appearance of a conflict of interest under 5 C.F.R. §§ 2635.801 and 2635.802.  It

8

has identified no circumstances that would require the disqualification of Ramirez from matters so central or critical to the performance of his official duties as a CBP Officer that his ability to perform the duties of that position would be materially impaired.

## CAUSES OF ACTION

**I.   First Amendment Claim**

27.   Plaintiff reasserts and realleges the allegations contained in paragraphs 1 through 26 of this complaint as though contained herein.

28.   CBP'S orders that Ramirez resign his position on the City Council and its Memorandum refusing to approve his request to serve a new two-year term on the City Council interfere with his First Amendment right to engage in political speech and to speak publicly on these and other matters of public concern, and with his First Amendment freedom of association.  Ramirez's interest in engaging in this protected First Amendment activity outweighs any government interest in efficiency of operations that might flow from prohibiting this activity.  The orders and Memorandum, therefore, are unconstitutional as they violate Ramirez's First Amendment freedoms.

## II.  APA Claim

**29.**  Plaintiff reasserts and realleges the allegations contained in paragraphs 1 through 26 of this complaint as though contained herein.

**30.**  CBP'S orders that Ramirez resign his position on the City Council and its refusal to approve his request to serve a new two-year term on the City Council constitute final agency action for which there is no other adequate remedy at law.  The orders and Memorandum violate the First Amendment and, consequently, are invalid under the Administrative Procedure Act because they are arbitrary, capricious, an abuse of discretion, not in accordance with law, and contrary to a constitutional right, power, privilege or immunity.  5 U.S.C. § 706(2)(A)-(B).

### REQUEST FOR RELIEF

WHEREFORE, based on the foregoing, plaintiff Ramirez requests judgment against the defendants:

**A.**  Declaring CBP's December 22, 2006 and January 5, 2007 orders that Ramirez resign his position on the City Council to be unconstitutional;

**B.**  Issuing a permanent injunction ordering CBP to rescind its December 22, 2006 and January 5, 2007 orders that Ramirez resign his position on the City Council; to rescind its March 6, 2008 Memorandum refusing his request for approval to serve a new two-year term on the Presidio City Council commencing in May

2008; and to cease and desist from infringing on Ramirez's First Amendment freedoms;

C.    Awarding attorney fees and costs; and

D.    Ordering such further relief as the Court may deem just and appropriate.

Respectfully submitted,

/s/ Gregory O'Duden
GREGORY O'DUDEN
General Counsel
D.C. Bar No. 254862

/s/ Elaine Kaplan
ELAINE KAPLAN
Senior Deputy General Counsel
D.C. Bar No. 292441

/s/ Barbara A. Atkin
BARBARA A. ATKIN
Deputy General Counsel
D.C. Bar No. 225797

/s/ Robert H. Shriver, III
ROBERT H. SHRIVER, III
Assistant Counsel
D.C. Bar No. 456858

NATIONAL TREASURY EMPLOYEES UNION
1750 H Street, NW
Washington, DC 20006
(202) 572-5500

Date:  March 31, 2007    Attorneys for Plaintiff

MAR-06-2008 THU 02:51 PM                                    FAX NO.                          P. 01
03/06/2008 13:30    9156337345                    DIRECTOR US CUSTOMS              PAGE  01

# U.S. CUSTOMS AND BORDER PROTECTION
## Department of Homeland Security

### FACSIMILE TRANSMITTAL
CD 2110-035

Date: 3-6-08

Control Number:

| TO | | |
|---|---|---|
| | Name: | John Prevet |
| | Organization: | PR/ Presidio POE |
| | Fax Number: | 432  229-4124 |
| | Number of Pages (including cover): | 6 |

| FROM | | |
|---|---|---|
| | Sender: | **GENE GARZA ACTING DIRECTOR, FIELD OPERATIONS** |
| | Originating Location: | **EL PASO FIELD OFFICE**<br>**9400 VISCOUNT BLVD.**<br>**EL PASO, TEXAS  79925** |
| | Return FAX Number: | **(915) 633-7345** |
| | Voice Number: | **(915) 633-7300, EXT. 141** |

| REMARKS | |
|---|---|
| | Re: CBPO Jaime Ramirez |

**Important:** This document may contain confidential and sensitive U.S. Government information. Please deliver it immediately only to the intended recipient(s) listed above. The Bureau of Customs and Border Protection has not approved the documents review, retransmission, dissemination or use by anyone other than the intended recipient(s).

