```
                   IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF COLUMBIA
```

| | |
|---|---|
| JAIME RAMIREZ<br>417 E. Rosedale Street<br>Presidio, TX 79845<br><br>    Plaintiff,<br><br>        v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION<br>1300 Pennsylvania Ave. NW<br>Washington, D.C. 20229<br><br>W. RALPH BASHAM, COMMISSIONER<br>U.S. CUSTOMS AND BORDER PROTECTION<br>1300 Pennsylvania Ave. NW<br>Washington, D.C. 20229<br><br>EUGENIO GARZA, JR.<br>ACTING DIRECTOR, FIELD OPERATIONS,<br>EL PASO FIELD OFFICE<br>U.S. CUSTOMS AND BORDER PROTECTION<br>9400 Viscount Boulevard, Suite 104<br>El Paso, TX 79925-7040<br><br>    Defendants. | No. 07-cv-65 (GK)<br><br>SECOND AMENDED<br>COMPLAINT FOR<br>DECLARATORY AND<br>INJUNCTIVE RELIEF |

## INTRODUCTION

Jaime Ramirez, a Customs and Border Protection Officer working at the Presidio, Texas port of entry for U.S. Customs and Border Protection (CBP), brings this action to challenge CBP's interference with his constitutional right to participate fully in the political processes of the Nation. Since 2004, Ramirez has held an unpaid, elected position on the nonpartisan Presidio City Council. Before running in 2004, Ramirez obtained CBP's formal authorization to serve on the City Council. In a

December 22, 2006 memorandum, CBP reversed its position and ordered Ramirez to resign his Council seat. Ramirez subsequently obtained a preliminary junction from this Court blocking CBP from enforcing its order that he resign either from CBP or from the Presidio City Council.

Ramirez's current term on the Presidio City Council expires in May 2008. He has requested approval from CBP to serve a new two-year term on the City Council. CBP has denied his request. Accordingly, Ramirez is submitting this amended complaint to allege that CBP violated his rights under the Constitution both by directing him to resign his current seat on the Presidio City Council and by refusing to grant his request for authorization to serve a new two-year term on the Presidio City Council to commence in May 2008.

## JURISDICTION

1.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702.

## VENUE

2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.  Jaime Ramirez is a CBP Officer assigned to the Presidio, Texas port of entry. He was elected to the Presidio City Council in 2004 and was seated for a second term in 2006,

2

which expires in May 2008. Mr. Ramirez is running for a third term, which would commence in May 2008 and run through May 2010.

4. United States Customs and Border Protection is an agency within the Department of Homeland Security and is Ramirez's employer. CBP manages, controls, and protects the international borders at and between official ports of entry. CBP executes the inspectional and border control functions of three formerly separate agencies: the United States Customs Service, the Immigration and Naturalization Service (including the Border Patrol), and the Animal and Plant Protection Service (APHIS—formerly a component of the U.S. Department of Agriculture).

5. W. Ralph Basham is the Commissioner of CBP. He is sued in his official capacity.

6. Eugenio Garza, Jr., is CBP's Acting Director of Field Operations (DFO) in El Paso, Texas. He is the successor to Luis Garcia, who was the DFO for El Paso at the time and was originally sued in his official capacity. Garcia has since retired from CBP and is not named as a defendant in this amended complaint. His successor Garza is now being sued in his official capacity. In a Memorandum dated March 6, 2008, Garza advised Ramirez that CBP had denied Ramirez's request for approval to serve a new term on the Presidio City Council.

3

**STATEMENT OF CLAIMS**

7. Ramirez is employed by CBP as a CBP Officer at grade 11 in Presidio, Texas. His responsibilities include the inspection of vehicles and persons seeking to enter the country at the port of entry in Presidio, to interdict terrorists, illegal immigrants, and others suspected of criminal offenses, and to intercept drugs and other illegally imported goods.

8. In 2004, Ramirez sought authorization from CBP to run in an election for a seat on the Presidio City Council. CBP granted him authorization to run. Ramirez than ran for and was elected to a position on the City Council.

