# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAIME RAMIREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-65 (GK) |
| ) | |
| UNITED STATES CUSTOMS ) | |
| AND BORDER PROTECTION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

COME NOW the defendants, U.S. Customs and Border Protection, et al., and respectfully move this Court to dismiss plaintiff's Second Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) for the reasons more fully set forth in defendants' accompanying Memorandum of Points and Authorities.

Dated: May 1, 2008

Respectfully submitted,

JEFFREY BUCHOLTZ
Acting Assistant Attorney General
JEFFREY A. TAYLOR
United States Attorney
SUSAN K. RUDY  D.C. Bar # 369112
Assistant Branch Director

   /s/ Steven Y. Bressler
STEVEN Y. BRESSLER  D.C. Bar #482492
Trial Attorney, U.S. Department of Justice
Post Office Box 883
Washington, DC  20044
Tel. No.:  (202) 514-4781
Fax No.: (202) 318-7609
Email:  Steven.Bressler@USDOJ.gov

JOHN P. HELM
Associate Chief Counsel
LINDSAY B. KAY
Attorney
Office of the Chief Counsel
U.S. Customs and Border Protection

*Of Counsel*

*Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAIME RAMIREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07-65 (GK) |
| | ) | |
| UNITED STATES CUSTOMS | ) | |
| AND BORDER PROTECTION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR LACK OF SUBJECT MATTER JURISDICTION**

**INTRODUCTION**

Plaintiff Jaime Ramirez is a federal law enforcement officer with U.S. Customs and Border Protection ("CBP") who inspects vehicles, cargo, and individuals seeking to enter the United States from Mexico at the Port of Presidio, Texas. Plaintiff is also an elected member of the Presidio City Council, relying for political support on the same individuals whose vehicles he inspects at the international border. Because of the appearance of a conflict of interest between plaintiff's two positions, CBP has instructed him to choose between them. Claiming CBP's order violates his First Amendment rights, plaintiff has asked this Court to permanently enjoin it.

Plaintiff cannot establish subject matter jurisdiction over his claims in this Court at this time, however, because he has not raised them through the procedures set forth in the Civil Service Reform Act, Pub. L. No. 95-454, 92 Stat. 1111, as amended, codified throughout 5 U.S.C., ("CSRA"). Nor has he exhausted those administrative remedies, as the Court of Appeals for the D.C. Circuit requires federal employees to do before raising constitutional claims over

personnel actions in district court. Before plaintiff may seek relief in this Court, the CSRA's comprehensive remedial framework requires him to first raise a grievance under the collective bargaining agreement with the government that covers him. Because he has failed to do so, this Court should grant defendants' motion and dismiss plaintiff's Second Amended Complaint for lack of subject matter jurisdiction.

## BACKGROUND

### I.  Statutory Background

The Civil Service Reform Act of 1978 ("CSRA"), Pub. L. No. 95-454, 92 Stat. 1111, regulates federal employment, from personnel practices and adverse actions to labor relations and employee grievances. The CSRA provides a "comprehensive" scheme of protections and remedies for federal employment disputes and "prescribes in great detail the protections and remedies applicable . . ., including the availability of . . . judicial review." United States v. Fausto, 484 U.S. 439, 448, 443 (1988). The CSRA generally "precludes district courts from taking jurisdiction over CSRA-related claims." Steadman v. Governor, U.S. Soldiers' and Airmen's Home, 918 F.2d 963, 967 (D.C. Cir. 1990) (citing Karahalios v. Nat'l Federation of Federal Employees, 489 U.S. 527, 536 (1989); Fausto, 484 U.S. 439, 445). The provisions of the CSRA that govern whether and when this Court has jurisdiction over plaintiff's claims are discussed in Part III.A., infra.

