IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
JAIME RAMIREZ,                       )
                                     )
         Plaintiff,                  )
                                     )
         v.                          )   No. 07-cv-65 (GK)
                                     )
U.S. CUSTOMS AND BORDER PROTECTION,  )
et al.,                              )
                                     )
         Defendants.                 )
                                     )
```

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO COMPEL DEFENDANTS TO MEET AND CONFER PURSUANT TO FEDERAL RULE 26(F) AND LOCAL RULE 16.3(A), TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS, AND, ALTERNATIVELY, FOR ORAL ARGUMENT ON THE GOVERNMENT'S MOTION TO DISMISS**

Plaintiff Jaime Ramirez has filed a motion asking the Court to compel the defendants (the "government") to confer with him, as required by Federal Rule 26(f) and Local Rule 16.3(a), and to respond to his discovery requests. Alternatively, Ramirez requests that the Court schedule oral argument on the government's pending motion to dismiss. Ramirez offers this memorandum in support of his motion.

## BACKGROUND

This case concerns Ramirez's claim that the government has violated his constitutional rights by denying his requests for authorization to serve on the nonpartisan, volunteer City Council of Presidio, Texas. In an order dated March 12, 2007, the Court granted Ramirez's request for a preliminary

injunction, blocking the government from enforcing its December 2007 order that Ramirez either resign his City Council seat or his position as a Customs and Border Protection (CBP) Officer.

Ramirez's term on the City Council expired in May 2008. In January 2008, Ramirez requested CBP's authorization to serve a new term. The government denied that request in March 2008, but agreed not to take action against Ramirez until this case is resolved. Ramirez ran for, and was elected to, a new two-year term on the City Council, which will expire in May 2010.

On March 31, 2008, Ramirez filed a motion for leave to submit a seconded amended complaint to challenge the government's denial of his request for authorization to serve a new term. The Court granted the motion on April 1, 2008. The government has filed a motion to dismiss the second amended complaint, contending that the Court lacks jurisdiction. The motion has now been fully briefed.

On June 18, 2008, Ramirez's counsel requested that government counsel meet and confer for purposes of updating the report submitted by the parties on April 16, 2007, pursuant to Local Rule 16.3(d). The Rule 16.3(d) report addresses, among other things, the discovery matters set forth in Federal Rule 26(f). Also on June 18, 2008, Ramirez served the government with a set of interrogatories and request for production of documents (attached). Completion of this discovery is a

necessary prerequisite to Ramirez's filing of a motion for summary judgment.

In a letter dated July 9, 2008, government counsel advised Ramirez's counsel that the government would not meet and confer and would not respond to Ramirez's discovery requests. The government's position is that discovery should not commence unless and until the Court denies the pending motion to dismiss.

## ARGUMENT

By refusing to respond to Ramirez's discovery requests, the government has essentially imposed a stay on discovery pending resolution of its motion to dismiss. Stays of discovery, however, "are not favored"; the delay or prolonging of discovery "can create management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988), quoted in Feldman v. Flood, 176 F.R.D. 651 (M.D. Fla. 1997)). A discovery stay may only be obtained, therefore, if the party advocating the stay can establish good cause. See Fed. R. Civ. Proc. 26(c)(1). The government cannot satisfy that standard here.

1.  The government relies on the pendency of its motion to dismiss as the sole basis for staying discovery, arguing that it should be spared the burden of responding to any discovery whatsoever unless and until the Court denies its motion. The

3

government's "[b]are assertions that discovery will be unduly burdensome or that it should be stayed pending dispositive motions that [it contends] will probably be sustained" are "insufficient to justify the entry of an order staying discovery generally." Continental Illinois Bank & Trust Co. v. Caton, 130 F.R.D. 145, 148 (D. Kan. 1990), quoted in People with AIDS Health Group v. Burroughs Wellcome Co., 1991 U.S. Dist. LEXIS 14389 (D.D.C.). Indeed, the absence of an automatic stay provision in the Federal Rules is particularly telling. See Moss v. Hollis, 1990 Fed. Sec. L. Rep. (CCH) ¶ 95,443 at 97,260 (D. Conn.), quoted in In re Chase Manhattan Corp. Sec. Litig., 1991 U.S. Dist. LEXIS 6136 (S.D.N.Y. 1991) ("[h]ad the Federal Rules contemplated that a motion to dismiss under Rule 12(b)(6) would stay discovery, they would contain such a provision"). Stated simply, the "mere filing of a motion to dismiss does not constitute 'good cause' for the issuance of a stay." Hollins v. U.S. Tennis Ass'n, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006); see also 6 James Wm. Moore, Moore's Fed. Prac., § 26.105[3][c] (3d ed. 2008).

 2. When the party advocating a stay relies on an unresolved motion to dismiss as the basis for the stay, "it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." Feldman, 176

4

F.R.D. at 652-53; see also 6 Moore's Fed. Prac., § 26.105[3][c]. Here, the Court has had more than a preliminary peek. Indeed, the government's challenge to the Court's jurisdiction, framed as preclusion and exhaustion arguments, is largely recycled from the jurisdictional challenge it made in opposing Ramirez's request for a preliminary injunction. See Mem. in Opp'n to Pl. Mot. for Prelim. Inj., at 14-17. The Court plainly rejected those arguments when it granted Ramirez's request for a preliminary injunction. See Ramirez v. U.S. Customs and Border Protection, 477 F. Supp. 2d 150, 155 (D.D.C. 2007) ("the Court concludes that it has subject matter jurisdiction"). In essence, then, the government is asking the Court to stay discovery because it has asked the Court to reconsider its previous determination that it has subject matter jurisdiction over Ramirez's claims. That is not good cause.

