IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAIME RAMIREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-65 (GK) |
| ) | |
| UNITED STATES CUSTOMS ) | |
| AND BORDER PROTECTION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY

Defendants, by and through undersigned counsel, hereby move pursuant to Federal Rule of Civil Procedure 26(c) for a protective order staying discovery until this Court rules on defendants' pending Motion to Dismiss Plaintiff's Second Amended Complaint for Lack of Subject Matter Jurisdiction. The basis for this motion is set forth in the attached Memorandum of Points and Authorities. A proposed order is also submitted herewith. Government counsel has consulted with plaintiff's counsel, who opposes this motion.

Dated: August 22, 2008

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General
JEFFREY A. TAYLOR
United States Attorney
SUSAN K. RUDY (D.C. Bar # 369112)
Assistant Branch Director

 /s/ Kyle R. Freeny
JOHN P. HELM                          KYLE R. FREENY (Cal. Bar # 247857)
Associate Chief Counsel               Trial Attorney, U.S. Department of Justice
LINDSAY B. KAY                        P.O. Box 883, Washington, DC  20044
Attorney                              Telephone: (202) 514-5108
Office of the Chief Counsel           Facsimile:  (202) 616-8470 (fax)
U.S. Customs and Border Protection    Email:  Kyle.Freeny@usdoj.gov
*Of Counsel*                          *Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAIME RAMIREZ, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:07-65 (GK) |
| UNITED STATES CUSTOMS AND BORDER PROTECTION, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Defendants were under no obligation to respond to the discovery requests that are the subject of plaintiff's Motion to Compel, because they were served prematurely in contravention of Federal Rule of Civil Procedure 26(d). Moreover, it is neither practicable nor in the interests of judicial economy to commence with discovery before this Court has resolved defendants' pending Motion to Dismiss. Resolution of that motion, which raises substantial challenges to the Court's subject matter jurisdiction over all of plaintiff's claims, should obviate the need for any discovery in this case.

This Court undoubtedly has discretion to defer discovery until it has ruled on defendants' pending dispositive motion, and it should exercise that discretion to prevent the unnecessary expenditure of time and energy that would be required to engage in discovery, as this expenditure may be rendered unnecessary by the Court's jurisdictional rulings. For these reasons, defendants

oppose plaintiff's Motion to Compel[1] and cross-move pursuant to Rule 26(c) for a protective order to stay discovery pending the outcome of their motion to dismiss.

## BACKGROUND

Plaintiff is a federal law enforcement officer with U.S. Customs and Border Protection (CBP), responsible for inspecting vehicles, cargo, and individuals transiting across the border between Mexico and Presidio, Texas. Plaintiff sought permission from CBP to serve as a member of the Presidio City Council, having been elected to that position by many of the same people who regularly pass through the border he is responsible for monitoring. CBP concluded that plaintiff's service as a political representative would create an appearance of a conflict of interest with his official responsibilities and his duty of impartiality. CBP therefore instructed him to resign either his City Council seat or his position as a CBP officer. Plaintiff filed this lawsuit, which challenges CBP's decision under both the Administrative Procedure Act (APA) and the First Amendment. The Court granted preliminary injunctive relief on March 12, 2007. Shortly before plaintiff's 2006-2008 term of office expired, he filed a new request for permission to serve another term on the City Council, and that request was again denied. Plaintiff filed an amended complaint on April 1, 2008, to add a challenge to the most recent denial of his request for permission to serve in office. CBP has taken no action against plaintiff, who continues to serve as both a federal law enforcement official and a representative of Presidio.

