IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAIME RAMIREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-cv-65 (GK) |
| | ) | |
| U.S. CUSTOMS AND BORDER PROTECTION, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO COMPEL AND IN OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

The government has offered identical arguments in opposition to Ramirez's motion to compel and in support of its motion for a protective order. This memorandum thus serves both as Ramirez's reply in support of his motion to compel and as his opposition to the government's motion for a protective order.

**1.** The government argues (at 4-5) that any discovery would be premature because the parties have not met and conferred pursuant to Federal Rule 26(f). No Rule 26(f) meeting has taken place because, as the letter attached to the government's memoranda states, the government has refused Ramirez's request to hold this meeting.[1] That is why Ramirez's

---

[1] The fact that the Court has not yet scheduled a case management conference does not excuse the government from participating in a Rule 26(f) conference. See Gov't Mem., at 4. Rule 26(f)(1) plainly permits the parties to meet and confer prior to the Court's setting of a scheduling conference, as it requires the parties to meet and confer "as soon as practicable--and in any

motion asked the Court to order the government, first, to meet and confer and then, within 30 days of the date that the parties meet and confer, to respond to Ramirez's discovery requests. See Proposed Order filed with Ramirez's July 28, 2008 Motion To Compel.  The government thus seeks to benefit from its own unjustified action--its refusal to participate in a Rule 26(f) meeting--to characterize Ramirez's discovery requests as premature.  If the Court were to accept the government's position, then any defendant could defer discovery merely by refusing to meet and confer pursuant to Rule 26(f).  That result is contrary to the Federal Rules' liberal approach to discovery in civil actions.[2]

    **2.**    The government also contends that discovery should be stayed because it has challenged the subject-matter jurisdiction

---

event at least 21 days before a scheduling conference is to be held."  See Fed. R. Civ. Proc. 26(f)(1).

[2] Ramirez's discovery requests are not inconsistent with the Court's March 27, 2008, order.  Following the March 6, 2008 denial of Ramirez's request for authorization to serve a new term on the Presidio City Council, Ramirez proposed a schedule for submitting and briefing a motion for leave to file a second amended complaint, as well as for discovery and briefing of cross—motions for summary judgment.  The government opposed on the ground that it had not determined whether it would submit a motion for summary judgment in response to Ramirez's second amended complaint.  The Court then granted Ramirez's motion insofar as it established a schedule for addressing the motion for leave to file a second amended complaint, and denied the rest of the motion.  Nothing in that order, though, is inconsistent with Ramirez initiating discovery at the time he did, after the government had responded to the second amended complaint.

2

of this Court. As shown in our opening memorandum (at 3-6), however, the mere pendency of a motion to dismiss does not require a stay of discovery. Otherwise, the Federal Rules would so provide.

Moreover, as also mentioned in our opening memorandum (at 5), a stay would be particularly inappropriate in this case because this Court has previously rejected the government's jurisdictional argument. This fact distinguishes this case from the cases cited in the government's memoranda (at 6-8). Rather than considering the government's jurisdictional argument for the first time, as the courts were doing in the cases on which the government relies, the Court will be revisiting the government's arguments yet again in resolving its new motion to dismiss. The government cites to no case in which a court stayed discovery while it reconsidered a jurisdictional defense it had previously rejected.

In support of its argument that a stay is appropriate, the government relies heavily on an intervening decision issued by the United States District Court of Alaska. See Whitman v. Dep't of Transp., No. 3:02-cv-0112-RRB (D. Ak. May 30, 2008). We showed in our opening memorandum (at 6) that Whitman should be given no persuasive value by this Court. Not only is the decision analytically wrong (as shown in our opposition to the government's motion to dismiss, submitted on May 30, 2008), but

3

it cites to virtually no legal authority.  Indeed, this is the first judicial decision that we have encountered that not only extensively quotes from the government's briefs, but actually cites exclusively to them as the authority for its conclusions, treating the briefs as if they had the force of judicial precedent.  Though this Court is free to consider whether <u>Whitman</u> has any persuasive value in reconsidering the government's jurisdictional arguments, a decision totally bereft of any independent analysis should not serve as a basis to stay discovery in the meantime.

    3.    The government lastly contends (at 9) that the discovery sought by Ramirez is irrelevant.  That contention is totally without merit.