CBP Form 3 (05/03)

MAR-06-2008 THU 02:51 PM                                    FAX NO.                              P. 02
03/06/2008  13:30    9156337345              DIRECTOR US CUSTOMS                        PAGE  02

9400 Viscount Blvd., Suite 104
El Paso, TX 79925-7040



**U.S. Customs and
Border Protection**

March 6, 2008

MEMORANDUM FOR:    CBPO JAIME RAMIREZ
                   PORT OF PRESIDIO, TEXAS

FROM:              Acting Director, Field Operations
                   El Paso Field Office

SUBJECT:           Request For Outside Employment as Presidio City Council
                   Member

This memorandum responds to your request for permission to engage in outside employment. On January 9, 2008, you submitted a "Request to Engage in Outside Employment or Business Activities," CBP Form 3031, ("Request," attached hereto), seeking authorization to run for reelection, and if reelected to serve, as a Council Member for the City of Presidio, Texas. In 2004 you made a similar request which was originally denied, but later granted, allowing you to serve a two-year term as City Councilman provided you agreed in writing that you would recuse yourself from acting in your capacity as Council Member in any matters involving the Presidio Port of Entry, for the operation of which, CBP is responsible. After serving a two-year term as City Councilman, you ran for reelection, were reelected, and began to serve a second term as City Councilman, although you had not made a request for approval of this outside employment.

On December 22, 2006, after DFO Luis Garcia became aware of the fact that you had run for reelection to a second term as City Councilman, and that you had begun to serve your second term, he issued a memorandum informing you that you were required to resign from your position as City Councilman. In a memorandum issued to you on January 5, 2007, the DFO informed you that you had the choice of resigning your position as a City Councilman, or resigning your position as a CBPO, within 30 days, or you would face disciplinary action up to and including removal. You subsequently filed a lawsuit naming the Agency as defendant, in the U.S. District Court for the District of Columbia. (Ramirez v. U.S. Customs and Border Protection, D.D.C. Civil Action No. 1:07-65 (GK).) The judge in that action, which is pending final decision, issued an order enjoining the Agency from forcing you to choose between resigning your position as City Councilman and resigning your position as a CBP Officer.

I am denying your current request for outside employment. However, in light of the preliminary injunction, the Agency has determined not to take any action against you because of your outside activity as a member of the Presidio City Council. The Agency will review the issue and

consider its options upon issuance of, and in accord with, the District Court's opinion in the pending civil action.

I understand that, in the pending litigation, and in a letter from former DFO Luis Garcia, the interplay among the requirements of Government-wide ethics regulations, CBP Standards of Conduct and the Hatch Act has been explored. The critical issue for the Agency now is that, to ensure compliance with the Hatch Act, its implementing regulations, the Ethical Standards of Conduct for the Executive Service, and the CBP Standards of Conduct, outside activity on your part must not create a conflict of interest, or the appearance of a conflict of interest, between the exercise of your authority and responsibilities as a CBPO in the Port of Presidio, and your duties and interests as a member of the Presidio City Council. See 5 C.F.R. § 2635. In evaluating whether a conflict of interest or the appearance of one would be created by your service as a Presidio City Councilman, the Agency looks at all relevant circumstances and information available, and evaluates those facts and circumstances as would a reasonable person with knowledge of the relevant facts. For the reasons set forth below, it is my opinion that your continued service as a City Councilman, should you be elected, will create at least the appearance of a conflict of interest, in violation of § 2635.801(c).

As a GS-11 CBPO, a federal law enforcement officer, you are required to perform the full range of inspection, intelligence analysis, examination, and law enforcement duties relating to the arrival and departure of persons, conveyances, and merchandise at Ports of Entry – currently at the Presidio, Texas, Port of Entry. I recently visited the Port of Presidio and, as Port Director of Laredo, Texas, am familiar with situations presented in ports of entry on the land border. As a CBPO, one of your primary responsibilities is to identify potential terrorists and instruments of terror and to perform layered enforcement activities relative to counter-terrorism. The purpose of these enforcement activities is to prevent the entry into the United States of terrorists and instruments of terror, harmful pests and diseases, illegal drugs and contraband, illegal aliens and importations/exportations violative of law and trade agreements. Your position and responsibilities as a City Council Member must neither conflict with, nor appear to be in conflict with your performance of your official CBP duties or create the appearance of the loss of impartiality in the performance of your duties. Similarly, it is not permissible for political considerations to impact or affect the performance of those CBP duties.