9. In May 2005, Luis Garcia, the previous DFO in El Paso, visited the Presidio port of entry and personally commended Ramirez verbally for his willingness to serve the community in a voluntary capacity on the City Council. He also encouraged other CBP employees to run for nonpartisan office. Ramirez received no complaint or other expression of concern from CBP regarding his service on the Council prior to the orders at issue here.

10. Ramirez ran for reelection to the City Council in 2006. No candidate for City Council was opposed in 2006, so the City Council exercised its authority to spare the city the expense of holding an election. The unopposed candidates were

installed for two-year terms on the City Council without an election.

**11.**  Ramirez is currently running for election to a third term on the Presidio City Council, which would commence in May 2008 and end in May 2010.  There are six candidates running for three open spots on the City Council.

**12.**  The election for City Council is nonpartisan.  City Council members are unpaid.

**12.**  Federal employees are authorized to hold nonpartisan elected offices under the federal Hatch Act and its implementing regulations.  See 5 U.S.C. § 7321; 5 C.F.R. §§ 734.207(b).

**13.**  The five City Council members and the Mayor comprise the municipal government of the City of Presidio, which has a population of 5000-6000 people.  The City Council meets on the second Thursday of every month and when special meetings are called.  The meetings typically occur in the evenings.  Ramirez participates in the work of the Council during his nonwork-time only.

**14.**  The City Council has the authority to enact local ordinances, regulations, and resolutions; it also hires the City Administrator.  Its jurisdiction includes such matters as zoning issues, street repair, sanitation, and emergency services.

**15.**  Issues relating to the federal government rarely come before the City Council.  Since Ramirez began serving on the

City Council in 2004, only one issue related to CBP has arisen. It concerned efforts by the City of Presidio to obtain land seized by the U.S. Drug Enforcement Agency, and then lease that land back to the federal government.  Ramirez recused himself from considering that issue.  The City Council has not taken up any issues related to CBP since then.  Ramirez has agreed to recuse himself from consideration of any issues that may arise in the future involving CBP and any other issues for which his position as a CBP Officer causes there to be an actual conflict of interest or an impermissible appearance of a conflict of interest.

16. Other individuals assigned to the Presidio port of entry have previously served on the City Council while also working as employees (including as CBP Officers) of CBP and/or its predecessor agencies (see, supra, at ¶ 4).  At least one individual has served as the mayor of the city while also working as an employee of CBP and/or one of its predecessor agencies at the Presidio port of entry.

17. In addition, CBP has approved requests of other CBP Officers stationed at other ports to serve on nonpartisan, elected governing bodies.

18. CBP is currently in the process of reinstating a CBP Officer who had been removed because he refused to relinquish his position as an elected, nonpartisan Commissioner for the

city of Brownsville, Texas. The CBP Officer challenged his removal at arbitration and prevailed. The government has chosen not to seek review of the arbitrator's decision.

19.  Pursuant to a December 1, 2006 directive, all CBP decisions regarding approval for CBP employees to hold public office were, at least for some period of time, made at the headquarters level, in Washington, DC. That directive, sent to all of CBP's Directors of Field Operations (including former DFO Garcia), stated that "DFOs no longer have the authority to approve requests for outside employment that involve public office."

20.  Following issuance of that directive, Ramirez received a memorandum from former DFO Garcia, dated December 22, 2006, directing him to resign his position as a member of the Presidio City Council. The memorandum acknowledged that the City Council is nonpartisan and applauded Ramirez's "desire to serve [his] community . . . ." Nonetheless, it ordered Ramirez to resign his position, citing an alleged appearance of a conflict of interest.

21.  On March 12, 2007, this Court granted Ramirez's motion for a preliminary injunction to block CBP from enforcing its order that Ramirez resign either his position with CBP or his seat on the Presidio City Council. The preliminary injunction remains in effect.

**22.** On January 4, 2008, Ramirez submitted a Request To Engage in Outside Employment or Business Activities to CBP in which he requested CBP's approval to serve a new two-year term on the Presidio City Council.