### II.  Factual Background

Jaime Ramirez is a U.S. Customs and Border Protection Officer in Presidio, Texas. See, e.g., Second Amended Complaint ("2d Am. Compl.") ¶ 3. In 2004, plaintiff sought permission from CBP to serve as a member of the Presidio City Council   the governing political and

legislative body of Presidio for a two-year term beginning in 2004. See id. ¶ 8. On December 22, 2006, while plaintiff was serving a second, two-year term, CBP directed plaintiff to choose between his political office and his civil service job due to the appearance of a conflict of interest. Id. ¶ 20. See also "Standards of Ethical Conduct for Employees of the Executive Branch," 5 C.F.R. § 2635.101 et seq. On January 12, 2007, plaintiff commenced this litigation with filing of his Complaint. See Compl. On March 12, 2007, this Court, holding that the parties' eventual likelihood of success on the merits in this litigation "is in equipoise," granted plaintiff's motion for preliminary injunction against enforcement of CBP's order that plaintiff choose between his jobs. Ramirez v. CBP, 477 F. Supp. 2d 150, 159 (D.D.C. 2007). The Court did not consider whether plaintiff was required to pursue or exhaust his administrative remedies under the applicable Collective Bargaining Agreement before seeking relief in this Court.

Upon information and belief, plaintiff's current term on the Presidio City Council the subject of both his Complaint and his First Amended Complaint will expire in May, 2008. On January 4, 2008, plaintiff requested CBP approval to serve a third, two-year term on the Presidio City Council. 2d Am. Compl. ¶ 22. Citing the appearance of a conflict of interest, CBP denied plaintiff's latest request but stated it would take no action to enforce its decision pending a ruling from this Court. Id. ¶¶ 23-24. On March 31, 2008, plaintiff filed his Second Amended Complaint to challenge CBP's 2008 order.

**ARGUMENT**

**III.   Plaintiff Cannot Establish Subject Matter Jurisdiction Over His Claims In This Court.**

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). The Court, of course, "always [has] jurisdiction to determine [its] jurisdiction." Nestor v. Hershey, 425 F. 2d 504, 511 (D.C. Cir. 1969); accord Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 93-94 (1998) (federal court may not decide merits before determining whether it has jurisdiction over a case). Here, the Court lacks jurisdiction over plaintiff's claims concerning his Presidio City Council service for the two-year term that began in 2006 because that claim is moot.[1] Plaintiff has also failed to establish subject matter jurisdiction over his claims, including those concerning his Presidio City Council service for a new two-year term beginning in 2008, because he has not raised them through the administrative procedures set forth in the Civil Service Reform Act, Pub. L. No. 95-454, 92 Stat. 1111, as amended, codified throughout 5 U.S.C. ("CSRA").

In United States v. Fausto, the Supreme Court found that "[a] leading purpose of the CSRA was to replace the haphazard arrangements for administrative and judicial review of

---

[1] As CBP has informed plaintiff, it will take no action to enforce its orders pending this Court's judgment. CBP's 2006 order concerned only plaintiff's request to serve on the city council for the 2006-2008 term, and defendants understand that term will expire shortly, even before briefing on this motion is concluded. See Honig v. Doe, 484 U.S. 305, 317 (1988) (The mootness doctrine limits federal courts to deciding "actual, ongoing controversies."). Defendants make no argument at this time that plaintiff's challenge to CBP's March 6, 2008, decision denying plaintiff's request for approval to serve a new, two-year term is moot.

personnel action, part of the 'outdated patchwork of statutes and rules built over almost a century' that was the civil service system." 484 U.S. 439, 444 (1988) (quoting S. REP. NO. 969, 95th Cong., 2d Sess. 3 (1978)). "Congress responded to this situation by enacting the CSRA, which replaced the patchwork system with an integrated scheme for administrative and judicial review . . . ." Id. at 445. Thus, the CSRA generally "precludes district courts from taking jurisdiction over CSRA-related claims." Steadman, 918 F.2d 963, 967 (citing Karahalios, 489 U.S. at 536; Fausto, 484 U.S. 439, 445)). The D.C. Circuit, sitting en banc, has made it clear that, when judging the preclusive effect of the CSRA, "it is the comprehensiveness of the statutory scheme involved, not the 'adequacy' of specific remedies extended thereunder, that counsels judicial restraint." Spagnola v. Mathis, 859 F.2d 223, 227 (D.C. Cir. 1988); see id. at 228 ("the [Supreme] Court regards a case-by-case examination of the particular administrative remedies available to a given plaintiff as unnecessary"). Instead, the CSRA must be given preclusive effect if the claims advanced by a federal employee are "within CSRA's ambit." Id. at 229.