To be sure, the emphasis of the government's jurisdictional argument has shifted from the preliminary injunction stage, as it now argues exclusively that Ramirez had to pursue relief through the grievance process, whereas it had previously insisted that relief had to be sought under either the grievance process or by filing a complaint with the Office of Special Counsel (OSC). The shift was necessitated by OSC's determination that, as Ramirez had argued, it had no jurisdiction to provide him with any relief.

The only other intervening event is the issuance of a decision by the District Court of Alaska holding that a Federal Aviation Administration employee had to pursue relief through the grievance process before filing suit on his claim that he was subjected to drug testing in violation of his constitutional rights. See Whitman v. Dep't of Transp., No. 3:02-cv-0112-RRB (May 30, 2008). The Court should refrain from assigning any persuasive weight to that unpublished order, as it is totally devoid of any independent reasoning by the judge. In fact, the entire "discussion" is lifted directly and verbatim from the government's motion to dismiss and reply memorandum in support of its motion, with no support other than the government's argument. Whitman, therefore, does not provide a basis for a stay of discovery in this case.

3. Another factor in considering whether to stay discovery is whether the discovery requests are unduly burdensome. See, e.g., Hollins, 469 F. Supp. 2d at 78. The government makes no such argument here. Indeed, Ramirez's requests consist of just two interrogatories (with subparts), each of which is accompanied by a request for documents related to the interrogatories. The interrogatories seek information about other CBP employees, from Presidio and elsewhere, who have served, or been denied permission to serve, on elected, nonpartisan bodies. Ramirez also intends to depose the two CBP

6

Directors of Field Operations, El Paso, who denied his requests for authorization to serve on the City Council. Ramirez's discovery is, therefore, narrow and focused, and it will not be unduly burdensome for the government to respond. See Howard v. Galesi, 107 F.R.D. 348, (D.D.N.Y. 1985) (noting that "defendant does not argue that responding to [the discovery] request will present any particular difficulties" in denying motion to stay discovery).

4. Delaying discovery will prejudice Ramirez. See Hollins, 469 F. Supp. 2d at 78. He has been serving on the City Council under a cloud of uncertainty since December 2006, when CBP first ordered him to resign. Ramirez is refraining from seeking other unpaid, non-partisan offices in which he is interested until this case is resolved.

Moreover, as mentioned, Ramirez intends to depose the CBP officials who denied his requests. CBP's former Director of Field Operations, Luis Garcia, who initially ordered him to resign from the City Council in December 2006, is retired and may become harder to locate the more time passes. His memory of relevant events--like that of his successor, Eugenio Garza, Jr., who issued the March 2008 denial of Ramirez's request to serve a new term--is also likely to fade as time wears on.

5. Should the Court not wish to revisit at this time its prior holding that it has subject matter jurisdiction over

7

Ramirez's claims, compelling discovery would also be in the interest of judicial economy. If the court were to grant Ramirez's motion to compel, he would proceed expeditiously with discovery and, at its completion, he would likely submit a motion for summary judgment. Ramirez would expect the government to submit a cross-motion for summary judgment. The Court would have all dispositive motions before it and could schedule a single hearing and issue a single decision disposing of all the motions and (absent any disputed material facts) entering final judgment in the case.[1]

6.  Proceeding expeditiously toward a final resolution of this case also advances the public interest. This case concerns a CBP policy regarding service on non-partisan elected bodies by CBP employees. Until this case is resolved, CBP employees will be forced to choose either to refrain from assisting their communities by serving on these bodies or to seek authorization to serve and then, when it is denied, to initiate litigation against their employing agency. Understandably, many will be disinclined to sue their employer. Accordingly, there is a public interest in advancing this matter promptly toward

---

[1] Should the Court deny Ramirez's motion to compel and proceed to a consideration of the government's motion to dismiss, Ramirez respectfully requests that the Court schedule oral argument on the motion.

resolution so CBP employees know definitively whether they can serve on nonpartisan elected bodies.

## CONCLUSION

For the foregoing reasons, plaintiff Ramirez respectfully requests that the Court grant his motion to compel the government to meet and confer with him pursuant to Rule 26(f) and to respond to his discovery requests. If the Court denies Ramirez's motion to compel, Ramirez alternatively requests that it schedule oral argument on the government's motion to dismiss.

Respectfully submitted,

/s/ Gregory O'Duden
GREGORY O'DUDEN
General Counsel
D.C. Bar No. 254862

/s/ Elaine Kaplan
ELAINE KAPLAN
Senior Deputy General Counsel
D.C. Bar No. 292441

/s/ Barbara A. Atkin
BARBARA A. ATKIN
Deputy General Counsel
D.C. Bar No. 225797

/s/ Robert H. Shriver, III
ROBERT H. SHRIVER, III
Assistant Counsel
D.C. Bar No. 456858

NATIONAL TREASURY EMPLOYEES UNION
1750 H Street, NW
Washington, DC 20006
(202) 572-5500

July 28, 2008                    Attorneys for Plaintiff