On May 1, 2008, defendants moved to dismiss plaintiff's amended complaint for lack of subject matter jurisdiction. In that motion, defendants demonstrate that plaintiff cannot raise any

---

[1] Defendants take no position on plaintiff's motion, in the alternative, for oral argument on the pending Motion to Dismiss.

of his claims in district court, because he has not raised them through the administrative procedures set forth in the Civil Service Reform Act (CSRA), Pub. L. No. 95-454, 92 Stat. 1111 (1978). In providing a carefully-crafted remedial framework under the CSRA, Congress foreclosed parties from seeking immediate relief from the court system. Defendants have shown that because plaintiff has failed to raise his grievance under the collective bargaining agreement that covers him, he cannot raise any of his claims here. Additionally, defendants point out that plaintiff's challenge to the 2006 order denying his request to serve a now-expired term of office is no longer properly before this Court because it is moot. Defendants' motion to dismiss is fully briefed and awaiting decision.

On June 18, 2008, plaintiff served defendants with two requests for production and two interrogatories, each with multiple sub-parts. See Docket Entry (D.E.) 38-4. Plaintiff did not seek any discovery into the circumstances surrounding the relevant 2008 order denying his request for permission to serve on the City Council, presumably because the materials that formed the basis of CBP's decision would – if the case proceeds beyond the motion to dismiss – be filed as part of the administrative record in this case, without the need for discovery. Instead, plaintiff sought discovery relating to other individuals who sought to serve or did serve in non-partisan office while employed by CBP, regardless of location and as far back as 1981. Id. At the time plaintiff served the discovery requests, the parties had not conferred under Rule 26(f) with respect to plaintiff's amended complaint. Defendants responded by letter dated July 9, 2008, stating that discovery was premature under Rule 26(d) because the parties had not conferred, and that a 26(f) conference was not practicable at that time in light of defendants' pending motion to dismiss. See Exhibit A (attached). On July 28, 2008, plaintiff moved to

compel defendants to respond to the discovery requests that had been served and to confer with plaintiff under Rule 26(f) notwithstanding the pending dispositive motion.

## ARGUMENT

### I. Plaintiff's Discovery Requests Were Premature

As an initial matter, plaintiff was not entitled to a response to the discovery requests served on June 18, 2008, see D.E. 38-4, because they were premature. Generally, a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). At the time the discovery requests were served, the parties had not yet held a Rule 26(f) conference, and plaintiff waited until then to request such a conference. Nor were the parties required to have conferred under Rule 26(f) by that point, as the Court had not yet scheduled a case management conference, the event that typically triggers a Rule 26(f) obligation.[2] See Fed. R. Civ. P. 26(f)(1). The Court's decision not to set a case management conference is entirely reasonable in light of defendants' pending motion to dismiss. See Meier v. Green, No. 07-CV-11410, 2007 U.S. Dist. LEXIS 43058, at *10-11 (D. Mich. June 14, 2007) (deferring scheduling conference until after motion to dismiss is resolved).

Because plaintiff's discovery requests were served in contravention of Rule 26(d)(1), defendants were under no obligation to respond. See Fed. R. Civ. P. 26(d); see also Seales v. Panamanian Aviation Co., No. CV-07-2901, 2008 U.S. Dist. LEXIS 14429, at *2 n.2 (E.D.N.Y.

---

[2] Plaintiff's apparent belief that he was entitled to serve discovery on June 18, in the midst of briefing on the defendants' motion to dismiss, is further undermined by the Court's denial of a similar request to that effect: plaintiff proposed to commence a 60-day discovery period immediately following the filing of defendants' motion to dismiss, see Plaintiff's Motion to Reset the Discovery Deadline and Briefing Schedule, D.E. 30 at 5, a proposal that the Court declined to adopt, see March 27, 2008 Order Granting in Part and Denying in Part Motion to Reset the Discovery Deadline and Briefing Schedule.

Feb. 26, 2008). Defendants' motion to compel responses to these improper requests is therefore without basis.[3]

## II.  Discovery Should Be Deferred Until the Court Has Resolved Defendants' Pending Motion to Dismiss for Lack of Jurisdiction

Not only were plaintiff's initial interrogatories and requests for documents premature, but discovery in general is not appropriate in this case until threshold jurisdictional issues have been resolved. Until the Court rules on defendants' pending motion to dismiss, "defendant[s] should not be put to the trouble and expense of any further proceeding, and the time of the court should not be occupied with any further proceeding. . . ." See United Transp. Serv. Employees of Am., CIO v. Nat'l Mediation Bd., 179 F.2d 446, 454 (D.C. Cir. 1949).