As shown in our opening memorandum (at 6-7), Ramirez seeks limited discovery about other employees nationwide of U.S. Customs and Border Protection (CBP) and about employees of CBP's predecessor agencies in Presidio, Texas, who have served on nonpartisan elected bodies.  These employees are similarly situated to Ramirez and the facts surrounding their service on such bodies--and the government's position regarding such service--are directly relevant to Ramirez's claims.

The government has contended that Ramirez's service on the Presidio City Council creates a real or apparent conflict of interest.  The experiences of other similarly situated employees

4

are obviously and directly relevant to that issue: if CBP or its predecessor agencies has approved of other employees serving on nonpartisan elected bodies such as the Presidio City Council, the reasonableness of its claim that Ramirez's service on the City Council creates an impermissible conflict of interest would be called into question. Essentially, Ramirez's discovery requests seek to test the legitimacy of the asserted governmental interests. This is obviously relevant to his First Amendment claims.[3]

Ramirez's opening memorandum (at 7) also noted his plans to depose the two CBP officials who advised Ramirez that he could not serve on the City Council. The government has argued that Ramirez's claims with respect to the December 22, 2006, notification from then-Director of Field Operations Luis Garcia is moot, and that it would therefore be improper to depose him. Ramirez has shown that his claims with respect to that notice are not moot. But even if they were moot, Mr. Garcia's decision remains relevant to Ramirez's claims.

---

[3] The government argues that discovery is not appropriate because Ramirez has not alleged that any "invidious motivation animated the challenged decision." See Gov't Mem., at 9. The possibility that invidious motivation animated the decision to deny approval to Ramirez is yet another reason to permit discovery. Ramirez has no knowledge of what motivated CBP to reverse its previous decision to permit him to serve on the City Council. The discovery he seeks would permit him to probe that issue. If he learns that there was an invidious motive, he would seek leave of the Court to amend his complaint to include allegations on that issue.

5

Ramirez has alleged that Mr. Garcia's letter of December 22, 2006, revealed a change in CBP policy concerning service on nonpartisan elected bodies.[4]  It is undisputed that prior to that notice, CBP had authorized Ramirez to serve on the City Council. CBP's denial of Ramirez's request to serve a new term on the City Council beginning in May 2008 incorporated the reasoning of the December 22, 2006 denial and flowed from the change in policy that letter announced.  The change in policy is significant to the merits of Ramirez's claims, as the Court noted at the preliminary injunction stage.  See Ramirez v. CBP, 477 F. Supp. 2d 150, 157-158 (D.D.C. 2007) ("The Government offers no evidence of what problems, situations, or concerns justify the change in policy.")  Ramirez, therefore, is entitled to discovery concerning that change in policy.

---

[4] The government incorrectly states (at 10 n.5) that Ramirez is not challenging a policy, but only the application of the conflicts of interest policy to him.  Ramirez has maintained from the beginning of this litigation that he is challenging a CBP policy governing service of CBP Officers on nonpartisan, elected bodies.  See Pl. Memo. of Points and Auth. in Support of His Application for a Prelim. Inj., at 21.  He seeks discovery, in part, to confirm or deny the existence of such a policy.

## CONCLUSION

For the foregoing reasons, plaintiff Ramirez respectfully requests that the Court grant his motion to compel the government to meet and confer with him pursuant to Rule 26(f) and to respond to his discovery requests within 30 days of any such meeting. If the Court denies Ramirez's motion to compel, Ramirez alternatively requests that it schedule oral argument on the government's motion to dismiss.

>Respectfully submitted,
>
>/s/ Gregory O'Duden
>GREGORY O'DUDEN
>General Counsel
>D.C. Bar No. 254862
>
>/s/ Elaine Kaplan
>ELAINE KAPLAN
>Senior Deputy General Counsel
>D.C. Bar No. 292441
>
>/s/ Barbara A. Atkin
>BARBARA A. ATKIN
>Deputy General Counsel
>D.C. Bar No. 225797
>
>/s/ Robert H. Shriver, III
>ROBERT H. SHRIVER, III
>Assistant Counsel
>D.C. Bar No. 456858
>
>NATIONAL TREASURY EMPLOYEES UNION
>1750 H Street, NW
>Washington, DC 20006
>(202) 572-5500

September 4, 2008                Attorneys for Plaintiff