As noted above, in performing your regular and customary duties, you conduct inspections and searches of vehicles, cargo, persons and their property. In carrying out such activities, you are entrusted with considerable discretion. Many of those subject to the exercise of your law enforcement responsibilities are also your political constituents, whose votes and continued approval you have sought, and will continue to seek, in order to secure your reelection. In some cases, these are the same individuals who have made, or will make, contributions—whether of time, effort or money—to assist you in your campaign. Should you be reelected and continue to serve as a member of the Presidio City Council, there is an inherent conflict between the requirement for impartiality, objectivity and vigilance in performing your CBPO duties, and a very natural inclination on your part as an officeholder to maintain a good relationship with the individuals and the community upon whom you rely for support, and whom you have a responsibility to serve, in your role as a member of the City Council. While I have no reason to

2

question your integrity in carrying out your official duties, I believe the inherent conflict set forth above will often present situations that create an appearance of impartiality.

I believe that an appearance of a loss of impartiality in the performance of your official duties exists because, due to the small population of Presidio, you will undoubtedly recognize many of the people that seek entry at the POE as your constituents. As an example, a perfectly sound decision not to refer a particular individual for secondary inspection might take on overtones of preferential treatment, if the individual is one of your constituents, or is known to have supported you in your campaign, to have benefited from action attributable to you as a municipal official, or to wield substantial influence among the local electorate. The appearance of impartiality is also present when you make an otherwise sound decision to refer to secondary inspection an individual who opposed your candidacy. Even knowing all the facts, it would still be reasonable for members of the public to believe there was an appearance of a conflict of interest in you wielding discretionary law enforcement authority over your constituents on a daily basis.

In addition to your inspectional duties, as a CBPO you have access to electronic investigative systems that contain law enforcement sensitive information contributed by many federal law enforcement agencies and entities. It may contain information about members of the local community, including political opponents, constituents, the Mayor, and even fellow City Council Members. While I do not suspect you would use such systems in an unethical or unlawful manner, the fact that your official duties give you access to information that could provide you with a political advantage could undermine the confidence of the public in your actions as a CBPO.

In addition to the conflicts you may encounter in performing your day-to-day duties, there is a broader landscape of activity which could raise questions of loss of impartiality on your part. In the recent past there have been some matters that have brought the Presidio Port of Entry (POE) (a CBP-operated facility) and the City of Presidio into direct conflict. For instance, I recall that there was a piece of property adjacent to the POE that had been seized by DEA, and that the City sought to obtain, in order to lease it back to the federal government. I note that you recused yourself from the Council's consideration of this matter, however, such property disputes between federal and municipal authorities are likely to arise in the future. As you know, the POE, currently located on private property, is set to undergo major expansion to accommodate increased border-related activity anticipated due to the construction of rail and highway systems from the interior of the Republic of Mexico to Ojinaga, Presidio's sister city across the Rio Grande. Additionally, I have been informed that the County and City of Presidio, as reflected in proposed legislation before the Texas State Senate, have joined together in an effort to acquire the United States portion of the Presidio International Bridge, for the purpose of initiating tolls for U.S.-to-Mexico crossings.

I believe that your service on the City Council could become problematic in a number of other contexts in which the City-CBP relationship is implicated. There are numerous overlaps between the City of Presidio and the Presidio Port of Entry that could raise issues of conflict, such as those arising from local federal housing, city zoning restrictions affecting CBP operations, interaction between respective law enforcement authorities, and the impact of certain CBP or DHS operations on the provision of municipal services. More specifically, the

3

construction of the fence along the southern border has been quite controversial and has involved condemnation proceedings by the federal government against landowners along the border and local officials filing lawsuits against the federal government. The very divisiveness of this hot topic creates an appearance of a conflict of interest between your duties on behalf of your constituents and those on behalf of CBP. In that same vein, the Western Hemisphere Travel Initiative, which requires the use of passports that may be expensive to acquire, both in terms of time and money, would also create an appearance of a conflict of interest, particularly due to the fact that you will be required to enforce the mandatory usage of passports by your constituents crossing the border.