**23.** In a memorandum from Acting DFO Garza, dated March 6, 2008 (attached), CBP denied Ramirez's request for authorization to serve a new term on the City Council.  CBP noted the existence of the preliminary injunction entered in this matter and stated that it would take no action against Ramirez if he were to be elected for and serve a new term on the City Council.  Rather, CBP will "review the issue and consider its options upon issuance of, and in accord with, the District Court's opinion in the pending civil action."

**24.** As did the Memorandum from former DFO Garcia issued to Ramirez on December 22, 2006, the Memorandum from Acting DFO Garza asserts that Ramirez's continued service on the Presidio City Council would "create at least the appearance of a conflict of interest," in violation of 5 C.F.R. § 2635.801(c).

**25.** Ramirez has a First Amendment right to participate in the political processes of the Nation, including holding non-partisan elected office.

**26.** CBP has identified no actual conflicts of interest or situations that would create an impermissible appearance of a conflict of interest under 5 C.F.R. §§ 2635.801 and 2635.802.  It

has identified no circumstances that would require the disqualification of Ramirez from matters so central or critical to the performance of his official duties as a CBP Officer that his ability to perform the duties of that position would be materially impaired.

## CAUSES OF ACTION

I.  **First Amendment Claim**

27.  Plaintiff reasserts and realleges the allegations contained in paragraphs 1 through 26 of this complaint as though contained herein.

28.  CBP'S orders that Ramirez resign his position on the City Council and its Memorandum refusing to approve his request to serve a new two-year term on the City Council interfere with his First Amendment right to engage in political speech and to speak publicly on these and other matters of public concern, and with his First Amendment freedom of association.  Ramirez's interest in engaging in this protected First Amendment activity outweighs any government interest in efficiency of operations that might flow from prohibiting this activity.  The orders and Memorandum, therefore, are unconstitutional as they violate Ramirez's First Amendment freedoms.

**II. APA Claim**

    **29.** Plaintiff reasserts and realleges the allegations contained in paragraphs 1 through 26 of this complaint as though contained herein.

    **30.** CBP'S orders that Ramirez resign his position on the City Council and its refusal to approve his request to serve a new two-year term on the City Council constitute final agency action for which there is no other adequate remedy at law. The orders and Memorandum violate the First Amendment and, consequently, are invalid under the Administrative Procedure Act because they are arbitrary, capricious, an abuse of discretion, not in accordance with law, and contrary to a constitutional right, power, privilege or immunity. 5 U.S.C. § 706(2)(A)-(B).

<b><u>REQUEST FOR RELIEF</u></b>

    WHEREFORE, based on the foregoing, plaintiff Ramirez requests judgment against the defendants:

    **A.** Declaring CBP's December 22, 2006 and January 5, 2007 orders that Ramirez resign his position on the City Council to be unconstitutional;

    **B.** Issuing a permanent injunction ordering CBP to rescind its December 22, 2006 and January 5, 2007 orders that Ramirez resign his position on the City Council; to rescind its March 6, 2008 Memorandum refusing his request for approval to serve a new two-year term on the Presidio City Council commencing in May

2008; and to cease and desist from infringing on Ramirez's First Amendment freedoms;

  **C.**  Awarding attorney fees and costs; and

  **D.**  Ordering such further relief as the Court may deem just and appropriate.

           Respectfully submitted,

           /s/ Gregory O'Duden
           GREGORY O'DUDEN
           General Counsel
           D.C. Bar No. 254862

           /s/ Elaine Kaplan
           ELAINE KAPLAN
           Senior Deputy General Counsel
           D.C. Bar No. 292441

           /s/ Barbara A. Atkin
           BARBARA A. ATKIN
           Deputy General Counsel
           D.C. Bar No. 225797

           /s/ Robert H. Shriver, III
           ROBERT H. SHRIVER, III
           Assistant Counsel
           D.C. Bar No. 456858

           NATIONAL TREASURY EMPLOYEES UNION
           1750 H Street, NW
           Washington, DC 20006
           (202) 572-5500

Date:  March 31, 2007    <u>Attorneys for Plaintiff</u>