      A.      **Plaintiff's Claims Fall Within The CSRA Framework.**

"In assessing whether the CSRA precludes [plaintiff's] claims, the determinative question is whether they fall within its purview." Doe v. Goss, Civ. No. 04-2122-GK, 2007 WL 106523, *8 (D.D.C. January 12, 2007) (Kessler, J.) (citing National Treasury Employees Union v. Devine, 577 F. Supp. 738, 745 (D.D.C. 1983), aff'd 733 F.2d 114 (D.C. Cir. 1984)). And Plaintiff's claims are "within CSRA's ambit," Spagnola, 859 F.2d at 229, because they are redressable under the grievance procedure of the Collective Bargaining Agreement ("CBA") covering plaintiff. See 5 U.S.C. § 7121(g). CBP employees such as plaintiff who were transferred to CBP

-5-

at its inception from jobs with the former U.S. Immigration and Naturalization Service were previously represented by the American Federation of Government Employees, Council 117, d/b/a National Homeland Security Council, and are covered by Agreement 2000 Between U.S. Immigration and Naturalization Service and National Immigration and Naturalization Service Council ("Agreement 2000") (available at http://www.ncisc119.net/Agreement_2000.doc (last visited April 30, 2008)). Under Chapter 71 of the CSRA, every collective bargaining agreement is required to contain a procedure for "the settlement of grievances." 5 U.S.C. § 7121(a)(1).[2]

The CSRA's definition of "grievance" is broad and plainly encompasses the CBP orders that plaintiff challenges here. See 5 U.S.C. §§ 7103(a)(9)(A) (grievance includes a complaint "concerning any matter relating to the employment of the employee") & 7103(a)(9)(C)(ii) (grievance includes a complaint regarding "any claimed violation, misinterpretation, or misapplication of any law, rule, or regulation affecting conditions of employment"); see also Agreement 2000 Art. 47(B) (including same definition of grievance). Thus, a CBP employee covered by a CBA can contest an allegedly improper personnel action through the grievance procedures established by the CBA.

If the negotiated grievance procedures under the CBA do not resolve an employee's grievance, either the union or the agency may invoke binding arbitration, 5 U.S.C. § 7121(b)(1)(C)(iii), with subsequent review of the arbitrator's decision by the Federal Labor

---

[2] On May 18, 2007, following a disputed election, the Federal Labor Relations Authority certified the National Treasury Employees' Union ("NTEU") as exclusive representative of, inter alia, certain CBP employees who were formerly employed by INS such as plaintiff. Until NTEU and CBP negotiate a new CBA, plaintiff may still avail himself of the Agreement 2000 grievance procedure. Since May 18, 2007, he has had the right to be represented by NTEU in such a grievance.

Relations Authority ("FLRA"), 5 U.S.C. § 7122(a). The FLRA may "take such action and make such recommendations concerning the [arbitral] award as it considers necessary, consistent with applicable laws, rules, or regulations." 5 U.S.C. § 7122(a)(2). That structure reflects "the Congressionally unambiguous and unmistakable preference for exclusivity of arbitration[, which] is a central part of the comprehensive overhaul of the civil service system provided by the CSRA." Muniz v. United States, 972 F.2d 1304, 1309 (Fed. Cir. 1992). "To hold that the district courts must entertain such cases in the first instance would seriously undermine what [the Court] deem[s] to be the congressional scheme." Karahalios, 489 U.S. at 536-37. Accordingly, the CSRA precludes employees subject to an agency's grievance procedures from bypassing those procedures and first seeking judicial consideration of their grievances. Carducci v. Regan, 714 F.2d 171, 172-5 (D.C. Cir. 1983).[3]