This Court undoubtedly has the discretion to defer discovery until it has ruled on defendants' motion to dismiss. Rule 26 "'vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.'" Watts v. Sec. & Exch. Comm'n, 482 F.3d 501, 507 (D.C. Cir. 2007), quoting Crawford-El v. Britton, 523 U.S. 574, 598 (1998). Courts routinely exercise this discretion to stay discovery where it appears that a pending dispositive motion may make discovery unnecessary. See, e.g., Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987); B.R.S. Land Investors v. United States, 596 F.2d 353, 356 (9th Cir. 1979); Patterson v. U.S. Postal Serv., 901 F.2d 927, 929 (11th Cir. 1990). This Court "should not hesitate to exercise appropriate control over the discovery process," Herbet v. Lando, 441 U.S. 153, 177 (1979), by deferring discovery in this case, including completion of the Rule 26(f)

---

[3] Were this Court inclined to grant plaintiff's motion to compel responses to these discovery requests, defendants would nevertheless be entitled to respond with appropriate objections, as objections to premature discovery are not waived for failure to respond. See Seales, 2008 U.S. Dist. LEXIS 14429, at *2 n.2.

conference. See Meier, 2007 U.S. Dist. LEXIS 43058, at *10-11.

A stay of discovery is particularly warranted here because defendants' motion challenges the Court's subject matter jurisdiction. See, e.g., Orchid Biosciences, Inc., v. St. Louis Univ., 198 F.R.D. 670, 675 (S.D. Cal. 2001). "'Without jurisdiction the court cannot proceed at all in any cause,'" other than to "'announc[e] the fact and dismiss[]'" the case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998), quoting Ex parte McCardle, 74 U.S. 506, 514 (1869). "It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters." U.S. Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79-80 (1988); see also Jarvis, 833 F.2d at 155 (discovery "only appropriate where there are factual issues raised" by dispositive motion). Plaintiffs have not contended – nor can they plausibly contend – that the discovery they seek is relevant to defendants' pending jurisdictional challenge, which has been fully briefed without the need for factual development.

Defendants have raised a substantial legal challenge to this Court's jurisdiction over both the statutory and constitutional claims brought by plaintiff, rooted in the principle that the CSRA "precludes district courts from taking jurisdiction over CSRA-related claims." Steadman v. Governor, U.S. Soldiers' and Airmen's Home, 918 F.2d 963, 967 (D.C. Cir. 1990). As defendants set forth in detail in the briefing on their motion to dismiss, plaintiff's claims fall "within CSRA's ambit," Spagnola v. Mathis, 859 F.2d 223, 227 (D.C. Cir. 1988), because they are redressable under the negotiated grievance procedures of the collective bargaining agreement (CBA) applicable to plaintiff. Plaintiff's failure to pursue his grievances under the CBA forecloses him from doing so in this Court, even with respect to his constitutional claim. See

Whitman v. Dep't of Transp., No. 3:02-cv-0112-RRB (D. Ak. May 30, 2008) (D.E. 37-2); see also Steadman, 918 F.2d at 968.  In addition, the expiration of Ramirez's 2006-2008 term of office mooted the agency's denial of permission with respect to that term, depriving this Court of jurisdiction to review it.  See Honig v. Doe, 484 U.S. 305, 317 (1988).