Therefore, based upon my review of the totality of the circumstances and the applicable laws and regulations, I am denying your outside employment request, if elected, to serve as a Presidio City Council Member.

EUGENIO GARZA, JR.

Attachment

4

MAR-06-2008 THU 02:51 PM                                        FAX NO.                          P. 06
03/06/2008  13:30  9156337345
    JUN 05 2008 WED 09:36 PM        DIRECTOR US CUSTOMS                          PAGE  05
                                         FAX NO.                                       P. 03

U.S. DEPARTMENT OF HOMELAND SECURITY
Bureau of Customs and Border Protection

## REQUEST TO ENGAGE IN OUTSIDE EMPLOYMENT OR BUSINESS ACTIVITIES
Directive 51735-001A

| Name | Grade | Salary | Length of CBP Employment |
|---|---|---|---|
| Jaime Ramirez | 11.3 | $ 56,439.00 | 63 months |
| Position Title | Office, Port or Station where employed by CBP | | |
| CBPO | Presidio, Texas | | |

| Office Hours of Work | | | | Days of Normal Work Week | If over 40 hours indicate periods involving premium or overtime |
|---|---|---|---|---|---|
| From | AM PM | To | AM PM | | |
| 0800 | ☒ ☐ | 1600 | ☐ ☒ | Regular | As schedule |

### OUTSIDE EMPLOYMENT INFORMATION

Nature and detailed description of outside employment

City of Presidio Councilman, an unpaid, non-partisan elected office. If re-elected, I would
serve a two year term on the City Council.

| Name and address of outside employer | Type of business |
|---|---|
| 507 W O'Reilly Street, Presidio, Texas 79845 | Local Government (Non Partisan) |

Does employer engage in importation of merchandise for sale in the United States? If answer is Yes, specifically explain the relationship of his/her business contact with Customs and Border Protection.

NO

Does employer do business with other Federal agencies or represent clients on matters, which affect the interest of the United States Government? (This includes employment with attorneys or accountants who are authorized to practice before U. S. Courts or other regulatory organizations.) If answer is Yes, give details.

No, as in the past, I would recuse myself form considering any issue taken u by the City
Council affecting CBP.

| Specific hours of outside employment | | | | Number of outside employment hours | | Days of the week you expect to work |
|---|---|---|---|---|---|---|
| From | AM PM | To | AM PM | Daily | Weekly | |
| 6:30 | ☐ ☒ | 10:00 | ☐ ☒ | | | 2nd Thursdays each month |

I hereby certify that, my services in connection with the outside employment or business referred to above will not conflict with or infringe on my duties with or responsibilities to the Bureau of Customs and Border Protection and that the statements made herein are complete and correct to the best of my knowledge. I have read and understand the regulations on outside employment (5CFR 2635.802 and 5CFR3101.110(a) on the reverse and I understand that if my outside employment or business request is approved that I must

(a) Submit another written request for approval if the nature of the employment or business changes.
(b) Submit another written request for approval upon movement or transfer to a different approving official.
(c) Notify my supervisor, in writing, when my approved employment or business activity is terminated.

| Employee's Signature | Date |
|---|---|
| | 01/04/2007 |

RECOMMENDATION BY IMMEDIATE SUPERVISOR AND OTHER OFFICIALS (Indicate reason(s) where disapproval is recommended or, in cases with unusual circumstances where approval has been recommended.)

| ☐ Approved ☐ Disapproved | Signature and Title of Immediate Supervisor | Date |
|---|---|---|
| ☐ Approved ☐ Disapproved | Signature and Title of Immediate Supervisor | Date |
| ☐ Approved ☐ Disapproved | Signature and Title of Immediate Supervisor | Date |

CBP Form 3031 (02/00)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

JAIME RAMIREZ,                          )
                                        )
            Plaintiff,                  )
                                        )
            v.                          ) Civil Action No. 07-65 (GK)
                                        )
U.S. CUSTOMS AND BORDER PROTECTION,)
et al.,                                 )
                                        )
            Defendants.                 )
                                        )

---

**<u>ORDER</u>**

For the reasons stated in Plaintiff's Unopposed Motion for
Leave To File a Second Amended Complaint, it is hereby ORDERED
that said motion is GRANTED.


_____        _____
Date                   Judge Gladys Kessler
                       United States District Court for
                       the District of Columbia