---

[3]   Under 5 U.S.C. § 7121(g), a plaintiff who may raise a grievance under a CBA may instead elect to pursue other available administrative remedies by, e.g., seeking corrective action from the Office of Special Counsel ("OSC"). Here, plaintiff consulted OSC after defendants filed their opposition to plaintiff's Motion for Preliminary Injunction. According to OSC's response, it determined plaintiff has no administrative remedy with OSC under the CSRA. See OSC Letter, Exhibit B to Plaintiff's Reply Memorandum in Support of Motion for a Preliminary Injunction (Docket Entry No. 5). Even if plaintiff has no administrative remedy with OSC for the actions of defendants that plaintiff challenges here, he does have an administrative remedy in the CSRA remedial scheme through the negotiated grievance procedure under Agreement 2000. Plaintiff may not bypass that administrative remedy by taking a claim to OSC any more than he may ignore the CSRA structure and its deadlines entirely; indeed, if a plaintiff could "exhaust" his administrative remedies by electing a non-existent path for relief, or waiting until his time to seek administrative relief had lapsed, it would render the exhaustion requirement meaningless. Plaintiff has not alleged that he has attempted to exhaust his administrative remedy for CBP's March 2008 decision.

B.  **Plaintiff's Statutory Claims Are Barred By The CSRA.**

Plaintiff's Second Amended Complaint purports to raise a constitutional challenge for alleged violation of the First Amendment, discussed below, as well as an Administrative Procedure Act challenge based on the same alleged First Amendment violation. 2d Am. Compl. ¶ 30. Unlike plaintiff's constitutional claim, his statutory claim is completely barred by the CSRA regardless of whether plaintiff exhausts administrative remedies. Spagnola, 809 F.2d at 30 (CSRA precludes statutory claims in district court for federal employees against their employers); Harrison v. Bowen, 815 F.2d 1505, 1514-15 (D.C. Cir. 1987) (the CSRA "had the effect of depriving employees of a right of judicial review under the APA that they probably had prior to enactment of the CSRA."). As explained supra, plaintiff's claim is cognizable under the Collective Bargaining Agreement ("CBA") that covers him within the CSRA framework. Accordingly, this Court lacks jurisdiction over his APA claim.

C.  **This Court Lacks Jurisdiction Over Plaintiff's Constitutional Claims Unless And Until Plaintiff Exhausts His Administrative Remedies.**

"Constitutional challenges to Agency action, such as the First Amendment claims raised by petitioner, are fully cognizable within [the CSRA] system." Bush v. Lucas, 462 U.S. 367, 386 (1983). For that reason, the Court of Appeals for the D.C. Circuit has held that it is only "if a constitutional claim survives an unsuccessful journey through the administrative process, [that] the federal courts are open." Steadman, 918 F.2d at 968; accord Weaver v. U.S. Information Agency, 87 F.3d 1429, 1433 (D.C. Cir. 1996) (federal court review over a constitutional claim may be available "at the end of the line. . . . But first the plaintiff must exhaust administrative remedies."). This is because the federal judiciary should not "improperly interject [itself], at a

premature stage into the CSRA's carefully developed system of administrative review."[4] Steadman, 918 F.2d at 966.  Accordingly, Steadman established that it is only the "unsuccessful" complainant who may bring a constitutional cause of action to federal court once his journey through the administrative process is completed.  918 F.2d at 968.  Similarly, in Weaver, the Court of Appeals clearly articulated the requirement that, although constitutional claims for injunctive relief[5] might be heard by a federal court, administrative remedies must be exhausted "first."  87 F.3d at 1433.  This exhaustion requirement is jurisdictional.  See Weaver, 87 F.3d at 1433 ("under the CSRA, exhaustion of administrative remedies is a jurisdictional prerequisite to suit") (citing Steadman, 918 F.2d at 966-68).  As to plaintiff's constitutional claim, accordingly, "Congress has allocated initial review to an administrative body," and has "preclude[d] initial judicial review."  Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 207 (1994).