    Notwithstanding the strength of defendants' motion to dismiss, this Court need not conclude that the motion will be successful in order to grant a stay of discovery.  A stay of discovery is appropriate whenever a court can conclude that a defendant's pending motion "does not appear to be without some degree of foundation in law and there is a possibility that defendant may prevail."  Ameritel Inns v. Moffat Bros., No. CV 06-359, 2007 U.S. Dist. LEXIS 44900, at *12 (D. Id. June 20, 2007); see also GTE Wireless, Inc. v. Qualcomm, Inc., 192 F.R.D. 284, 287 (S.D. Cal. 2000).  Despite plaintiff's suggestion to contrary, this Court's initial conclusion that it had jurisdiction to issue a preliminary injunction does not foreclose it from finding a want of jurisdiction now.  Federal courts have an ongoing obligation to rectify a failure of subject matter jurisdiction identified at any time during the proceedings.  Fed. R. Civ. P. 12(h). The fact that another district court recently adopted the same position advanced by defendants in their motion to dismiss,[4] see Whitman, No. 3:02-cv-0112 (D.E. 37-2), alone provides "substantial

---

[4] In his Memorandum in Support of His Motion to Compel, D.E. 39, plaintiff attempts to discount the persuasive value of the recent Whitman decision, which held that "the CSRA's comprehensive nature" precludes initial judicial review of employees' constitutional grievances. Id., Slip Op. at 7.  Plaintiff does so not by confronting the merits of that decision, which are grounded in the courts' time-tested understanding of the CSRA, but rather by disparaging it.  In plaintiff's view, the opinion is "devoid of any independent reasoning by the judge," because it adopts the reasoning of the government-defendants in that case. See Pls. Br. at 6.  This attack is utterly without merit.  Not only is it routine for courts to rely on the well-reasoned arguments advanced by one party or another, but plaintiff's proposed order in connection with his Motion to Compel asks the Court to do that very same thing – grant his motion "for the reasons stated in" his brief.  See Proposed Order, D.E. 38-2.

grounds" for defendants' dispositive motion, and by extension, for a stay of discovery pending its resolution. See Johnson v. N.Y. Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Moreover, the defects in plaintiff's claims cannot be cured though simple amendment of the complaint.

### III. Deferring Discovery Is in the Interests of Judicial Economy and Would Not Prejudice Plaintiff

Deferring the initiation of discovery until after this Court decides whether it has jurisdiction to hear plaintiff's claims would prevent unnecessary expenditure of both parties' resources and would cause minimal prejudice to plaintiff, if any. Considered together with the substantial likelihood that defendants will prevail on their motion to dismiss and discovery will be rendered unnecessary, the balance of harms weigh heavily in favor of granting a limited stay of discovery in this case.

Immediate discovery in this case would unnecessarily burden parties and non-parties alike. Most obviously, "[s]hould Defendant[s] prevail on [their] motion to dismiss, any effort expended in responding to merits-related discovery would prove to be a waste of both parties' time and resources." Orchid Biosciences, 198 F.R.D. at 675. Because a ruling on defendants' motion to dismiss will likely obviate the need for discovery in this case, a stay would save the time and resources of the parties as well as the Court. See Scroggins v. Air Cargo, Inc., 534 F.2d 1124, 1133 (5th Cir. 1976). And even if this Court were to grant defendants' motion to dismiss only in part, e.g. on grounds of mootness, the commencement of discovery prior to that ruling would result in unnecessary discovery, as plaintiff has indicated that he seeks to depose Luis Garcia to inquire into the circumstances of the agency's 2006 decision that is no longer properly

before this Court. See Pl. Br. at 4.

A short stay of discovery will not meaningfully prejudice plaintiff. In light of the Court's entry of a preliminary injunction with respect to plaintiff's prior complaint, defendants have agreed not to take any action against plaintiff for continuing to serve on the city council, notwithstanding their position that it presents an apparent conflict of interest with his obligations as an impartial law enforcement officer. Thus, even if a stay were to delay the ultimate conclusion of these proceedings by a short period, it would not impair plaintiff's interests, which will remain protected by the preliminary injunction throughout.