At a minimum, therefore, plaintiff must exhaust his administrative remedies under the relevant CBA before his constitutional claims are cognizable in this Court.  See Weaver, 87 F.3d at 1434 (where constitutional claim is intertwined with claims that fall within the scope of the

---

[4]  As another judge of this Court explained,

> The exhaustion requirement exists because it serves four important purposes.  First, it prevents litigants from circumventing Congress' carefully crafted remedial scheme.  Second, it gives agencies the opportunity to correct their own mistakes or to exercise the discretion they have been granted.  Third, it eases the burden on the federal judiciary by allowing the parties and the agency to develop the facts in an administrative forum.  Finally, it will either focus the issues for judicial review or settle the dispute so that judicial review will become unnecessary.

Martin v. EPA, 271 F. Supp. 2d 38, 45 (D.D.C. 2002).

[5]  Claims arising under the constitution but seeking money damages are wholly precluded.  See, e.g., Bush, 462 U.S. at 388.

CSRA, or are "premised on the same facts," exhaustion is required); cf. Filebark v. U.S. Dep't of Transportation, 468 F. Supp. 2d 3, 6 & n.3 (D.D.C. 2006) (Leon, J.) (following Johnson v. Peterson, 996 F.2d 397, 401 (D.C. Cir. 1993) to hold district court lacks jurisdiction to resolve a grievance that is subject to CBA procedures).[6]  This Court thus lacks subject matter jurisdiction over plaintiff's constitutional claim, at least unless and until he has exhausted the carefully designed procedures of the CSRA.  See Weaver, 87 F.3d at 1434-35; Steadman, 918 F.2d at 968.

---

[6] Compare with Mudge v. U.S., 308 F.3d 1220, 1227 (Fed. Cir. 2002) (holding federal employee can seek a judicial remedy for a grievance subject to CBA where such a remedy isn't abrogated by the CBA); Asociacion De Empleados Del Area Canalera v. Panama Canal Com'n, 329 F.3d 1235, 1238 (11th Cir. 2003) (following id.); Whitman v. Dep't of Transportation, 382 F.3d 938 (9th Cir. 2004) (disagreeing with Mudge), vacated and remanded on other grounds, 547 U.S. 512 (2006) (holding the CSRA "does not confer jurisdiction," id. at 2015, and noting that "the CSRA as a whole" may, contrary to Mudge, "remove[ ] the jurisdiction [otherwise] given to the federal courts" over a claim concerning a grievance subject to a CBA); and Toledo v. Jackson, 485 F.3d 836, 840 (6th Cir. 2007) (following Whitman).

**CONCLUSION**

For all the foregoing reasons, the Court should dismiss plaintiff's Second Amended Complaint for lack of subject matter jurisdiction.

| | |
|---|---|
| Dated: May 1, 2008 | Respectfully submitted, |
| | JEFFREY BUCHOLTZ<br>Acting Assistant Attorney General |
| | JEFFREY A. TAYLOR<br>United States Attorney |
| | SUSAN K. RUDY D.C. Bar # 369112<br>Assistant Branch Director |
| |   /s/ Steven Y. Bressler<br>STEVEN Y. BRESSLER D.C. Bar #482492<br>Trial Attorney, U.S. Department of Justice |
| JOHN P. HELM | Civil Division, Federal Programs Branch |
| Associate Chief Counsel | Post Office Box 883 |
| LINDSAY B. KAY | Washington, DC  20044 |
| Attorney | Tel. No.:  (202) 514-4781 |
| Office of the Chief Counsel | Fax No.: (202) 318-7609 |
| U.S. Customs and Border Protection | Email:  Steven.Bressler@USDOJ.gov |
| | |
| *Of Counsel* | *Counsel for Defendants* |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAIME RAMIREZ,  )
  )
        Plaintiff,  )
  )
    v.  )   Civil Action No. 1:07-65 (GK)
  )
UNITED STATES CUSTOMS  )
AND BORDER PROTECTION, *et al.*,  )
  )
        Defendants.  )

**[PROPOSED] ORDER**

AND NOW this _____ day of _____, 2008, it is hereby ORDERED that defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for Lack of Subject Matter Jurisdiction is GRANTED.  The Clerk is directed to dismiss plaintiff's Second Amended Complaint and enter judgment for defendants.

_____
Hon. GLADYS KESSLER
Senior U.S. District Judge