Moreover, it is not apparent that any discovery is necessary to the development of the claims in this case, further minimizing the burden to plaintiff from a stay. Plaintiff is certainly not entitled to any discovery on his APA claim. See Citizens to Preserve Overton Park, Inc., v. Volpe, 401 U.S. 402, 420 (1971); Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-744 (1985). It is not at all clear that discovery would even be necessary or appropriate on his constitutional claim, especially since plaintiff has not alleged that any invidious motivation animated the challenged decision. See, e.g., Islamic Am. Relief Agency v. Gonzales, 477 F.3d 728, 737-38 (D.C. Cir. 2007) (upholding denial of discovery on constitutional challenge to agency action); Overton Park, 401 U.S. at 420 ("inquiry into the mental processes of the administrative decisionmakers is usually to be avoided").

The discovery requests that plaintiff has served to date, see D.E. 38-4, are entirely irrelevant to his constitutional claim, as they seek information about other CBP employees whose rights are not at issue in this case. The agency's decisions with respect to other employee requests across the country have no bearing on whether the decision at issue here violates

plaintiff's First Amendment rights.[5] Given the "infinite variety of factual circumstances" in which a federal employee's asserted First Amendment interests might clash with the government's reasonable interest in workplace efficiency and public confidence in government, resolution of such claims requires "an identification and weighing of competing interests *on a case-by-case basis*." McEvoy v. Spencer, 124 F.3d 92, 98 (2d Cir. 1997) (emphasis added and internal quotations omitted); Rodriguez v. Munoz, 808 F.2d 138, 147 (1st Cir. 1986). Plaintiff's request for any and all "guidance" or "policies" on outside employment, regardless of whether applicable to plaintiff, see D.E. 38-4 at 7, is similarly wide of the mark, as plaintiff does not have standing to challenge policies that were not applied to him. See, e.g., Citizens Concerned About Our Children v. School Bd., 193 F.3d 1285, 1290 (11th Cir. 1999). The record of the agency's decision from which plaintiff alleges injury will be the "focal point" of the Court's inquiry, and no discovery will be necessary to obtain it. See Camp v. Pitts, 411 U.S. 138, 142 (1973).

Put simply, plaintiff cannot be prejudiced from the deferral of discovery to which he is not entitled. Cf. Giesler v. Merit Sys. Prot. Bd., 686 F.2d 844, 849 (10th Cir. 1982) (upholding denial of discovery into disciplinary decisions with respect to other employees); Bishop v. Aronov, 926 F.2d 1066, 1071-72 (11th Cir. 1991) (fact that university did not limit speech of other professors not relevant to alleged infringement of plaintiff's rights). A stay of discovery would also save the parties and the Court from expending unnecessary time and energy resolving the proper contours of discovery before the Court has even determined that it can proceed to the merits of plaintiff's claims.

---

[5] Notably, plaintiff does not challenge a law or regulation, or even an overarching policy. Rather, he challenges the agency's *application* of a general policy against conflicts of interest *to the circumstances in his case.*

Even if plaintiff were entitled to the discovery he seeks with respect to other CBP employees, that discovery implicates the interests of those employees "in preserving the confidentiality of sensitive information contained in [their] personnel files." See Detroit Edison Co. v. NLRB, 440 U.S. 301, 318 n.16 (1979); see also Am. Fed'n of Gov't Employees v. Def. Gen. Supply Ctr., 423 F. Supp. 481, 485 (E.D. Va. 1976) (noting that records of employee disciplinary actions sought by union "could well prove to be embarrassing or injurious if publically disclosed"). Although an appropriate Privacy Act protective order may ameliorate these concerns and permit the disclosure of covered materials, fashioning such an order would consume additional time and energy that may prove wasted if this Court ultimately grants defendants' motion to dismiss. The delicate work of safeguarding non-parties' privacy interests during discovery should be deferred until it is clear that discovery will be necessary.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion to Compel should be denied and defendants' Motion for Protective Order to Stay Discovery should be granted.

Dated: August 22, 2008

GREGORY G. KATSAS
Assistant Attorney General
JEFFREY A. TAYLOR
United States Attorney
SUSAN K. RUDY (D.C. Bar # 369112)
Assistant Branch Director

 /s/ Kyle R. Freeny

JOHN P. HELM
Associate Chief Counsel
LINDSAY B. KAY
Attorney
Office of the Chief Counsel
U.S. Customs and Border Protection
*Of Counsel*

KYLE R. FREENY (Cal. Bar # 247857)
Trial Attorney, U.S. Department of Justice
P.O. Box 883, Washington, DC  20044
Telephone: (202) 514-5108
Facsimile:  (202) 616-8470 (fax)
Email:  Kyle.Freeny@usdoj.gov
*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAIME RAMIREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:07-65 (GK) |
| | ) |
| UNITED STATES CUSTOMS | ) |
| AND BORDER PROTECTION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# Exhibit A



**U.S. Department of Justice**

Civil Division, Federal Programs Branch

| Via First-Class Mail | Via Overnight Delivery |
|---|---|
| P.O. Box 883 | 20 Massachusetts Ave., N.W. |
| Ben Franklin Station | Rm. 7138 |
| Washington, D.C. 20044 | Washington, D.C. 20001 |

Steven Y. Bressler  
Trial Attorney

Tel: (202) 514-4781  
Fax: (202) 318-7609  
email: *steven.bressler@usdoj.gov*

July 9, 2008

BY EMAIL AND FIRST CLASS MAIL

Robert H. Shriver, III  
Assistant Counsel  
National Treasury Employees Union  
1750 H St., NW  
Washington, DC 20006  
Rob.Shriver@NTEU.org

    Re:    Ramirez v. U.S. Customs and Border Protection, et al., Civ. No. 07-65 (GK) (D.D.C.)

Dear Rob:

    Defendants have received plaintiff's "First Set of Interrogatories and Document Requests" concerning the claims in plaintiff's Second Amended Complaint in the above-captioned case. The Federal Rules of Civil Procedure provide that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)" or in other limited circumstances not applicable here. See Fed. R. Civ. P. 26(d)(1). Because the parties have not met and conferred under Rule 26(f) concerning plaintiff's pending claims, plaintiff's written discovery is improper and defendants will not respond to it at this time.

    Moreover, it is neither practicable nor appropriate for the parties to meet and confer pursuant to Rule 26(f) while defendants' Rule 12(b)(1) Motion to Dismiss the Second Amended Complaint for Lack of Subject Matter Jurisdiction is pending. That Motion is now fully briefed and before the Court, and defendants' threshold jurisdictional arguments are substantial. Indeed, as you know, the District of Alaska recently accepted similar arguments in dismissing a complaint against another federal agency in Whitman v. Dep't of Transportation, Civ. No. 3:02-0112-RRB (D. Ak.). Unless and until the Court rules that it does, in fact, have subject matter jurisdiction over plaintiff's claims in this action, "defendant[s] should not be put to the trouble and expense of any further proceeding, and the time of court should not be occupied with any further proceeding." United Transport Serv. Employees of America, CIO v. Nat'l Mediation Bd., 179 F.2d 446, 454 (D.C. Cir. 1949).

    Please let me know if you would like to discuss this matter further.

Sincerely yours,

Steven Y. Bressler

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAIME RAMIREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-65 (GK) |
| ) | |
| UNITED STATES CUSTOMS ) | |
| AND BORDER PROTECTION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**[Proposed] ORDER**

UPON CONSIDERATION of defendants' Motion for Protective Order to Stay Discovery, plaintiff's Motion to Compel, and all memoranda and exhibits submitted in support thereof or opposition thereto, it is hereby

ORDERED that defendants' Motion for Protective Order to Stay Discovery is GRANTED; and it is

ORDERED that plaintiff's Motion to Compel is hereby DENIED; and it is

FURTHER ORDERED that all discovery in this action shall be stayed until further order of this Court after a ruling on defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for Lack of Subject Matter Jurisdiction.

SIGNED and ENTERED this ___ day of _____, 2008.

_____
The Honorable GLADYS KESSLER
Senior United States District Judge